UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| UNITED STATES OF AMERICA, | ) <br> ) <br> ) |
| v. | ) Case No. 1:21-cr-175 <br> ) |
| ETHAN NORDEAN, et al., | ) **Judge Timothy J. Kelly** <br> ) |
| Defendants. | ) <br> ) |

**DEFENDANT NORDEAN'S NOTICE OF GOVERNMENT'S VIOLATION OF THE
DUE PROCESS PROTECTIONS ACT AND LOCAL CRIMINAL RULE 5.1**

The Due Process Protections Act (DPPA), P.L. No. 116-182, signed on October 21, 2020, amended Federal Rule of Criminal Procedure 5 to require district courts to issue, at the first court appearance in every criminal case, an order confirming the prosecutor's disclosure obligations under *Brady v. Maryland*, 373 U.S. 83 (1963) and its progeny. Fed. R. Crim. P. 5(f)(1). That order was entered in this case on March 4, requiring the government to comply with the provisions in Local Criminal Rule 5.1. The order states that "the failure to comply could result in dismissal of the indictment or information, dismissal of individual charges, exclusion of government witnesses, continuances, bar discipline, or any other remedy that is just under the circumstances." Minute Order, Mar. 4, 2021.

Local Criminal Rule 5.1 provides that "the government shall disclose to the defense all information 'favorable to the accused' that is 'material either to guilt or to punishment'" under *Brady* and that "is known to the government." LCrR 5.1(a). It also provides that "*Beginning at the defendant's arraignment* and continuing throughout the criminal proceeding, the government shall make good-faith efforts to disclose such information to the defense *as soon as reasonably*

1

*possible after its existence is known, so as to enable the defense to make effective use of the disclosed information in the preparation of its case.*" *Id.* (emphasis added).

The material covered by Rule 5.1 includes any "Information that is inconsistent with or tends to negate the defendant's guilt as to any element . . .of the offense(s) with which the defendant is charged." LCrR 5.1(b)(1).  Accordingly, whereas before DPPA's enactment in October 2020 and the addition of Local Rule 5.1 there may have been some argument that the government did not have an obligation to produce *Brady* material following arraignment and in time for a bail hearing, *see, e.g.*, *United States v. Gonzalez*, 2020 U.S. Dist. LEXIS 38236, at *10 (D.D.C. Mar. 5, 2020), that argument is now explicitly foreclosed by Rule 5.1 ("*Beginning at the defendant's arraignment. . .*").  LCrR 5.1(a) (emphasis added).

Here, the Court revoked Nordean's release order on the basis of a finding that the conspiracy charge filed against him was "strong" and that clear and convincing evidence showed that Nordean posed an unmitigable threat to public safety because he "can produce events that draw large numbers of people, including Proud Boys . . . Even if the election has passed, politics has not." Hr'g Trans., 4/19/21, p. 55:6-18.

Today, the government produced for the first time additional Telegram messages extracted from Nordean's phone.  The government provided no explanation as to why they were produced after the hearing on its third detention motion and not beforehand.[1]  Like the Telegram chats it used to support detention, today's production was drawn from the same device

---

[1] On March 25, Nordean requested that the government produce, at least by March 30, Telegram chats on Nordean's phone sent and received between 1/4/21 and 1/8/21.  Nordean did not say that no other chats should be produced, nor did he waive any right to *Brady* material of which the government was aware.  On March 9, Nordean served a discovery letter on the government seeking all of the defendant's statements and requesting that *Brady* material be produced according to the schedule in Rule 5.1.

2

(Nordean's phone), the same app (Telegram), and only postdate by some days the chats the government used to detain Nordean. In reviewing the following chats, the Court may recall that because the Telegram messages are encrypted and, according to the government, "designed to evade law enforcement," the government would have the Court believe the app users are speaking candidly in Telegram.

One chat the government produced, following the detention hearings, contains Nordean commenting, in encrypted communications with a fellow Proud Boy member, on the FBI affidavit upon which Defendant Biggs was arrested. On January 20, Nordean writes, "This FBI affidavit for Biggs, its of course a steaming pile of dog shit that tries to make it seem like the capital shit was planned":

> From: 573782641 Rufio Panman (owner)
> This FBI affidavit for Biggs, its of course a steaming pile of dog shit that tries to make it seem like the capital shit was planned
> https://extremism.gwu.edu/sites/g/files/zaxdzs2191/f/Joseph%20Randall%20Biggs%20Affidavit%20in%20Support%20of%20Criminal%20Complaint.pdf
> 1/20/2021 11:17:13 AM(UTC-8)

In another chat produced today for the first time, another Proud Boys member, reviewing the events of January 6, makes two relevant comments to Nordean and others. First, he suggests that the members in the chat—including Nordean and Biggs—had no coordination with the actions of Dominic Pezzola, who the government falsely alleges is a co-conspirator of the defendants here. "Looks like only 2 guys did anything legally bad, that spazzo and guiswien guy." The government contends a person referred to in the Telegram Proud Boys chats as "that guy," whose actions the members learn about through reading press reports, is a co-conspirator of the chatters. This commenter then paints a picture of no coordination between the Proud Boys on January 6:

