UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | Case No. 21-CR-175-1 (TJK) |
| | : | |
| ETHAN NORDEAN | : | |
| | : | |
| Defendant. | : | |

**GOVERNMENT'S OPPOSITION TO DEFENDANT NORDEAN'S
MOTION TO COMPEL AND MOTION FOR A BILL OF PARTICULARS**

Defendant Ethan Nordean seeks relief in two forms: (1) an order compelling the government to produce evidence and (2) an order requiring the government to file a bill of particulars. ECF No. 88. For the reasons stated below, neither order is warranted, and the Court should deny defendant's motions.

*Background*

On February 2, 2021, the defendant was charged in a criminal complaint, supported by a 20-page affidavit, for offenses related to the January 6, 2021 attack on the U.S. Capitol. He was first indicted on March 3, 2021. On March 10, 2021, he and three co-defendants were charged in the 18-page First Superseding Indictment (hereinafter, "indictment") with conspiracy and other offenses. The indictment sets forth the alleged conspiracy in detail, identifying the conspirators' manner and means, asserting dozens of specific overt acts, and providing a clear and concise statement of the offenses charged.

In addition to the detailed indictment, the parties have engaged in extensive litigation regarding detention—in the district of defendant's arrest, before the Chief Judge in this district, before this Court, and before the D.C. Circuit. This litigation has involved extensive briefing and

several hours of oral argument regarding the nature and circumstances of the offenses charged, the conduct at issue, and the weight of the evidence against the defendant.

Furthermore, throughout the course of the detention litigation and pendency of this case, the government has provided the defendant (and co-defendants) with discovery, consistent with its obligations. Among other items produced to defendant Nordean are the full extracted contents of the defendant's phone, tens of thousands of pages of Telegram messages, several hours of video footage, and search warrant applications. Earlier today the government produced to the defendant an initial set of records from the FBI's investigative files. The government's production of additional discovery is ongoing, and the government anticipates providing materials seized from multiple other individuals who were present at the Capitol on January 6 in the near future.

To date, however, defendant Nordean has declined to voluntarily agree to the government's proposed protective order. As the Court is aware, on May 4, 2021, the Court entered a protective order governing discovery as to the other defendants in this case, each of whom had consented to the order. ECF No. 83. Defendant Nordean, however, did not consent. Owing to the government and defendant Nordean's inability to reach an agreement regarding the protective order, earlier today the government moved the Court to enter a protective order as to defendant Nordean with the same terms that apply to the other defendants. The government is prepared to provide certain additional materials to defendant Nordean immediately upon the entry of said protective order. Among the types of materials identified by the government, each of which the government believes require the protection of said order, are surveillance camera footage from inside the Capitol and repair estimates from the Architect of the Capitol. Pending entry of an order that protects certain evidence and information disclosed in discovery, the government intends to produce to defendant

Nordean additional materials, including certain data obtained from devices and accounts of the co-defendants, as well as records from the FBI's case files of those co-defendants.

*Legal Principles*

Rule 16(a)(1)(E) of the Federal Rules of Criminal Procedure requires that, upon the defendant's request, the government must disclose documents, among other things, that are "within the government's possession, custody, or control" and that are "material to preparing the defense." Rule 16(a)(1)(E); *see United States v. Libby*, 429 F. Supp. 2d 1, 7 (D.D.C. 2006). Apart from Rule 16, *Brady v. Maryland*, 373 U.S. 83 (1963), and its progeny require the disclosure of evidence "favorable to an accused" that is "material" to a defense or punishment. *Id.* at 87. And the government has "an affirmative duty to disclose exculpatory evidence to the defense, even if no request has been made by the accused." *United States v. Borda*, 848 F.3d 1044, 1066 (D.C. Cir. 2017). Furthermore, Local Rule 5.1 requires the government's "good-faith efforts" to disclose *Brady* information "as soon as reasonably possible after its existence is known, so as to enable the defense to make effective use of the disclosed information in the preparation of its case."

Under Federal Rule of Criminal Procedure 7(f), the Court "may direct the government to file a bill of particulars." The purpose of a bill of particulars, however, is "to ensure that the charges brought against a defendant are stated with enough precision to allow the defendant to understand the charges, to prepare a defense, and perhaps also to be protected against retrial on the same charges." *United States v. Butler*, 822 F.2d 1191, 1193 (D.C. 1987). If an indictment "is sufficiently specific, or if the requested information is available in some other form, then a bill of particulars is not required." *Id.*; *see United States v. Lorenzana-Cordon*, 130 F. Supp. 3d 172, 179 (D.D.C. 2015) (denying motion for bill of particulars and noting that the government had provided

3

extensive discovery that "allows Defendants to adequately prepare for trial").

A bill of particulars "is not a discovery tool or a devise for allowing the defense to preview the government's theories or evidence." *United States v. Ramirez*, 54 F. Supp. 2d 25, 29 (D.D.C. 1999); *see also United States v. Brodie*, 326 F. Supp. 2d 83, 91 (D.D.C. 2004) (same). Rather, a bill of particulars "is intended to give the defendant only that minimum amount of information necessary to permit the defendant to conduct his *own* investigation and not to provide the defendant with the fruit of the government's investigation." *United States v. Sanford Ltd.*, 841 F. Supp. 2d 309, 316 (D.D.C. 2012) (internal quotation marks and citation omitted, emphasis in original). Therefore, a bill of particulars "properly includes clarification of the indictment, not the government's proof of its case." *United States v. Martinez*, 764 F. Supp. 2d 166, 173 (D.D.C. 2011) (internal quotation marks and citation omitted); *United States v. Savoy*, 889 F. Supp. 2d 78, 115 (D.D.C. 2012) (same).

