**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

**UNITED STATES OF AMERICA**

    **v.**           **Case No.  21-CR-175-2 (TJK)**

**JOSEPH RANDALL BIGGS,**

    **Defendant.**

**UNOPPOSED DEFENDANT BIGGS' MOTION TO JOIN**
**DEFENDANT NORDEAN'S MOTION TO DISMISS**

  Defendant Joseph R. Biggs ("Biggs"), by undersigned counsel, files this Motion to Join

Defendant Nordean's Motion to Dismiss the First Superseding Indictment filed on June 3, 2021

(Doc. 94) ("Nordean Motion") on all issues raised in the Nordean Motion. Specifically, and with

respect to all six counts of the First Superseding Indictment (Doc. 26) ("FSI"), defendant

Biggs asks the Court to permit Biggs to join and adopt the Nordean Motion in its entirety, including

but not limited to any arguments applicable to Biggs in Nordean Motion Argument sections I

through V (ECF pages 26-66).

  Additionally, and to amplify points made in the Nordean Motion at its Argument section II,

Biggs in this motion cites and summarizes four case authorities which he believes further support

the dismissal of FSI Counts 1 and 2 the Government has brought under 18 U.S.C. Section 1512.

Simply put, Section 1512 is inapplicable to the conduct of Biggs and Nordean on January 6, 2021.

  For further reasons in support of his Motion to Join, Biggs states as follows:

  1. As the Court is aware, defendants Biggs and Nordean have both been charged in the FSI

with the same six counts arising out of their involvement in events on the grounds of the United

States Capitol building on January 6, 2021.

2.  Legally, Biggs and Nordean stand in identical postures before this Court.  The FSI charges that on January 6, Biggs, Nordean and two other defendants conspired, attempted to, did violate, and aided and abetted in the violation of, 18 U.S.C. sections 1512(c)(2) and 231(a)(3). Counts 1, 2 and 3. FSI Count 4 charges depredation of federal property in over $1,000 of damage. Finally, FSI Counts 5 and 6 charge violations of 18 U.S.C. section 1752 by entering, remaining on and being "disorderly" on a "restricted building and grounds."

3.  Factually, according to the Government's allegations, their cases are nearly identical, too.

4. In the FSI, and in other parts of the Government's case against them, Biggs and Nordean are within close physical proximity to one another, and often standing side by side, until about 2:15 PM, the time Biggs is alleged to have entered the Capitol building itself on his own.

5. Moreover, the only facts alleged by the Government that distinguish Biggs from Nordean in this action are a handful of things said by them before, during and immediately after the January 6 events.

6. Therefore, Biggs asks to join the Nordean's June 3, 2021 motion to dismiss on all issues raised in the Nordean Motion concerning FSI Counts 1-6, including but not limited to any arguments applicable to Biggs in Nordean Motion Argument sections I through V (ECF pages 26-66).

7. Additionally, in amplification of points made in the Nordean Motion at Argument section II, Biggs sets out below four case authorities which he submits also support the dismissal of FSI Counts 1 and 2 the Government has brought under 18 U.S.C. section 1512 ("Tampering with a witness, victim, or an informant" in "an official proceeding'). This statute is inapplicable to the conduct of Biggs, Nordean or for that matter any other defendant who entered the Capitol grounds or building on January 6.

