UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | |
| v. : | |
| : | Case Number 21-cr-175-4 (TJK) |
| CHARLES DONOHOE, : | |
| : | |
| Defendant. : | |

## GOVERNMENT'S UNOPPOSED MOTION TO SEAL CERTAIN EXHIBITS

The United States of America respectfully moves this Court to issue an Order directing that certain exhibits submitted to this Court in connection with hearings on the government's motion for detention – be placed under seal until further order of the Court. Specifically, the government moves for an order to permit the government to file under seal those text messages referenced during the detention hearings before Magistrate Judge G. Michael Harvey on April 19 and 22, 2021, and Judge Timothy J. Kelly on June 23, 2021. In support of its motion, the government submits that the common-law right of access balancing test weighs in favor of preventing the public from making copies and distributing the exhibits at this time. The defense does not oppose this motion.

### BACKGROUND

On March 10, 2021, a grand jury in the District of Columbia returned a six-count superseding indictment charging Charles Donohoe and three others, Ethan Nordean, Joseph Biggs, and Zachary Rehl (collectively, "the defendants"), in connection with the January 6 attack. A detention hearing was held on April 19, 2021, and Mr. Donohoe was ordered detained by Magistrate Judge G. Michael Harvey on April 22, 2021.

During the hearing on April 19, 2021, Magistrate Judge Harvey directed the parties to submit certain text messages referenced during the hearing for the Court's consideration. The parties submitted the materials later the same day. Specifically, the government submitted by email to chambers unredacted versions of the documents identified by bates stamps: *Nordean_00000001 – 3, Nordean_00000124 – 138, Nordean_00000622 – 645, Nordean_00001332 – 1342, and Nordean_00001400 – 1413* (altogether, the "Text Messages").

Defendant Donohoe appealed Magistrate Judge Harvey's decision, and a further hearing was held before this Court on June 23, 2021. During the hearing, all materials submitted to Magistrate Judge Harvey, including the Text Messages, were made part of the record before this Court.

Due to their format, the Text Messages include messages posted by individuals who have not been charged. The government submits that public disclosure of the names and Telegram usernames of such individuals could expose such individuals to public examination. In addition, the Text Messages include certain personally identifiable information, such as telephone numbers. For the reasons set forth herein, the government moves to file the unredacted versions of the Text Messages under seal and that redacted versions of the Text Messages be made available on the public docket. Indeed, redacted versions of the Text Messages have been filed as attachments to this motion.

**ARGUMENT**

The government recognizes that the common-law right of access applies to evidence submitted at a detention hearing. *See United States v. Graham*, 257 F.3d 143, 151-53 (2d Cir. 2001); *United States v. Jackson*, No. 21-mj-115, 2021 WL 1026127, at *5-6 (D.D.C. March 17,

2

2021) (Howell, C.J.). To be sure, the common-law right of access to judicial records does not apply to all items filed with a court. *See SEC v. Am. Int'l Group*, 712 F.3d 1, 3 (D.C. Cir. 2013). Rather, "whether something is a judicial record depends on 'the role it plays in the adjudicatory process.'" *Id.* (quoting *United States v. El-Sayegh*, 131 F.3d 158, 163 (D.C. Cir. 1997)). When, for example, items "are 'intended to influence' the court and the court 'ma[kes] decisions about them[,']" *Leopold v. United States*, 964 F.3d 1121, 1128 (D.C. Cir. 2020) (quoting *MetLife, Inc. v. Fin. Stability Oversight Council*, 865 F.3d 661, 668 (D.C. Cir. 2017)), then they are judicial records. Here, the government does not dispute that the materials that were submitted to the Court in connection with Mr. Donohoe's detention hearing are judicial records. *See, e.g.*, *Graham*, 257 F.3d at 151-53 (finding that tapes played at a detention hearing were judicial records); *Jackson*, 2021 WL 1026127, at *4-5 (same as to videos).

The D.C. Circuit has consistently employed a multi-factor balancing test when determining whether the common-law right of access to judicial records requires those records to be made available to the public for copying and inspection. Applied here, that test weighs in favor of allowing the government to submit the exhibits under seal at this time.

