APPEAL,CAP

# U.S. District Court
## District of Columbia (Washington, DC)
## CRIMINAL DOCKET FOR CASE #: <u>1:21–cr–00175–TJK</u>–4

---

Case title: USA v. NORDEAN et al                    Date Filed: 03/03/2021

---

Assigned to: Judge Timothy J. Kelly

**<u>Defendant (4)</u>**

**CHARLES DONOHOE**                 represented by   **Lisa S. Costner**
LISA S. COSTNER, P.A.
952 W 4th Street
Ste 200
Winston–Salem, NC 27101
336–748–1885
Email: <u>lisa@lisacostnerlaw.com</u>
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: CJA Appointment*

**<u>Pending Counts</u>**                                **<u>Disposition</u>**

18:371; CONSPIRACY TO
DEFRAUD THE UNITED
STATES; Conspiracy
(1)

18:1512(c)(2), 2; TAMPERING
WITH A WITNESS, VICTIM OR
INFORMANT; Obstruction of an
Official Proceeding and Aiding
and Abetting
(2)

18:231(A)(3), 2; CIVIL
DISORDER; Obstruction of Law
Enforcement During Civil
Disorder and Aiding and Abetting
(3)

18;1361, 2; GOVERNMENT
PROPERTY OR CONTRACTS >;
Destruction of Government
Property and Aiding and Abetting
(4)

18:1752(a)(1); TEMPORARY
RESIDENCE OF THE
PRESIDENT; Entering and

1

Remaining in a Restricted
Building or Grounds
(5)

18:1752(a)(2); TEMPORARY
RESIDENCE OF THE
PRESIDENT; Disorderly Conduct
in a Restricted Building or
Grounds
(6)

**Highest Offense Level (Opening)**

Felony

| **Terminated Counts** | **Disposition** |
|---|---|
| None | |

**Highest Offense Level
(Terminated)**

None

| **Complaints** | **Disposition** |
|---|---|
| None | |

**Plaintiff**

| **USA** | represented by | **James B. Nelson** |
|---|---|---|
| | | U.S. ATTORNEY'S OFFICE FOR |
| | | DISTRICT OF COLUMBIA |
| | | 555 4th Street NW |
| | | Room 4112 |
| | | Washington, DC 20001 |
| | | (202) 252–6986 |
| | | Email: james.nelson@usdoj.gov |
| | | *LEAD ATTORNEY* |
| | | *ATTORNEY TO BE NOTICED* |
| | | *Designation: Assistant U.S. Attorney* |
| | | |
| | | **Jason Bradley Adam McCullough** |
| | | U.S. ATTORNEY'S OFFICE |
| | | 555 4th Street NW |
| | | Washington, DC 20530 |
| | | (202) 252–7233 |
| | | Email: jason.mccullough2@usdoj.gov |
| | | *LEAD ATTORNEY* |
| | | *ATTORNEY TO BE NOTICED* |
| | | *Designation: Assistant U.S. Attorney* |

**Luke Matthew Jones**
U.S. ATTORNEY'S OFFICE FOR THE
DISTRICT OF COLUMBIA
555 Fourth Street, NW
Washington, DC 20530
(202) 252–7066
Fax: (202) 616–8470
Email: luke.jones@usdoj.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: Assistant U.S. Attorney*

| Date Filed | # | Page | Docket Text |
|---|---|---|---|
| 03/10/2021 | | | Counts added: ETHAN NORDEAN (1) count(s) 1s, 2s, 3s, 4s, 5s, 6s, JOSEPH RANDALL BIGGS (2) count(s) 1, 2, 3, 4, 5, 6, ZACHARY REHL (3) count(s) 1, 2, 3, 4, 5, 6, CHARLES DONOHOE (4) count(s) 1, 2, 3, 4, 5, 6 (zltp) (Entered: 03/19/2021) |
| 03/17/2021 | 35 | | Arrest Warrant Returned Executed on 3/17/2021 as to CHARLES DONOHOE in Kernersville, North Carolina. (zltp) (Entered: 03/24/2021) |
| 03/22/2021 | 43 | | Rule 5(c)(3) Documents Received as to CHARLES DONOHOE from US District Court for the Middle District of North Carolina Case Number 21–mj–103 (bb) (Entered: 03/30/2021) |
| 03/26/2021 | 36 | | MEMORANDUM in Support of Pretrial Detention by USA as to CHARLES DONOHOE (McCullough, Jason) (Entered: 03/26/2021) |
| 03/29/2021 | | | NOTICE OF HEARING as to CHARLES DONOHOE (4). VTC Arraignment set for 4/6/2021 at 2:45 PM before Judge Timothy J. Kelly. The parties shall contact the Courtroom Deputy at (202) 354–3495 at least one business day in advance to make arrangements to appear. (zkh) (Entered: 03/29/2021) |
| 04/06/2021 | | | Minute Entry for proceedings held before Judge Timothy J. Kelly: VTC Arraignment as to CHARLES DONOHOE (4) as to Counts 1, 2, 3, 4, 5, and 6 held on 4/6/2021. The defendant appeared by video. For the reasons stated on the record, oral motion by Attorney Shelli Peterson for Attorney Lisa Costner to appear pro hac vice on behalf of the defendant today, heard and GRANTED. Speedy Trial Excludable (XT) started 4/6/2021 through 4/12/2021, in the interest of justice. Bond Status of Defendant: Remains Committed; Court Reporter: Timothy Miller; Defense Attorneys: Lisa Costner and Shelli Peterson; US Attorneys: Jason Bradley Adam McCullough and Luke Matthew Jones; Pretrial Officer: John Copes. (zkh) (Entered: 04/06/2021) |
| 04/09/2021 | 55 | | NOTICE OF ATTORNEY APPEARANCE: Lisa S. Costner appearing for CHARLES DONOHOE (Costner, Lisa) (Main Document 55 replaced on 4/26/2021) (znmw). (Entered: 04/09/2021) |
| 04/09/2021 | | | Set/Reset Hearings as to CHARLES DONOHOE: Detention Hearing set for 4/12/2021 at 03:00 PM in Telephonic/VTC before Magistrate Judge G. Michael Harvey. (zpt) (Entered: 04/09/2021) |
| 04/12/2021 | 56 | | MOTION to Continue *Detention Hearing* by CHARLES DONOHOE. (Attachments: # 1 Text of Proposed Order)(Costner, Lisa) (Entered: |

