UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | |
| v. : | Case No. 21-CR-175-1 (TJK) |
| : | |
| ETHAN NORDEAN, : | |
| : | |
| Defendant. : | |

## GOVERNMENT STATUS REPORT

At the July 15, 2021, status hearing in this case, the Court ordered the parties to submit a joint status report regarding defendant Ethan Nordean's access to discovery and his ability to confer with counsel while detained at the Federal Detention Center (FDC) SeaTac, a federal Bureau of Prisons (BOP) facility in Seattle, Washington.

As described herein, beginning immediately after the status hearing, the government began communicating with attorneys at FDC SeaTac and the BOP. The government also continued its communications with defense counsel to provide updates on the government's findings.

On July 25, 2021, the government sent a draft status report to defense counsel. That status report is substantially identical to the substance presented below. Defense counsel responded shortly thereafter and reiterated his complaints about the government's *ex parte* communications with FDC and BOP, which were having the (apparently unwelcome) effect of improving the conditions of Nordean's access to materials and counsel. Defense counsel advised that he would not participate in the preparation of a joint status report. Government counsel responded and made clear that it welcomed defense counsel's contribution to the joint status report, including any comments as to the shortcomings of the accommodations or remaining questions as to the process. Defendant again refused to participate in or contribute to the joint status report.

Defense counsel has indicated that he does not agree with certain representations in this report. The government has not attempted to characterize those complaints here given that defense counsel intends to file a separate status report.

// // //

On April 20, 2021, the Court granted the government's motion to revoke the defendant's pretrial release. Doc 65 (Detention Order). The Court ordered the defendant to report for confinement as directed by the Pretrial Services Office in the Western District of Washington. *Id.* at 3. The Court further ordered that "[t]he defendant must be afforded a reasonable opportunity for private consultation with defense counsel," and that, "[o]n order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility must deliver the defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding." *Id.* On June 25, 2021, the Court of Appeals affirmed this Court's pretrial detention order. Doc. 107.

Following this Court's April 20, 2021, order, the defendant, who is a resident of the state of Washington, was detained—and remains detained—at FDC SeaTac. In correspondence with the government and statements to the Court, defense counsel has raised concerns regarding the defendant's ability to review discovery and confer with defense counsel while detained. On July 1, 2021, the government offered to contact FDC SeaTac regarding defense counsel's concerns. On July 14, 2021, defense counsel responded and restated his concerns. Defense counsel also forwarded a message from FDC SeaTac explaining that the facility permits defense counsel to visit clients without an appointment seven days a week, and that counsel may bring electronics such as a laptop to review discovery with their client. The government responded that day by offering to

reach out to FDC SeaTac, either with defense counsel or separately, to find out what solutions might be possible.

Immediately after the hearing on July 15, 2021, the government made contact with FDC SeaTac. Since that time, the government has communicated both by email and telephone with attorneys and executive staff at FDC SeaTac and the Bureau of Prisons.  Based on those communications, the government has learned that although FDC SeaTac adjusted its operations significantly during the pandemic, the facility has returned to its normal, pre-pandemic policies and procedures, including those regarding legal visits and discovery review.  Those policies and procedures, a copy of which are attached hereto as Exhibit A, provide for in-person meetings with defense counsel seven days per week. The government has further learned that defense counsel and their clients can communicate using a "CJA phone" located within each unit and that defendants may also arrange to have hour-long telephone calls with their attorneys that take place in a private room within the facility.

FDC SeaTac permits attorneys to review discovery materials with a defendant in person on a computer, upon execution of a signed agreement form, included in Exhibit A.  FDC SeaTac also provides various methods by which defendants can independently review discovery materials. Among other things, Defendants are permitted to keep legal paperwork in their cells.  Defendants are also permitted to keep CDs/DVDs of electronic materials in their cells; this electronic media can be reviewed on computers located within the defendant's unit.  FDC SeaTac also has a policy that will facilitate the review of materials designated as "sensitive" and "highly sensitive" under the protective order issued in this case.  CDs/DVDs containing such materials may kept in the custody of the Education Office and defendants are permitted to check out and review those materials on computers within that unit. The government is willing to work with the defendant and

his counsel to address any requirements in the Protective Order that require "supervision" of Defendant's review of "sensitive" and "highly sensitive" materials.

With respect to communication facilities, FDC SeaTac has a limited number of rooms set up for video teleconferencing. Those rooms are allocated primarily to defendants who have scheduled court appearances. Although those facilities were also made available during the pandemic for legal and certain social visits, FDC SeaTac has discontinued this option with the resumption of in-person visits due to the staffing and resource allocation that in-person visits require.

The government, FDC SeaTac, and the BOP recognize that the circumstances of this case are atypical. The defendant is currently detained in a facility far from the district in which he is charged, and far from his defense counsel, who are in New York, NY, and Alexandria, VA. FDC SeaTac has expressed that it is willing to make reasonable accommodations to facilitate communications between counsel and the defendant. Among the options would be to permit hour-long phone calls in a private room where the defendant could review legal materials and notes from his discovery review with defense counsel, and limited VTC meetings during which defense counsel could confer with the defendant over video. Please note that FDC SeaTac has advised that it requires at least 72 hours advance notice in order approve and process any such request. FDC SeaTac can also accommodate having non-attorneys working on behalf of the defense meet with the defendant in person (and outside the presence of an attorney) to review discovery materials. Any such request would be subject to a full and satisfactory background check for the non-attorney legal staff, and would require at least seven (7) days advance notice. Attorneys and Executive Staff at FDC SeaTac (including the warden) have reviewed the representations in this paragraph and confirmed their accuracy.

The government notes that it is the policy of the United States Marshal's Service to detain defendants in the jurisdiction in which they are charged. For the defendant, that policy will result in his eventual transfer to the District of Columbia. The D.C. Department of Corrections has robust procedures governing access to defense counsel and the review of discovery materials, including provisions permitting a defendant to have access to voluminous electronic evidence. Moreover, both the Central Detention Facility and the Correctional Treatment Facility in Washington, D.C., are located near one of defendant Nordean's attorneys, whose office is located in Alexandria, VA, and significantly closer to his co-counsel in New York.

        Respectfully submitted,

        CHANNING D. PHILLIPS
        Acting United States Attorney
        DC Bar No. 415793

By:    /s/ *Jason McCullough*
        JASON B.A. MCCULLOUGH
        D.C. Bar No. 998006; NY Bar No. 4544953
        LUKE M. JONES
        VA Bar No. 75053
        Assistant United States Attorneys
        555 4th Street, N.W.
        Washington, D.C. 20530
        (202) 252-7233
        jason.mccullough2@usdoj.gov