**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>   *Plaintiff*,<br><br> v.<br><br>ETHAN NORDEAN,<br><br>   *Defendant*. | Criminal Action No. 21-175-1 (TJK) |

<u>**MEMORANDUM OPINION AND ORDER**</u>

In this case stemming from the events at the U.S. Capitol on January 6, 2021, the Grand Jury has charged Defendant Ethan Nordean, an alleged member of the Proud Boys, with (1) conspiracy to obstruct Congress's certification of the Electoral College vote related to the 2020 Presidential election and to interfere with law enforcement, in violation of 18 U.S.C. § 371; (2) obstruction of an official proceeding, in violation of 18 U.S.C. § 1512(c)(2) and 2; (3) obstruction of law enforcement during a civil disorder, in violation of 18 U.S.C. § 231(a)(3) and 2; (4) depredation of government property, in violation of 18 U.S.C. § 1361 and 2; (5) entering and remaining in a restricted building or grounds, in violation of 18 U.S.C. § 1752(a)(1); and (6) disorderly conduct in a restricted building or grounds, in violation of 18 U.S.C. § 1752(a)(2). ECF No. 26.  Before the Court is Nordean's Motion to Compel Discovery and for a Bill of Particulars.  ECF No. 88.  The Court held a hearing on the motion on July 15, 2021, and will deny it for the reasons explained below.

**I.  Discovery**

"Upon a defendant's request, the government must permit the defendant to inspect and to copy or photograph books, papers, documents, data, photographs, tangible objects, buildings or

places, or copies or portions of any of these items, if the item is within the government's

possession, custody, or control and: (i) the item is material to preparing the defense; (ii) the

government intends to use the item in its case-in-chief at trial; or (iii) the item was obtained from

or belongs to the defendant."  Fed. R. Crim. P. 16(a)(1)(E).

Nordean seeks to compel the Government to produce (1) evidence that he caused more

than $1,000 in damage to government property, as alleged in Count Four of the First Superseding

Indictment; (2) evidence that he obstructed law enforcement during a civil disorder, as alleged in

Count Three; (3) evidence that he conspired with Dominic Pezzola, another alleged Proud Boy

charged in a separate case but whom the Government represents is Nordean's co-conspirator in

the conspiracy charged in Count One; (4) the identity of UCC-1, an unindicted individual whom

the Government also represents is Nordean's co-conspirator; and (5) evidence that the U.S.

Secret Service secured the area around the Capitol on January 6, which Nordean asserts is

relevant to Counts Five and Six.  ECF No. 88 at 7–8.

The Government's responses have mooted three of Nordean's requests.  First, it

represents that the property damage it attributes to Nordean is the window of the Capitol that

Pezzola is charged with breaking, and—now that Nordean has agreed to a protective order—it

will produce to him a report by the Architect of the Capitol showing the damage amount.  July

15, 2021 Hr'g Tr. at 54, 57.[1]  Second, the Government represents it has already informed

Nordean of UCC-1's identity.  *Id.* at 57–58.  And third, the Government has represented it is

aware of no evidence that the Secret Service secured the area around the Capitol on January 6.

*Id.* at 42, 46–47.

---

[1] Citations to the July 15, 2021, hearing on the motion are to page numbers in a "rough" transcript.

As for the remaining two requests, Nordean does not point to any specific documents or information related to these topics that the Government is withholding from him. And the Government denies that it is doing so, and notes that discovery is ongoing. *Id.* at 48–49, 64. Thus, at this time there is nothing for the Court to compel, so Nordean's motion will be denied. If appropriate, of course, Nordean may renew his motion as the case proceeds.

## II.    Bill of Particulars

An indictment need only include "a plain, concise, and definite written statement of the essential facts constituting the offense charged," but a court may, in its discretion, "direct the government to file a bill of particulars" clarifying the allegations in the indictment. Fed. R. Crim. P. 7(c)(1), (f). "A bill of particulars can be used to ensure that the charges brought against a defendant are stated with enough precision to allow the defendant to understand the charges, to prepare a defense, and perhaps also to be protected against retrial on the same charges." *United States v. Butler*, 822 F.2d 1191, 1193 (D.C. Cir. 1987). "[I]f the indictment is sufficiently specific," however, "or if the requested information is available in some other form, then a bill of particulars is not required." *Id.* In deciding whether to order a bill of particulars, "the court must balance the defendant's need to know evidentiary-type facts in order to adequately prepare a defense with the government's need to avoid prematurely disclosing evidentiary matters to the extent that it will be unduly confined in presenting its evidence at trial." *United States v. Sanford Ltd.*, 841 F. Supp. 2d 309, 316 (D.D.C. 2012) (internal quotation marks omitted).