3



Similarly, another chat produced today for the first time shows a participant in the January 6 events reflecting afterward on the day: "Just a bunch of guys getting excited and obviously not planning shit.  Said anyone who yelled provocative shit will probably get charged but good luck making it into conspire whatever." Nordean then appears to repost the report inspiring the remark:



Another commenter in chats produced today for the first time wrote, on January 15, "The[] [press] were trying to make it out like we led the Trump rally to the capital, which obviously couldn't be further from the truth":



Reflecting on another press report, the same commenter said, on January 17, that some public figure "spoke of invading the GOP [and] the media took that and twisted it into saying we were planning on invading the capital":



Another member who was at the Capitol on January 6 remarks to Nordean, "I think you'd be in less trouble than me . . . They could take the time to make us 'domestic terrorists' but we are so not [that] I think it's actually not worth the legal gymnastics," to which Nordean concurs:



The chats produced today also show repeated comments from Nordean and others forswearing (1) politics generally, (2) rallying, and (3) "marching on capital buildings":

5

**From: 573782641 Ruflo Panman (owner)**

Ok so where it is. Apparently in Ohio there was a group taking pictures of the capital building and when approached and confronted by law enforcement they claimed to be the Proud Boys and said they were waiting for the rest of their guys to show up. FALSE. The Proud Boys are NOT going to be at any government buildings. Anything The Proud Boys do will be clearly announced as always. People are trying to set PB up to take the fall. THE PROUD BOYS ARE NOT MARCHING ON CAPITAL BUILDINGS. Proudboysusa.com has been hacked so nobody can even see the statements.

Nice fucking try assholes. Take your false flag somewhere else.

1/21/2021 10:54:34 AM(UTC-8)

**From: [redacted]**

That's the plan. I've left politics. We just have to build something so our side can matter again. May take a generation.

1/27/2021 4:13:54 PM(UTC-8)

**From: [redacted]**

I'm working on something.

1/27/2021 4:14:43 PM(UTC-8)

**From: 573782641 Ruflo Panman (owner)**

I agree. Fuck politics, build communities and local economy

1/27/2021 4:14:58 PM(UTC-8)

**From: [redacted]**

Almost none of my guys want to do rallies now

1/18/2021 11:39:04 AM(UTC-8)

6

> From: 573782641 Rufio Panman (owner)
> We are about to put a 3 month ban on rallies
> 1/21/2021 11:10:07 AM(UTC-8)

Source Info:
a57746c2128fd6117148d47ebb1077cdcd2691e_files_full.zip/private/var/mobile/Containers/Shared/AppGroup/237A3000-F861-47D7-64D1-511A2D9551F8/telegram-data/account-513625185310546B013/postbox/db/db_sqlite : 0x2D287A12 (Size: 573056976 bytes)

> From: 573782641 Rufio Panman (owner)
> And i bet a lot of dudes aren't going to rally anymore period
> 1/21/2021 11:10:38 AM(UTC-8)

Source Info:
a57746c2128fd6117148d47ebb1077cdcd2691e_files_full.zip/private/var/mobile/Containers/Shared/AppGroup/237A3000-F861-47D7-64D1-511A2D9551F8/telegram-data/account-513625185310546B013/postbox/db/db_sqlite : 0x2D287795 (Size: 573056976 bytes)

Given the bases on which the Court revoked Nordean's release order and the ease with which these messages could have been produced before the multiple detention hearings, it is grossly inappropriate, and a violation of the Rule 5.1 order, that the government produced these chats following the proceedings in which defendants could have made "effective use of the disclosed information." LCrR 5.1(a).

| | |
|---|---|
| Dated: April 29, 2021 | Respectfully submitted.<br>DAVID B. SMITH, PLLC<br><br>*/s/ David B. Smith*<br>David B. Smith (D.C. Bar No. 403068)<br>108 N. Alfred St.<br>Alexandria, VA 22314<br>Phone:(703)548-8911<br>Fax:(703)548-8935<br>dbs@davidbsmithpllc.com<br><br>Nicholas D. Smith (D.C. Bar No. 1029802)<br>7 East 20th Street<br>New York, NY 10003<br>Phone: (917) 902-3869<br>nds@davidbsmithpllc.com |

7

**Certificate of Service**

I hereby certify that on the 29th day of April, 2021, I filed the foregoing notice with the Clerk of Court using the CM/ECF system, which will send a notification of such filing (NEF) to the following CM/ECF user(s):

> Jim Nelson
> Assistant United States Attorney
> 555 4th Street, N.W., Room 4408
> Washington, D.C. 20530
> (202) 252-6986

And I hereby certify that I have mailed the document by United States mail, first class postage prepaid, to the following non-CM/ECF participant(s), addressed as follows: [none].

/s/ David B. Smith
David B. Smith, D.C. Bar No. 403068
David B. Smith, PLLC
108 North Alfred Street, 1st FL
Alexandria, Virginia 22314
(703) 548-8911 / Fax (703) 548-8935
dbs@davidbsmithpllc.com
*Counsel to Ethan Nordean*