## *Argument*

Defendant's motion identifies several topics as to which he seeks either an order to compel production of evidence or an order requiring a bill of particulars, or both. The government addresses each topic below. As an initial matter, however, to the extent the defendant's filing seeks to challenge the indictment or the sufficiency of the evidence to support conviction, those challenges are properly brought in a pre-trial motion to dismiss under Fed. R. Crim. P. 12 or a motion during or after trial. Such motions are not yet before the Court. Accordingly, the government's opposition to the instant motion is intended simply to rebut defendant's claims for relief and should not be read as limiting the scope of the indictment or the evidence that may be relevant at trial.

A. Destruction of Property

Referencing Count 4 in the indictment, which charges all defendants with destruction of government property and aiding and abetting, the defendant claims (at 1-2, 7-8) that the indictment does not plead what property was destroyed or the value of that property, and that the government has not produced evidence to support the allegation. The defendant's claim warrants no relief.

As the government has previously noted, the indictment alleges that the defendant was part of a conspiracy, and his membership in that conspiracy gives rise to vicarious liability for offenses committed by other conspirators. For example, as alleged in paragraph 62 of the indictment, Proud Boys member Dominic Pezzola used a riot shield to break a window of the U.S. Capitol building. The government has identified Pezzola as a co-conspirator of the defendants in this case, and defendant Nordean is vicariously liable for Pezzola's destruction of the Capitol window, as alleged in the indictment.[1]

The government has produced in discovery evidence of Pezzola's destruction of the window as well as evidence linking Pezzola to the defendants in this case, and discovery remains ongoing. Indeed, as one example, the evidence in this case depicts co-defendant Donohoe carrying the stolen riot shield with Pezzola around the same time that Donohoe announced to the group, "got a riot shield." The government intends to produce discovery regarding the value of the property destroyed by Pezzola but is only authorized to do so under the protections provided by the government's proposed protective order.

---

[1]   To the extent that defendant asserts that the government has not specifically alleged that Pezzola is a co-conspirator, the government has specifically set forth its theory of liability in several pleadings, including most recently in ECF Nos. 84 and 87, and the indictment alleges that individuals known and unknown to the government acted as co-conspirators.

To be sure, there is other evidence in this case that the government believes is relevant to the destruction of property charge. In this opposition filing, however, the government is simply addressing why there is sufficient information in the indictment and the record in this case, as well as the discovery provided, to rebut the need for the relief sought by the defendant. Indeed, the defendant's complaint that the government has not produced evidence to support the charges against the defendant—or, specifically, to demonstrate an agreement between Pezzola and himself—appears to reflect the defendant's view that the evidence produced to date is insufficient to support the government's charge. But that is not a basis to compel the production of any particular discovery or to require a bill of particulars. Rather, that is an issue for trial.

B. <u>Civil Disorder</u>

The defendant's request for a bill of particulars regarding Count 3, which charges obstruction of law enforcement during a civil disorder and aiding and abetting, is similarly misplaced. As described herein, the government has provided and will continue to provide evidence that demonstrates the defendant's and his co-conspirators' conduct during the civil disorder on at the Capitol on January 6, 2021. To the extent that defendant seeks to challenge the indictment of the sufficiency of the evidence on this point, he can file a motion to dismiss and he can present his arguments at trial.

C. <u>UCC-1</u>

The defendant complains (at 2-3, 7) that the government has not identified an unindicted co-conspirator referred to as UCC-1 in the indictment. To the extent not already evident, pending entry of the proposed protective order, the government will provide discovery that clearly identifies UCC-1.

D. <u>18 U.S.C. § 1752</u>

Referencing Counts 5 and 6 of the indictment, which charge violations of 18 U.S.C. § 1752, the defendant complains (at 2, 3) that the government "has not produced evidence that the alleged restricted area was set by the U.S. Secret Service, a statutory requirement of § 1752" and seeks (at 8) an order requiring the government to identify "[w]hether the Secret Service restricted the 'restricted building or grounds' Nordean allegedly entered or some other entity."

Contrary to the defendant's assertion, Section 1752 does *not* require that the alleged "restricted buildings or grounds" be "set" or "restricted" by the Secret Service. Rather, Section 1752 provides in relevant part:

> (a) Whoever—
>
>> (1) knowingly enters or remains in any restricted building or grounds without lawful authority to do so;
>
> (c) In this section—
>
>> (1) [T]he term "restricted buildings or grounds" means any posted, cordoned off, or otherwise restricted area—
>>
>>> (B) of a building or grounds where the President or other person protected by the Secret Service is or will be temporarily visiting;

18 U.S.C. § 1752. In short, Section 1752 "prohibits persons from knowingly entering without lawful authority to do so in any posted, cordoned off, or otherwise restricted area of a building or grounds where a person protected by the Secret Service is or will be temporarily visiting." *Wilson v. DNC Servs. Corp.*, 417 F. Supp. 3d 86, 98 (D.D.C. 2019), *aff'd*, 831 F. App'x 513 (D.C. Cir. 2020).

The allegations in the indictment track the text of Section 1752. Because liability under Section 1752 does *not* require that the alleged "restricted buildings or grounds" be "set" or "restricted" by the Secret Service, there is no reason for the government to allege such facts, and the indictment does not contain any such allegation. Accordingly, there is no basis for an order to compel discovery on this point or to require a bill of particulars as sought by the defendant.

Respectfully submitted,

CHANNING D. PHILLIPS
Acting United States Attorney
D.C. Bar No. 415793

*/s/ Luke M. Jones*
LUKE M. JONES, VA Bar No. 75053
JASON B.A. MCCULLOUGH, DC Bar No. 998006
U.S. Attorney's Office for the District of Columbia
Assistant United States Attorneys
555 4th Street, N.W.
Washington, D.C. 20530
(202) 252-7066