2

**Additional Section 1512 Caselaw**

8. In addition to *United States v. Ermoian*, 752 F.3d 894 1165, 1169-70 (9th Cir.) (an FBI investigation is not an "official proceeding" under Section 1512(c)(2)), cited and discussed in Nordean Motion at 29-30, four other decisions are helpful to this Court's interpretation of Section 1512. They are: *United States v. Ramos,* 537 F.3d 439, 462 (5th Cir. 2008) (the term "official proceeding" does not extend to an informal internal border patrol hearing). *United States v. Binette,* 828 F. Supp. 2d 402, 403-404 (D. Mass. 2011) (a "preliminary" SEC investigation is not an "official proceeding" for Section 1512 purposes when compelled party attendance, sworn testimony and subpoena powers are absent). *United States v. Kelley,* 36 F.3d 1118, 1127 (D.C. Cir. 1994) (a formal investigation opened by the AID's Inspector General *is* a "proceeding" under the analogous 18 U.S.C. Section 1505 ("Obstruction of proceedings before departments, agencies and committees") as the IG is empowered to issue subpoenas and compel sworn testimony.) *United States v. Perez,* 575 F.3d 164, 169 (2nd Cir. 2009) (a BOP panel conducts an "official proceeding" under Section 1512 when it determines whether there has been violation of BOP policy and must make "findings").

9. The forgoing cases appear to underscore that an "official proceeding" under Section 1512 must be one of an adjudicatory nature or a formal hearing in which parties are directed to appear and findings are made.

10. In a telephone call on or about June 11, 2021, counsel for the Government indicated that it would not oppose a motion by Biggs to join the Nordean motion to dismiss. However, at the time, undersigned counsel had not intended to cite the above four cases in support of dismissal of the FSI, and didn't decide to do so until recently.

11. Consequently, on June 28, the undersigned left a voice message with Government counsel in order to give counsel a "heads-up" about citing here the four cases in a later live phone discussion.

Government counsel has not yet had the opportunity to return the call. Counsel for Biggs fully appreciates the press of business in this January 6 case and other cases, and apologizes for deciding to cite the cases here only recently.

12.  Accordingly, defendant Biggs requests that the Government of course be permitted to respond to or counter the forgoing case authorities cited in an opposition filed within 14 days under LCrR 47 or in any other manner or within any other time period the Court deems appropriate. To that end, a proposed Order is attached.

## Conclusion

For the reasons set forth in Defendant Nordean's Motion to Dismiss (Doc. 94), coupled with additional reasons raised by the cases cited above on the question of applicability of 18 U.S.C. Section 1512 to both Biggs and Nordean, defendant Biggs request that all six counts of the First Superseding Indictment be dismissed with prejudice.

## Request for Oral Hearing

Because the motions to dismiss now before the Court raise substantial, important and novel issues of law, defendant Biggs respectfully asks the Court to conduct oral arguments on all six counts.

.                           Respectfully submitted,

JOHN DANIEL HULL
COUNSEL FOR DEFENDANT JOSEPH BIGGS

By: */s/ John Daniel Hull*
JOHN DANIEL HULL
DC Bar No. 323006; California Bar No. 222862
Hull McGuire PC
1420 N Street, N.W.
Washington, D.C.  20005
619-895-8336
jdhull@hullmcguire.com

## <u>CERTIFICATE OF SERVICE</u>

The undersigned certifies that on July 1, 2021, he served a true and correct copy of the

foregoing Unopposed Defendant Biggs' Motion to Join Defendant Nordean's Motion to Dismiss

and proposed order via Electronic Case Filing (ECF) system upon counsel for the government.

By:  /s/ *John Daniel Hull*
JOHN DANIEL HULL
DC Bar No. 323006; California Bar No. 222862
Hull McGuire PC
1420 N Street, N.W.
Washington, D.C.  20005
619-895-8336
jdhull@hullmcguire.com

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**


**UNITED STATES OF AMERICA**

        **v.**                             **Case No.  21-CR-175-2 (TJK)**

**JOSEPH RANDALL BIGGS,**

        **Defendant.**


### ORDER

Upon consideration of Unopposed Defendant Biggs' Motion to Join Defendant Nordean's Motion to Dismiss (Doc. 94), and for good cause shown, it is ORDERED that the motion should be and hereby is GRANTED; and

FURTHER ORDERED that, to the extent to the Government desires to respond to the citations and discussion of the caselaw noted in the motion, it may do so within 14 days, or by July 15.

SO ORDERED this _____  day of _____, 2021.


                        _____
                        HONORABLE TIMOTHY J. KELLY
                        UNITED STATES DISTRICT JUDGE