Because the exhibits are judicial records, "there is a 'strong presumption in favor of public access'" to them. *Leopold*, 964 F.3d at 1127 (quoting *United States v. Hubbard*, 650 F.2d 293, 317 (D.C. Cir. 1980)). However, "that presumption may be outweighed by competing interests." *Id.* To weigh those competing interests, the D.C. Circuit uses the six-factor "*Hubbard* test" that "'has consistently served as [its] lodestar' for evaluating motions to seal or unseal judicial records[.]" *Id.* (quoting *MetLife*, 865 F.3d at 666). Thus, in this jurisdiction, "when a court is presented with a motion to seal or unseal, it should weigh: '(1) the need for public access to the documents at

3

issue; (2) the extent of previous public access to the documents; (3) the fact that someone has objected to disclosure, and the identity of that person; (4) the strength of any property and privacy interests asserted; (5) the possibility of prejudice to those opposing disclosure; and (6) the purposes for which the documents were introduced during the judicial proceedings.'" *MetLife*, 865 F.3d at 665 (quoting *EEOC v. Nat'l Children's Ctr., Inc.*, 98 F.3d 1406, 1409 (D.C. Cir. 1996)).

The requisite balancing under the six-factor *Hubbard* test weighs in favor of allowing the government to submit the unredacted Text Messages under seal at this time. As to the need for public access, this first factor does not weigh in favor of public access for many of the reasons discussed by the D.C. Circuit in *Hubbard* itself. The government's motion to file the exhibits under seal "does not involve access to the courtroom" or "to documents which have been introduced as evidence of guilt or innocence in a trial[.]" *Hubbard*, 650 F.2d at 317. Moreover, "[t]he public in this case [will have] access, *inter alia*, to the courtroom proceedings . . . , to the memoranda filed by the parties . . . , [and] to the trial judge's memorandum decision[.]" *Id.* at 317-18. Indeed, the relevant substance of the exhibits was discussed at length on the public record during the hearing. The public thus has minimal need to take the additional step of copying and reproducing the unredacted portions Text Messages at issue. *See generally CNN, Inc. v. FBI*, 984 F.3d 114, 119 (D.C. Cir. 2021) ("A district court weighing the first factor should consider the public's need to access the information that remains sealed, not the public's need for other information sought in the overall lawsuit.").

As for the second factor—the extent of previous public access—to the government's knowledge, the Text Messages that the government seeks to remain under seal have never previously been made public in their entirety. This fact weighs heavily in favor of allowing them

to be filed under seal. *See id.* at 119; *Hubbard*, 650 F.2d at 318-19.

With regard to the third factor, the fact that the government has objected to public dissemination of the messages and seeks to file them under seal weighs against disclosure. *See Nat'l Children's Ctr.*, 98 F.3d at 1410 (finding that "the fact that the Center has objected" weighed against public disclosure); *Hubbard*, 650 F.2d at 319 ("the strength with which a party asserts its interests is a significant indication of the importance of those rights to that party").

Significantly, the fourth and fifth factors weigh heavily in favor of allowing the Text Messages to be filed under seal. As noted at the outset, individual participants in the Text Messages who have not been charged have a significant privacy interest that weighs against public disclosure of their Telegram usernames and identity. By publicly disclosing their usernames and identity, such persons may be subject to public examination. Likewise, the public's right to identifying information about uncharged participants in the text messages is extremely limited. The public is not prejudiced by withholding such information. The matter before the Court at Mr. Donohoe's detention hearing did not turn on the identity of uncharged individuals.

As to the sixth factor, it follows from the discussion above that the purpose for which the documents were introduced related predominately to the content of certain statements made by the defendants and their co-conspirators. The identity and identifying information of certain participants in the Text Messages was simply not relevant to the Court's detention decision.

### III.  CONCLUSION

For all the foregoing reasons, the government respectfully requests that the unredacted Text Messages be placed under seal until further order of the Court and that the Court permit redacted copies of the exhibits to be filed on the public docket.

<table>
<tr><td></td><td>Respectfully submitted,<br><br>CHANNING D. PHILLIPS<br>Acting United States Attorney<br>DC Bar No. 415793</td></tr>
<tr><td>By:</td><td>/s/   *Jason McCullough*<br>JASON B.A. MCCULLOUGH<br>D.C. Bar No. 998006; NY Bar No. 4544953<br>LUKE M. JONES<br>VA Bar No. 75053<br>Assistant United States Attorneys<br>555 4th Street, N.W.<br>Washington, D.C. 20530<br>(202) 252-7233<br>jason.mccullough2@usdoj.gov</td></tr>
</table>

Date: July 6, 2021