| | | | |
|---|---|---|---|
| | | | 04/12/2021) |
| 04/15/2021 | 60 | | RESPONSE by CHARLES DONOHOE re: 56 *Opposing Detention* (Attachments: # 1 Exhibit)(Costner, Lisa) Modified text on 5/21/2021 (zltp). (Entered: 04/15/2021) |
| 04/15/2021 | 61 | | SUPPLEMENT by CHARLES DONOHOE re 60 Response to document (Costner, Lisa) (Entered: 04/15/2021) |
| 04/15/2021 | 62 | | ORDER Granting 56 MOTION to Continue Detention Hearing by CHARLES DONOHOE (4). Detention Hearing continued to 4/19/2021 at 03:00 PM in Telephonic/VTC before Magistrate Judge G. Michael Harvey. Signed by Magistrate Judge G. Michael Harvey on 4/15/2021. (zpt) (Entered: 04/16/2021) |
| 04/19/2021 | | | Minute Entry for proceedings held before Magistrate Judge G. Michael Harvey: VTC Status Hearing as to CHARLES DONOHOE (1) held on 4/19/2021. Matter was set for a Detention Hearing but was not held. Detention Hearing continued to 4/21/2021 at 03:00 PM in Telephonic/VTC before Magistrate Judge G. Michael Harvey. Bond Status of Defendant: Defendant Remains Committed; Court Reporter: FTR–Gold; FTR Time Frame: CTRM 6 [3:33:59–3:46:57]; Defense Attorney: Lisa Costner; US Attorney: Jason McCullough and Luke Jones; Pretrial Officer: Andre Sidbury; (zpt) (Entered: 04/19/2021) |
| 04/19/2021 | 64 | | RESPONSE TO Court Order Issued during Oral Ruling on April 19, 2021 by USA as to ETHAN NORDEAN, JOSEPH RANDALL BIGGS, ZACHARY REHL, CHARLES DONOHOE (Attachments: # 1 Filing in U.S. v. Pezzola, 1:21–cr–175, containing photograph)(Jones, Luke) Modified text on 5/21/2021 (zltp). (Entered: 04/19/2021) |
| 04/21/2021 | | | ORAL MOTION to Commit Defendant to Custody of Attorney General by USA as to CHARLES DONOHOE (4). (zpt) (Entered: 04/21/2021) |
| 04/21/2021 | | | ORAL MOTION for Release from Custody by CHARLES DONOHOE (4). (zpt) (Entered: 04/21/2021) |
| 04/21/2021 | | | Minute Entry for proceedings held before Magistrate Judge G. Michael Harvey: VTC Detention Hearing as to CHARLES DONOHOE (4) held on 4/21/2021. Matter was held but did not conclude. Continued Detention Hearing set for 4/22/2021 at 03:00 PM in Telephonic/VTC before Magistrate Judge G. Michael Harvey. Bond Status of Defendant: Defendant Remains Committed; Court Reporter: FTR–Gold; FTR Time Frame: CTRM 6 [3:13:35–5:36:32]; Defense Attorney: Lisa Costner; US Attorney: Jason McCullough and Luke Jones; Pretrial Officer: John Copes; (zpt) (Entered: 04/21/2021) |
| 04/21/2021 | 76 | | ORDER Delaying Transport as to CHARLES DONOHOE (1). Signed by Magistrate Judge G. Michael Harvey on 4/21/2021. (zpt) (Entered: 04/28/2021) |
| 04/22/2021 | | | ORAL MOTION for Speedy Trial Waiver by USA as to CHARLES DONOHOE (2). (zpt) (Entered: 04/24/2021) |
| 04/22/2021 | | | Minute Entry for proceedings held before Magistrate Judge G. Michael Harvey: VTC Continued Detention Hearing as to CHARLES DONOHOE (4) held on 4/22/2021. Oral Motion by the Government to Commit Defendant to Custody of Attorney General as to CHARLES DONOHOE (4) Heard and Granted. Oral Motion for Release from Custody by CHARLES DONOHOE |

4

| | | | |
|---|---|---|---|
| | | | (4) Heard and Denied. Oral Motion by the Government for Speedy Trial Waiver Nunc Pro Tunc as to CHARLES DONOHOE (4) Heard and Granted. Time between 4/12/2021 and 5/4/2021 (22 Days) shall be excluded from calculation under the Speedy Trial Act in the interest of justice X–T. Bond Status of Defendant: Defendant Committed/Committment Issued; Court Reporter: Jeffrey Hook; Defense Attorney: Lisa Costner; US Attorney: Jason McCullough and Luke Jones; Pretrial Officer: Shay Holman; (zpt) (Entered: 04/24/2021) |
| 04/26/2021 | 74 | | **TRANSCRIPT OF DETENTION HEARING (CONT.)** in case as to CHARLES DONOHOE before Magistrate Judge G. Michael Harvey held on April 22, 2021. Page Numbers: 1 – 56. Date of Issuance: April 26, 2021. Court Reporter: Jeff Hook. Telephone number: 202–354–3373. Transcripts may be ordered by submitting the Transcript Order Form

For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public term inal or purchased from the court reporter referenced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi–page, condensed, CD or ASCII) may be purchased from the court reporter.

**NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty–one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov.

Redaction Request due 5/17/2021. Redacted Transcript Deadline set for 5/27/2021. Release of Transcript Restriction set for 7/25/2021.(Hook, Jeff) (Entered: 04/26/2021) |
| 04/26/2021 | | | Minute Entry for proceedings held before Magistrate Judge G. Michael Harvey: VTC Status Hearing as to CHARLES DONOHOE (4) held on 4/26/2021. Control Status Hearing set for 5/3/2021 03:30 PM in Telephonic/VTC before Magistrate Judge G. Michael Harvey. Bond Status of Defendant: Defendant Remains Committed; Court Reporter: FTR–Gold; FTR Time Frame: CTRM 6 [3:10:41–3:38:26]; Defense Attorney: Lisa Costner; US Attorney: Luke Jones; Pretrial Officer: Andre Sidbury; (zpt) (Entered: 04/27/2021) |
| 04/28/2021 | 75 | | TRANSCRIPT OF PROCEEDINGS in case as to CHARLES DONOHOE before Magistrate Judge G. Michael Harvey held on April 21, 2021; Page Numbers: 1–87. Date of Issuance:April 28, 2021. Transcriber: Janice Dickman, Telephone number: 202–354–3267, Transcripts may be ordered by submitting the Transcript Order Form

For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purchased from the court reporter referenced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi–page, condensed, CD or ASCII) may be purchased from the court reporter. |

| | | |
|---|---|---|
| | | **NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty–one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov.<br><br>Redaction Request due 5/19/2021. Redacted Transcript Deadline set for 5/29/2021. Release of Transcript Restriction set for 7/27/2021.(Dickman, Janice) (Entered: 04/28/2021) |
| 04/28/2021 | 77 | ORDER for Transport as to CHARLES DONOHOE (4). Signed by Magistrate Judge G. Michael Harvey on 4/28/2021. (zpt) (Entered: 04/28/2021) |
| 04/29/2021 | 78 | Unopposed MOTION for Order to Transport Defendant by USA as to CHARLES DONOHOE. (Attachments: # 1 Text of Proposed Order)(Jones, Luke) (Entered: 04/29/2021) |
| 04/30/2021 | 80 | ORDER granting the Government's 78 Motion for Order to Transport Defendant as to CHARLES DONOHOE (4). See Order for details. Signed by Judge Timothy J. Kelly on 4/30/2021. (lctjk1) (Entered: 04/30/2021) |
| 05/03/2021 | 81 | MOTION to Revoke *Detention Order* by CHARLES DONOHOE. (Costner, Lisa) Modified on 7/8/2021 (zhsj). (Entered: 05/03/2021) |
| 05/04/2021 | 82 | Unopposed MOTION for Protective Order by USA as to JOSEPH RANDALL BIGGS, ZACHARY REHL, CHARLES DONOHOE. (Attachments: # 1 Text of Proposed Order)(Jones, Luke) (Entered: 05/04/2021) |
| 05/04/2021 | | Minute Entry for proceedings held before Judge Timothy J. Kelly: VTC Status Conference as to ETHAN NORDEAN (1), JOSEPH RANDALL BIGGS (2), and CHARLES DONOHOE (4) held on 5/4/2021. ALL defendants appeared by video. Speedy Trial Excludable (XT) started 5/4/2021 through 6/3/2021, in the interest of justice, as to ETHAN NORDEAN (1), JOSEPH RANDALL BIGGS (2), and CHARLES DONOHOE (4). Government Response to 81 MOTION to Revoke due by 5/17/2021. Defendant DONOHOE (4) Reply due by 5/24/2021. VTC Status Conference set for 6/3/2021 at 2:00 PM before Judge Timothy J. Kelly. Bond Status of Defendants: 1–Remains Committed, 2–Remains Committed, 4–Remains Committed; Court Reporter: Timothy Miller; Defense Attorneys: 1–David Benjamin Smith and Nicholas D. Smith, 2–John Daniel Hull, IV, 4–Lisa S. Costner; US Attorneys: Jason Bradley Adam McCullough and Luke Matthew Jones. (zkh) (Entered: 05/04/2021) |
| 05/04/2021 | | Set/Reset Deadlines as to CHARLES DONOHOE (4): Government Response due by 5/17/2021. Defendant Reply due by 5/24/2021. (zkh) (Entered: 05/04/2021) |
| 05/04/2021 | 83 | ORDER granting the Government's 82 Unopposed Motion for Protective Order as to JOSEPH RANDALL BIGGS (2), ZACHARY REHL (3), CHARLES DONOHOE (4). See Order for details. Signed by Judge Timothy J. Kelly on 5/4/2021. (lctjk1) (Entered: 05/04/2021) |
| 05/17/2021 | 87 | Memorandum in Opposition by USA as to CHARLES DONOHOE re 81 MOTION to Revoke *Detention Order* (McCullough, Jason) (Entered: 05/17/2021) |