Nordean seeks a bill of particulars identifying the following: (1) the government property he allegedly depredated, as alleged in Count Four; (2) the amount of damage to that property; (3) how he depredated, tried to depredate, or aided the depredation of that property; (4) the acts constituting his alleged obstruction of law enforcement during a civil disorder as alleged in

Count Three; and (5) whether the Secret Service restricted the Capitol on January 6, which he asserts is relevant to Counts Five and Six.  ECF No. 88 at 8.  The Court will deny as moot Nordean's requests for the Government to identify the federal property he damaged and the amount of the damage because, as already explained in connection with his motion to compel, the Government has already provided him that information, and "if the requested information is available in some other form then a bill of particulars is not required."  *Butler*, 822 F.2d at 1193. In addition, as already explained, the Government has represented that it has no evidence that the Secret Service restricted access to the Capitol on January 6.

That leaves Nordean's requests that the Government identify (1) the acts constituting his alleged obstruction of law enforcement during a civil disorder, as charged in Count Three, and (2) how he depredated government property, as charged in Count Four.  The Court finds that a bill of particulars on these matters is unwarranted.  As described below, between the detailed, eighteen-page First Superseding Indictment, the Government's clarifying representations, and some of the evidence proffered by the Government so far in this case, the charges against Nordean are clear enough to allow him to understand them and prepare a defense.

The offense charged in Count Three of the First Superseding Indictment prohibits "commit[ing] or attempt[ing] to commit any act to obstruct, impede, or interfere with any . . . law enforcement officer lawfully engaged in the lawful performance of his official duties incident to and during the commission of a civil disorder which in any way or degree obstructs, delays, or adversely affects . . . .the conduct or performance of any federally protected function."  18 U.S.C. § 231(a)(3).  The First Superseding Indictment specifies in great detail how Nordean and his co-defendants are alleged to have done so, either directly, under an aiding and abetting

theory, or as co-conspirators[2]—in summary, by planning an attack on the Capitol on January 6 to disrupt Congress's certification of the Electoral College vote; using encrypted communications and programmable handheld radios to coordinate the attack; dismantling metal barricades deployed to protect law enforcement and those inside the Capitol on that day; storming past those barricades and law enforcement officers; and entering the Capitol to disrupt the proceedings there.  ECF No. 26 ¶¶ 1–24, 31–68.  And on that day, the First Superseding Indictment alleges, "only authorized individuals with appropriate identification were allowed on the Capitol grounds or inside the Capitol building," and the Capitol was "secured 24 hours a day by United States Capitol Police . . . and permanent and temporary barriers that restrict access to the Capitol grounds and building."  *Id.* ¶ 13.

The First Superseding Indictment alleges that Nordean planned and led the attack, even if much of it was carried out by his co-defendants and other co-conspirators, including (the Government represents) Pezzola.  For Nordean in particular, it alleges that he raised funds for protective gear and communications equipment for the Proud Boys to use on January 6, *id.* ¶ 37; was included in encrypted communications channels used to plan the attack, *id.* ¶¶ 39, 42; was referred to more than once by members of the group as its leader, *id.* ¶¶ 47, 50; physically led a group of Proud Boys to the Capitol on January 6 and carried a bullhorn, *id.* ¶¶ 52–53; "charged toward the Capitol by crossing over the barriers that had been violently disassembled" by others, *id.* ¶ 55; "positioned himself near the front of the crowd," *id.* ¶ 56; "advanced toward the west plaza of the Capitol," *id.* ¶ 57; "shook a metal barricade," "knock[ed] it down," and "advanced past the trampled barricade," *id.* ¶ 58, and finally "entered and remained in the Capitol," *id.* ¶ 66.

---

[2] Count One of the First Superseding Indictment alleges that Nordean and his co-defendants conspired to violate 18 U.S.C. § 231(a)(3) as well.

Nordean may think Count Three is legally deficient in some way—and he has moved to dismiss it—or that the evidence against him will not be enough for the Government to meet its burden at trial.  But all this is more than enough for him to understand how he is alleged to have violated 18 U.S.C. § 231(a)(3) so that he can prepare his defense.

The Court will also decline to order a bill of particulars related to Count Four.  That offense prohibits "willfully injur[ing] or commit[ing] any depredation against any property of the United States."  18 U.S.C. § 1361.  The First Superseding Indictment alleges that Pezzola broke a window that allowed rioters to enter the Capitol, ECF No. 26 ¶ 62, and the Government represents that Count Three charges Nordean with depredating that same window on an aiding and abetting theory, ECF No. 45 at 6–7; ECF No. 93 at 5.  And in light of the conspiracy charged in the First Superseding Indictment and its objects, this aiding and abetting theory is not hard to understand.  Indeed, photographs proffered by the Government show Nordean's co-defendant and alleged co-conspirator Charles Donohoe, another alleged Proud Boy, helping Pezzola carry a riot shield that Pezzola is alleged to have used to break the window.  ECF No. 87 at 8.  Given the Government's clarifying representations and this proffered evidence, as with Count Three, Nordean has more than enough information to understand this charge against him and for him to prepare his defense.