| 05/24/2021 | 90 | | REPLY TO OPPOSITION to Motion by CHARLES DONOHOE re 81 MOTION to Revoke *Detention Order* (Costner, Lisa) (Entered: 05/24/2021) |
|---|---|---|---|
| 06/03/2021 | | | Minute Entry for proceedings held before Judge Timothy J. Kelly: VTC Status Conference as to ETHAN NORDEAN (1), JOSEPH RANDALL BIGGS (2), and CHARLES DONOHOE (4) held on 6/3/2021. Defendants NORDEAN (1) and BIGGS (2) appeared by video. For the reasons stated on the record, Defendant DONOHOE'S (4) appearance was WAIVED. Speedy Trial Excludable (XT) started 6/3/2021 through 7/15/2021, in the interest of justice, as to ETHAN NORDEAN (1), JOSEPH RANDALL BIGGS (2), and CHARLES DONOHOE (4). VTC Motion Hearing set for 6/9/2021 at 11:00 AM before Judge Timothy J. Kelly for Defendant DONOHOE (4). VTC Status Conference set for 7/15/2021 at 2:00 PM before Judge Timothy J. Kelly for Defendants NORDEAN (1), BIGGS (2) and DONOHOE (4). Bond Status of Defendants: 1–Remains Committed, 2–Remains Committed, 4–Remains Committed; Court Reporter: Timothy Miller; Defense Attorneys: 1–David Benjamin Smith and Nicholas D. Smith, 2–John Daniel Hull, IV, 4–Lisa S. Costner; US Attorneys: Jason Bradley Adam McCullough, Luke Matthew Jones, and Nadia Moore. (zkh) (Entered: 06/03/2021) |
| 06/03/2021 | | | Set/Reset Hearings as to CHARLES DONOHOE (4): VTC Motion Hearing set for 6/9/2021 at 11:00 AM before Judge Timothy J. Kelly. (zkh) (Entered: 06/03/2021) |
| 06/09/2021 | | | MINUTE ORDER as to ZACHARY REHL (3), CHARLES DONOHOE (4): The hearings currently set for June 9, 2021, are hereby VACATED, and shall be rescheduled promptly. Signed by Judge Timothy J. Kelly on 6/9/2021. (lctjk1) (Entered: 06/09/2021) |
| 06/10/2021 | | | NOTICE OF HEARING as to CHARLES DONOHOE (4). VTC Motion Hearing set for 6/23/2021 at 10:00 AM before Judge Timothy J. Kelly. (zkh) (Entered: 06/10/2021) |
| 06/23/2021 | | | Minute Entry for proceedings held before Judge Timothy J. Kelly: VTC Motion Hearing as to CHARLES DONOHOE (4) held on 6/23/2021. Defendant appeared by video. Oral argument heard, and for the reasons stated on the record, Defendant's 81 MOTION to Revoke *Detention Order* is DENIED. Bond Status of Defendant: Remains Committed; Court Reporter: Timothy Miller; Defense Attorney: Lisa S. Costner; US Attorneys: Jason Bradley Adam McCullough and Luke Matthew Jones; Pretrial Officer: Christine Schuck. (zkh) (Entered: 06/23/2021) |
| 06/23/2021 | 101 | | DETENTION ORDER as to CHARLES DONOHOE (4). See Order for details. Signed by Judge Timothy J. Kelly on 6/23/2021. (lctjk1) (Entered: 06/23/2021) |
| 07/01/2021 | | | NOTICE OF HEARING (**Time Change**) as to ETHAN NORDEAN (1), JOSEPH RANDALL BIGGS (2), and CHARLES DONOHOE (4). VTC Status Conference set for 7/15/2021 at **11:00 AM** before Judge Timothy J. Kelly. (zkh) (Entered: 07/01/2021) |
| 07/06/2021 | 108 | | NOTICE OF APPEAL – Final Judgment by CHARLES DONOHOE re 101 Order, Order of Detention Pending Trial– Defendant HWOB. Fee Status: No Fee Paid. Parties have been notified. (Costner, Lisa) (Main Document 108 replaced on 7/8/2021) (zltp). (Entered: 07/06/2021) |

| 07/06/2021 | 110 | | Unopposed MOTION for Order Seal Unredacted Exhibits *(Text Messages) considered during Detention Hearings* by USA as to CHARLES DONOHOE. (Attachments: # 1 Text of Proposed Order, # 2 Exhibit Redacted Exhibit (001 – 003), # 3 Exhibit Redacted Exhibit (Bates 124 – 138), # 4 Exhibit Redacted Exhibit (Bates 622 – 645), # 5 Exhibit Redacted Exhibit (Bates 1332 – 1342), # 6 Exhibit Redacted Exhibit (Bates 1400 – 1413))(McCullough, Jason) (Entered: 07/06/2021) |
| 07/06/2021 | 111 | | NOTICE *of Exhibits used during Detention Hearings* by USA as to CHARLES DONOHOE (Attachments: # 1 Exhibit PowerPoint Exhibit used during hearings)(McCullough, Jason) (Entered: 07/06/2021) |

# United States District Court for the District of Columbia

UNITED STATES OF AMERICA )
)
vs. ) Criminal No. 21-cr-175
)
CHARLES DONOHOE )

## NOTICE OF APPEAL

Name and address of appellant:

Charles Donohoe
Orange County Jail
125 Court St
Hillsborough, NC 27278

Name and address of appellant's attorney:

Lisa Costner
PO Box 15133
Winston Salem, NC 27101

Offense:  18 USC 371; 18 USC 1512, 18 USC 1752, 18 USC 1361, 18 USC 231

Concise statement of judgment or order, giving date, and any sentence:

Order of Detention Pending Trial, entered June 23, 2021

Name and institution where now confined, if not on bail:  Orange County Jail

I, the above named appellant, hereby appeal to the United States Court of Appeals for the District of Columbia Circuit from the above-stated judgment.

July 6, 2021

_____
DATE

Charles Donohoe /lsc

_____
APPELLANT  /s/ Lisa S. Costner

_____
ATTORNEY FOR APPELLANT

GOVT. APPEAL, NO FEE  ☐
CJA, NO FEE  ☑
PAID USDC FEE  ☐
PAID USCA FEE  ☐
Does counsel wish to appear on appeal?                              YES ☐      NO ☑
Has counsel ordered transcripts?                                   YES ☐      NO ☑
Is this appeal pursuant to the 1984 Sentencing Reform Act?         YES ☐      NO ☑

AO 472  (Rev. 11/16)  Order of Detention Pending Trial

# UNITED STATES DISTRICT COURT
for the
District of Columbia

| | | | |
|---|---|---|---|
| United States of America | ) | | |
| v. | ) | | |
| CHARLES DONOHOE | ) | Case No. | 21-cr-175-4 (TJK) |
| | ) | | |
| *Defendant* | ) | | |

## ORDER OF DETENTION PENDING TRIAL

### Part I - Eligibility for Detention

Upon the

☑ Motion of the Government attorney pursuant to 18 U.S.C. § 3142(f)(1), or

❑ Motion of the Government or Court's own motion pursuant to 18 U.S.C. § 3142(f)(2),

the Court held a detention hearing and found that detention is warranted.  This order sets forth the Court's findings of fact and conclusions of law, as required by 18 U.S.C. § 3142(i), in addition to any other findings made at the hearing.