Nordean argues that "[a] bill of particulars is appropriate for identifying the specific acts a defendant allegedly took to commit the offense, where the indictment fails to allege them or does so vaguely."  ECF No. 88 at 5.  True enough.  But in summary, the allegations in the First Superseding Indictment against Nordean, the Government's clarifying representations about the property at issue in Count Four, and the other evidence the Government has proffered in this case so far are hardly vague when it comes to Nordean's alleged role in the charged crimes.  In

contrast, Nordean has no right to receive information that is "evidentiary in nature" and reveals how the Government will prove its case, rather than clarifies the charges.  *United States v. Concord Mgmt. & Consulting LLC*, 385 F. Supp. 3d 69, 77 (D.D.C. 2019); *see also United States v. Lorenzana-Cordon*, 130 F. Supp. 3d 172, 174 (D.D.C. 2015) ("A bill of particulars properly includes clarification of the indictment, not the government's proof of its case."); *United States v. Bazezew*, 783 F. Supp. 2d 160, 168 (D.D.C. 2011) ("[A] bill of particulars is not a discovery device or a tool for allowing the defense to preview the government's theories or the government's evidence.").

The cases Nordean cites support the line the Court draws here.  They stand for the general proposition that a court may require a bill of particulars to inform a defendant about core acts underlying the charged offenses—for example, if the Government had not already done so, to inform Nordean that the depredation at issue in Count Three was Pezzola's breaking of the Capitol window—but not the Government's evidence or theories.  *Compare, e.g.*, *United States v. Trie*, 21 F. Supp. 2d 7, 23 (D.D.C. 1998) (government required to identify purportedly false statements and property fraudulently obtained), *with Concord*, 385 F. Supp. 3d at 77 (government not required to identify bank, social media, or email accounts, or VPNs referenced in indictment because they would "serve only as evidence of the underlying" fraudulent activity alleged), *and United States v. Palfrey*, 499 F. Supp. 2d 34, 51–52 (D.D.C. 2007) (government not "required to disclose its theories," for instance how defendant had the requisite intent as to element of underlying money-laundering offense).

In addition, to the extent that Nordean's request for a bill of particulars about his alleged obstructive acts is also directed at the conspiracy to violate 18 U.S.C. § 231(a)(3) charged in Count One, the cases he cites get him no further.  In the First Superseding Indictment, the Grand

Jury has alleged many overt acts in furtherance of the conspiracy in considerable detail, as

explained above.  ECF No. 26 ¶¶ 31–68.  But as the cases Nordean cites point out, the

Government need not spell out every overt act in furtherance of a conspiracy.  *See, e.g.*, *Trie*, 21

F. Supp. 2d at 23 ("To require the government to identify all alleged overt acts (many of which

may be innocent in themselves or may be incidental meetings, conversations or phone calls) in

furtherance of the alleged conspiracies would be a heavy burden indeed and not essential to the

preparation of a defense."); *Concord*, 385 F. Supp. 3d at 76 (government not required to specify

which conspirators committed each act alleged in the indictment or clarify defendant's role in the

conspiracy); *Bazezew*, 783 F. Supp. 2d at 168 (government not required to provide "a description

of the nature of all acts or statements that each defendant allegedly engaged in or uttered in

support of or in furtherance of the conspiracy").[3]  Nordean does not explain why the overt acts

alleged in the First Superseding Indictment do not provide him with enough information to

understand the conspiracy charge against him and prepare his defense.

---

[3] In rare instances, courts have ordered the government to provide more information about a
defendant's overt acts related to a conspiracy, but that is not warranted by the circumstances
here.  In *United States v. Ramirez,* the court ordered the Government to "provide particulars as to
all overt acts (or at least all meetings and conversations) in which any defendant participated so
that each defendant may understand the government's view of his alleged role in the
conspiracy."  54 F. Supp. 2d 25, 30 (D.D.C. 1999).  But that indictment had unique problems not
present here.  In particular, as another court in this district has pointed out, the *Ramirez*
indictment "contained specific factual deficiencies" regarding the timing of the conspiracy
"leading the court to question whether the particular defendants requesting the bill of particulars
had ever entered into the alleged conspiracy."  *Lorenzana-Cordon*, 130 F. Supp. 3d at 177.
Thus, the defendants needed more details about the conspiracy's timeline than is typically
required to understand how they were supposed to have been involved in the conspiracy at all.
*Id.*  Similarly, in *United States v. Baker*, the court ordered the government to provide a bill of
particulars identifying any overt acts that were not—but could have been—charged in the
indictment and that the government intended to prove at trial.  262 F. Supp. 657, 675 (D.D.C.
1966).  But as later cases clarified, defendants are entitled only to general approximations,
*Butler*, 822 F.2d at 1194, and not "the minute details of the occurrence of the overt acts," *United
States v. Hubbard*, 474 F. Supp. 64, 81 (D.D.C. 1979).

**III.**    **Conclusion and Order**

For all the above reasons, it is hereby **ORDERED** that Defendant's Motion to Compel and for a Bill of Particulars, ECF No. 88, is **DENIED**.


**SO ORDERED.**

/s/ Timothy J. Kelly
TIMOTHY J. KELLY
United States District Judge

Date: August 9, 2021