### Part II - Findings of Fact and Law as to Presumptions under § 3142(e)

❑ **A.  Rebuttable Presumption Arises Under 18 U.S.C. § 3142(e)(2)** *(previous violator)*:  There is a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of any other person and the community because the following conditions have been met:

    ❑ **(1)** the defendant is charged with one of the following crimes described in 18 U.S.C. § 3142(f)(1):

        ❑ **(a)** a crime of violence, a violation of 18 U.S.C. § 1591, or an offense listed in 18 U.S.C. § 2332b(g)(5)(B) for which a maximum term of imprisonment of 10 years or more is prescribed; **or**

        ❑ **(b)** an offense for which the maximum sentence is life imprisonment or death; **or**

        ❑ **(c)** an offense for which a maximum term of imprisonment of 10 years or more is prescribed in the Controlled Substances Act (21 U.S.C. §§ 801-904), the Controlled Substances Import and Export Act (21 U.S.C. §§ 951-971), or Chapter 705 of Title 46, U.S.C. (46 U.S.C. §§ 70501-70508); **or**

        ❑ **(d)** any felony if such person has been convicted of two or more offenses described in subparagraphs (a) through (c) of this paragraph, or two or more State or local offenses that would have been offenses described in subparagraphs (a) through (c) of this paragraph if a circumstance giving rise to Federal jurisdiction had existed, or a combination of such offenses; **or**

        ❑ **(e)** any felony that is not otherwise a crime of violence but involves:
        **(i)** a minor victim; **(ii)** the possession of a firearm or destructive device (as defined in 18 U.S.C. § 921); **(iii)** any other dangerous weapon; or **(iv)** a failure to register under 18 U.S.C. § 2250; *and*

    ❑ **(2)** the defendant has previously been convicted of a Federal offense that is described in 18 U.S.C. § 3142(f)(1), or of a State or local offense that would have been such an offense if a circumstance giving rise to Federal jurisdiction had existed; *and*

    ❑ **(3)** the offense described in paragraph (2) above for which the defendant has been convicted was committed while the defendant was on release pending trial for a Federal, State, or local offense; *and*

    ❑ **(4)** a period of not more than five years has elapsed since the date of conviction, or the release of the defendant from imprisonment, for the offense described in paragraph (2) above, whichever is later.

AO 472  (Rev. 11/16)  Order of Detention Pending Trial

☑ **B.  Rebuttable Presumption Arises Under 18 U.S.C. § 3142(e)(3)** *(narcotics, firearm, other offenses)*:  There is a rebuttable presumption that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community because there is probable cause to believe that the defendant committed one or more of the following offenses:

    ❐ **(1)** an offense for which a maximum term of imprisonment of 10 years or more is prescribed in the Controlled Substances Act (21 U.S.C. §§ 801-904), the Controlled Substances Import and Export Act (21 U.S.C. §§ 951-971), or Chapter 705 of Title 46, U.S.C. (46 U.S.C. §§ 70501-70508);

    ❐ **(2)** an offense under 18 U.S.C. §§ 924(c), 956(a), or 2332b;

    ☑ **(3)** an offense listed in 18 U.S.C. § 2332b(g)(5)(B) for which a maximum term of imprisonment of 10 years or more is prescribed;

    ❐ **(4)** an offense under Chapter 77 of Title 18, U.S.C. (18 U.S.C. §§ 1581-1597) for which a maximum term of imprisonment of 20 years or more is prescribed; **or**

    ❐ **(5)** an offense involving a minor victim under 18 U.S.C. §§ 1201, 1591, 2241, 2242, 2244(a)(1), 2245, 2251, 2251A, 2252(a)(1), 2252(a)(2), 2252(a)(3), 2252A(a)(1), 2252A(a)(2), 2252A(a)(3), 2252A(a)(4), 2260, 2421, 2422, 2423, or 2425.

❐ **C.  Conclusions Regarding Applicability of Any Presumption Established Above**

    ❐ The defendant has not introduced sufficient evidence to rebut the presumption above, and detention is ordered on that basis. *(Part III need not be completed.)*

    **OR**

    ☑ The defendant has presented evidence sufficient to rebut the presumption, but after considering the presumption and the other factors discussed below, detention is warranted.

### Part III - Analysis and Statement of the Reasons for Detention

After considering the factors set forth in 18 U.S.C. § 3142(g) and the information presented at the detention hearing, the Court concludes that the defendant must be detained pending trial because the Government has proven:

☑ By clear and convincing evidence that no condition or combination of conditions of release will reasonably assure the safety of any other person and the community.

❐ By a preponderance of evidence that no condition or combination of conditions of release will reasonably assure the defendant's appearance as required.

In addition to any findings made on the record at the hearing, the reasons for detention include the following:

    ☑ Weight of evidence against the defendant is strong
    ☑ Subject to lengthy period of incarceration if convicted
    ❐ Prior criminal history
    ❐ Participation in criminal activity while on probation, parole, or supervision
    ❐ History of violence or use of weapons
    ❐ History of alcohol or substance abuse
    ❐ Lack of stable employment
    ❐ Lack of stable residence
    ❐ Lack of financially responsible sureties

AO 472  (Rev. 11/16)  Order of Detention Pending Trial

❑ Lack of significant community or family ties to this district
❑ Significant family or other ties outside the United States
❑ Lack of legal status in the United States
❑ Subject to removal or deportation after serving any period of incarceration
❑ Prior failure to appear in court as ordered
☑ Prior attempt(s) to evade law enforcement
❑ Use of alias(es) or false documents
❑ Background information unknown or unverified
❑ Prior violations of probation, parole, or supervised release

OTHER REASONS OR FURTHER EXPLANATION:

For the Court's complete reasoning, please see the transcript of the Court's oral ruling on June 23, 2021.  In summary:

The Court finds that the nature and circumstances of the offenses weigh in favor of detention.  Donohoe is charged with multiple felony offenses, including one Congress has characterized under these circumstances as a federal crime of terrorism, and another that exposes him to a 20-year sentence.  The Grand Jury has charged that he conspired with his co-Defendants and others (1) to stop, delay, or hinder Congress's certification of the Electoral College vote, and (2) to obstruct or interfere with law enforcement officers engaged in their official duties to protect the Capitol and its occupants while that was happening.  The allegations include extensive involvement in prior planning for January 6, coordination with other participants before, during, and after the riot, and a leadership role, although one not as significant as his co-defendants Nordean and Biggs.  And although there is no evidence Donohoe carried or used a weapon that day, or laid his hands on anyone else in a violent manner, he said and did things that are highly troubling, as explained in more detail on the record.  He also celebrated what happened that day and has not expressed regret or remorse for what he did or what happened.

The Court finds that the weight of the evidence against Donohoe, considered as a whole, is strong and weighs in favor of detention, even after considering the arguments advanced by Donohoe to explain some of the evidence in isolation.

The Court finds that Donohoe's history and characteristics weigh in favor of release, but not overwhelmingly so.  Donohoe has almost no criminal history and has lived in North Carolina for 30 years.  He served honorably in the United States Marines, would have a job if he were released, and has significant family ties there, including his parents and young son.  All of that is enough to rebut the rebuttable presumption of detention.  But as described in more detail below, some of his characteristics, in terms of his capabilities and intentions, weigh in favor of detention.

Finally, the Court finds that the nature and seriousness of the danger to any person or the community that would be posed by Donohoe's release weighs in favor of detention.  Given the allegations of political violence against him for the events of January 6, his lack of remorse for those events, his role as a leader and organizer in a network that frequently creates events with large numbers of people, his experience and skills with encrypted communications, his history of concealing his activities from law enforcement, his attempts to facilitate the destruction of communications evidence, and the evidence that suggests he believes that political violence is justified going forward, the Court finds that he poses an identified and articulable threat to public safety that is both concrete and prospective, and that cannot be adequately mitigated  by any conditions of release short of detention.

## Part IV - Directions Regarding Detention

The defendant is remanded to the custody of the Attorney General or to the Attorney General's designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.  The defendant must be afforded a reasonable opportunity for private consultation with defense counsel.  On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility must deliver the defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding.

Date:          06/23/2021                                    /s/ Timothy J. Kelly

_____        _____
                                               United States District Judge

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA


| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | 1:21-CR-175-4 |
| v. | ) | |
| | ) | |
| CHARLES DONOHOE, | ) | |
| | ) | |
| Defendant. | ) | |

**MOTION FOR REVOCATION OF DETENTION ORDER**

Defendant, Charles Donohoe, respectfully requests that the Court revoke the detention order entered by United States Magistrate Judge Harvey on April 22, 2021 and place him on pretrial release pursuant to the recommendations of the Pretrial Services Report: release to a third-party custodian, home incarceration and location monitoring. In support of his motion, Mr. Donohoe submits the following:

A. <u>Procedural History</u>.

On March 10, 2021, a grand jury in the District of Columbia issued a six-count superseding indictment, charging defendant Charles Donohoe with Conspiracy, in violation of 18 U.S.C. § 371; Obstruction of an Official Proceeding and Aiding and Abetting, in violation of 18 U.S.C. § 1512(c)(2); Obstruction of Law Enforcement During Civil Disorder and Aiding and Abetting, in violation of 18 U.S.C. § 231(a)(3); Destruction of Government Property and Aiding and Abetting, in violation of 18 U.S.C. § 1361; Entering and Remaining in a Restricted Building or Grounds, in violation of 18 U.S.C. § 1752(a)(1); and Disorderly Conduct in a Restricted Building or Grounds, in violation of 18 U.S.C. § 1752(a)(2).

Donohoe was taken into custody at his place of work in Kernersville, North Carolina on March 17, 2021.  He appeared in the United States District Court for the Middle District of North Carolina, where he waived his right to an identity hearing and a detention hearing, electing to have the detention hearing in the District of Columbia.

A detention hearing took place on April 19, 2021, and Mr. Donohoe was ordered detained by Magistrate Judge G. Michael Harvey on April 22, 2021.

B.      Applicable Law

This Court must review the Magistrate Judge's detention order promptly and under a *de novo* standard of review.  *See* 18 U.S.C. § 3145(b).

In *United States v. Salerno*, 481 U.S. 739 (1987), the Supreme Court held that "[i]n our society liberty is the norm, and detention prior to trial is the carefully limited exception." 481 U.S. at 755.  Pretrial release should only be denied for "the strongest of reasons." *Truong Dinh Hung v. United States*, 439, 1326, 1329 (1978).

In this case, the presumption of detention applies pursuant to 18 U.S.C. § 3142(e)(3)(C).  Mr. Donohoe is charged in count four of the indictment with a violation of 18 U.S.C. § 1361, which carries a sentence of up to 10 years imprisonment and is listed in 18 U.S.C. § 2332b(g)95)(B).   At the detention hearing, Magistrate Judge Harvey found that Mr. Donohoe rebutted the presumption with respect to risk of flight. Hr'g Trans., 4/22/21, p. 6:11-14. He also found that Mr. Donohoe rebutted the presumption with respect to dangerousness. Hr'g Trans., 4/22/21, p. 7:2-3.  After determining that Mr. Donohoe rebutted the presumption, Judge Harvey found that the four factors listed in 18 U.S.C. § 3142(g), supported detention.  Hr'g Trans., 4/22/21, p. 7:8-10.

2

18 U.S.C. § 3142(g) sets out the factors that the court must consider in determining whether there are conditions of release which will reasonably assure the appearance of the person as required and the safety of any other person and the community:

> (1) the nature and circumstances of the offense charged, including whether the offense is a crime of violence, a violation of section 1591, a Federal crime of terrorism, or involves a minor victim or a controlled substance, firearm, explosive, or destructive device;
>
> (2) the weight of the evidence against the person;
>
> (3) the history and characteristics of the person, including—
>
> (A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and
>
> (B) whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and
>
> (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

18 U.S.C. § 3142(g).

C.  Mr. Donohoe's Personal History and Background

In his filed Response to the Government's Motion for Detention and Motion for Bond Mr. Donohoe provided extensive information about his background, his military service, his ties to the community and his family support.  Mr. Donohoe, an Eagle Scout, served in the Marines for four years and then as a military contractor for six years.  ECF No. 60 pp. 3-5. He has lived in North Carolina for 30 of his 33 years and has strong family ties to the area.

3

He is the father of a five-year-old son and spends three days each week with him.  ECF No. 60 pp. 2-3. Mr. Donohoe's criminal history is minor – a prior conviction for underage possession of alcohol. ECF No. 60 pp. 14. He does have a pending DUI charge, but there is no evidence of failures to appear or failures to comply with court orders.  Mr. Donohoe has a positive employment history and is involved in the care of his young son. ECF No. 60 p. 5.

After the events of January 6, Mr. Donohoe took no steps to evade the law or to escape detection.  He returned to his home in Kernersville, North Carolina where he continued his day-to-day life, going to work and caring for his young son. ECF No. 60 p. 8. In February of 2021, he participated in a community wide search for a missing teenager, appearing on a local newscast as he and Blitz, his trained search and rescue dog, attempted to locate the young girl. *Id.*

Mr. Donohoe was easily located by law enforcement who arrested him at his place of work in Kernersville, North Carolina, on March 17, 2021.  When he was taken into custody, no contraband was located by the arresting authorities. *Id.* At their request, Mr. Donohoe voluntarily gave them a couple of articles of clothing with Proud Boys logo on it. *Id.*

D.  Argument

During the events of January 6, there is no evidence that Mr. Donohoe forcibly moved or destroyed property, nor that he  committed any acts of violence during the events of January 6.  He never entered the Capitol.  He did not assault or harass any law enforcement officer or security guard.  He did not instruct, nor did he encourage anyone to act in a violent or destructive manner, on Telegram or in any other way.

4

### 1.    Nature and Circumstances of the offense

Magistrate Judge Harvey considered several factors in evaluating the nature and circumstances of the offense:

a.    **Telegram communication**s.  While it is true that Mr. Donohoe assisted in the creation of a new Telegram channel after the chairman of the Proud Boys was arrested, a review of the communications fails to uncover anything suggesting a plan to storm the Capitol or disrupt the scheduled counting of the electoral vote by Congress.  The participants in the chat did plan the trip to Washington D.C., but there is no discussion of orchestrating the type of event that occurred on January 6.  The comments attributable to Mr. Donohoe to the other members, while they show the planning of a trip to Washington D.C. to attend the rally, they do not mention any type of planned violence at the Capitol.

b.    **Proud Boy's "march" to the Capitol**.  Video evidence provided by the Government shows the group of Proud Boys walking together towards the Capitol.  A member (not Mr. Donohoe) yells, "Let's take the fucking Capitol."  He is admonished by another person in the group.  Mr. Donohoe is not seen in this video.  Mr. Donohoe is later seen on video walking with a large group of people past barriers, that had already been knocked down by others.  There is no evidence of him pushing people, directing others to go  forward or even touching barriers.  As to his statement "we are trying" on Telegraph, there is no evidence as to who or which comment he is responding to.

c.    **Dominic Pazzola's shield**.  There is video of Mr. Donohoe walking with Pizzola with his hand on the shield Pizzola took from a security officer.  As stated in Magistrate Judge Harvey's order, there is no evidence that Mr. Donohoe had anything to do

with the taking of the shield or the breaking of the window at the Capitol with the shield. The fact that he says on Telegram "got a shield" is not evidence of any culpability on his part with respect to the shield.

      d.    **The crowd's push up the stairs of the West Terrace of the Capitol**.  The Government's evidence shows Mr. Donohoe in the middle of the group as the crush of people begin to ascend the stairs.  Mr. Donohoe is swept up in the crowd, and as he is pushed forward, a bottle strikes him in the head.  The video does not depict Mr. Donohoe leading the charge or pushing others forward.  When he arrives at the top of the stairs, he goes to the left.  His boastful comments on Telegram later that evening such as "I stood on the front line and pushed it twice" are belied by what is actually depicted in the video.

      e.    **The Telegram statement "regrouping with a second force."**  Despite the message on Telegram from Mr. Donohoe, there is no evidence that he in fact assembled a second force, much less intended to do so.  In fact, he attempted to persuade others on the channel to cease their activities by letting them know of incoming law enforcement.  He sent out the message to leave the Capitol from Vice President Pence.  His further braggadocio on Telegram was just that.  The video and Telegram evidence does not support any plan or the carrying out of any plan by Mr. Donohoe to commit acts of violence at the Capitol or to stop Congress from certifying the election.

      2.    **Weight of the evidence.**

      While there is no dispute that the Government has evidence both in the form of videos and Telegram chats, it does not support their theory that Mr. Donohoe was a part of a

conspiracy to commit acts of violence on January 6 and to interfere with Congress' certification of the election.

### 3. History and characteristics.

The response filed by Mr. Donohoe to the Government's motion for detention sets out in great detail Mr. Donohoe's history and characteristics. ECF No. 60. To summarize, Mr. Donohoe is an honorably discharged Marine, who served his country both during and after his military service.  He has a strong community of friends and family.  He is gainfully employed and a great father to his young son.  He has no history of violence or a criminal history of violent offenses.  He loves his country and has great respect for those who work in law enforcement.   Mr. Donohoe contributes to his community by being involved in charitable projects and volunteering to help others.

In his order, Magistrate Judge Harvey makes two observations that he finds undercut the positive characteristics of Mr. Donohoe:

**a.      Mr. Donohoe should not be required to disclaim his beliefs or renounce his membership in the Proud Boys in order to qualify for pretrial release.**

The fact that Mr. Donohoe has not disclaimed his beliefs or renounced his membership in the Proud Boys should not be utilized in the determination of whether pretrial release is warranted.  Aside from Mr. Donohoe's comments immediately after the events of January 6, there is no evidence of any further comments regarding the incident.  The Government has presented no evidence that before or after January 6, Mr. Donohoe made any comments regarding any plan to commit any acts of violence towards the government.

7

Mr. Donohoe has a constitutional right to not incriminate himself by making statements regarding the charges he is facing.  In effect, he is being punished for invoking his Fifth Amendment right against self-incrimination.

**b.      After January 6, Mr. Donohoe did not "nuke" the Telegram channel or destroy any other evidence.**

The Telegram conversation several days after January 6 regarding the "nuking" of the channel did not result in Mr. Donohoe deleting the channel.  It appears from the evidence provided by the Government that he did not make a serious attempt to do this.

Additionally, there is no evidence that Mr. Donohoe attempted to or destroyed any evidence of any items relating to the January 6 incident.  When he was arrested, no contraband was located by authorities.  He complied with the request to give them a couple of items of clothing with Proud Boy's logo.  There is nothing illegal about owning such clothing, and Mr. Donohoe made no attempt to hide the items.

**4.      Nature and seriousness of the danger to any person or the community.**

**a.      Mr. Donohoe does not present an identifiable and articulable threat to the safety of the community.**

In discussing this factor, Magistrate Judge Harvey found that Mr. Donohoe served as a "trusted senior lieutenant" who was "responsible for ensuring the group's secure communications."  Hr'g Trans., 4/22/21, p. 32:2-5.  The evidence does not support this finding.  Mr. Donohoe did help to set up another Telegraph channel, but that is hardly proof that he had the primary responsibility of setting up, maintaining much less ensuring the

8

communication of the group.  Further, there is no evidence to support the idea that if released pretrial, Mr. Donohoe would somehow create another secure communication system which would then marshal others to attack the Capitol, or any other government entity.

It is true that Mr. Donohoe arrived at the Capitol on January 6 and that he, along with others, assembled and marched towards the Capitol.  However, there is no evidence of any plan to engage in the violent events that occurred, and certainly no evidence of any desire or plan on Mr. Donohoe's part to recreate those events after January 6.  Mr. Donohoe's braggadocio after the event was brought on by the adrenaline of the moment and should not be regarded as evidence of any intent on his part to commit any future acts of violence.

**b.      There are conditions or combination of conditions that will reasonably assure Mr. Donohoe's presence in court and/or the safety of any other person or the community.**

An additional reason expressed by Magistrate Judge Harvey as support for his detention order was that Mr. Donohoe has not been on pretrial release, therefore has no "track record of compliance on which to rely." Hr'g Trans., 4/22/21, p. 34:23-24.  Mr. Donohoe has no "track record," because he was in fact detained, and has remained detained since he was served with the indictment and taken into custody.  This reason hardly seems fair, given Mr. Donohoe's circumstances.   There are factors which the Court can consider which should outweigh the fact that Mr. Donohoe has no pretrial release history, lack of significant criminal history, record of appearing in court and his military service.  All of these factors point to a person who is responsible, reliable and will follow the Court's requirements to the letter.

9

The recommendations contained in the pretrial services report are very restrictive.  If accepted by the Court, Mr. Donohoe would be placed in the custody of his grandmother and would live exclusively at his grandparents' home.  Under home incarceration, he would be under a 24-hour lockdown, not allowed to leave for any reason except for medical treatment, court appearances and meeting with his attorney. He would be required to submit to electronic monitoring.  Additionally, he would be restricted from using social media.  If the Court further ordered, Mr. Donohoe would be willing to abstain from the use of any computer, tablet, smart phone, or any device that allowed internet access.

The Government does not contend that Mr. Donohoe is a flight risk, which was also the finding of Magistrate Judge Harvey.  The conditions above reasonably assure the safety of any other person and the community. 18 U.S.C. § 1342(c)(1).

E. <u>Conclusion</u>

For the foregoing reasons, Mr. Donohoe respectfully requests that he be placed on pretrial release, with the conditions of home incarceration, his grandmother serving as third party custodian, and electronic monitoring.  Mr. Donohoe agrees to abide by those conditions, as well as any others imposed by the Court.

DATED:  <u>May 3, 2021.</u>

BY:

/s/ Lisa S. Costner

_____

LISA S. COSTNER
Lisa S. Costner, P.A.
NC State Bar #14308
952 W. 4th St., Ste 200
Winston Salem, NC 27101

10

(336) 748-1885
lisa@lisacostnerlaw.com

11

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on <u>May 3, 2021,</u> I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Jason McCullough
Luke Jones
Assistant United States Attorneys


Respectfully Submitted,

/s/ Lisa S. Costner

_____

LISA S. COSTNER
Lisa S. Costner, P.A.
NC State Bar #14308
952 W. 4th St., Ste 200
Winston Salem, NC 27101
(336) 748-1885
lisa@lisacostnerlaw.com