**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| | ) |
| | ) |
| v. | ) Case No. 1:21-cr-175 |
| | ) |
| ETHAN NORDEAN, et al., | ) **Judge Timothy J. Kelly** |
| | ) |
| Defendants. | ) |
| | ) |

**DEFENDANT NORDEAN'S NOTICE OF RECENT AUTHORITY REGARDING
GOVERNMENT'S MOTIONS TO REVOKE RELEASE ORDERS IN JANUARY 6
CASES**

Following briefing on Defendant Nordean's motion to reopen bail proceedings, the

Court denied the government's motion to revoke a release order in *United States v. Russell*

*Taylor*, 21-cr-392 (D.D.C. Aug. 11, 2021), ECF No. 57, Exh. 1.  *Taylor* bears on the Court's

analysis of Nordean's motion.

The indictment in *Taylor* concerns the government's January 6-related charges against

the so-called "Three Percenters," described in the indictment as a "group of individuals, some of

whom associate with militias." *Taylor*, 21-cr-292, ECF No. 1, p. 4.  Just as in this case, Taylor

and other alleged co-conspirators are charged with conspiring to obstruct the Electoral College

vote count.  As with Nordean, Taylor was identified as a "leader" and "organizer" of the

conspiracy.  Exh. 1, p. 16.    Taylor, the government alleged, "organized a group of 'fighters' to

travel with weapons to Washington, D.C., on January 6, 2021." *Id.* at 2.  He described the

group's members as "ready and willing to fight." *Id.*  He provided advice about the weapons

permitted in D.C., saying "I believe that you can carry most fixed blades just not into the

government buildings." *Id.*  He allegedly coordinated with co-defendants to establish a radio

1

channel for the group to use in D.C.  *Id.*  A co-defendant brought Taylor's backpack to D.C., full

of weapons.  *Id.*  In a speech on January 5 near the Capitol, he said he would "fight" and "bleed

before allowing our freedom to be taken from us."  *Id.*  On January 6, Taylor wore a tactical

plate-carrier armored vest and carried a knife and a stun baton.  *Id.* at 3.  He was one of the initial

group of protestors who clashed with law enforcement at the Capitol.  Video depicts him

encouraging other protestors, shouting, "Move forward, Americans!" Video also showed him

pushing against a police barrier.  After the event, Taylor sent Telegram chats saying, "WE

STORMED THE CAPITOL!" and when asked what would happen next, responded,

"Insurrection!" *Id.*  Taylor was charged with six felonies, including conspiracy to obstruct an

official proceeding under Section 1512 and obstructing law enforcement during a civil disorder

under Section 231(a)(3).  *Id.* at 5.

Judge Lamberth denied the government's motion to revoke Taylor's release order.  Exh.

1, p. 12.  First, to the government's argument that Taylor belonged to an "extremist

organization," Judge Lamberth responded, "Taylor [] cannot be held because of his political

beliefs" and "the government proffers no additional information from which the Court can

conclude that Taylor is likely to act upon 'an extremist anti-government ideology' in the future."

*Id.* at 12.

Second, during his short time on pretrial release, "Taylor ha[d] complied with the

restrictions imposed on him. . ." *Id.*

Third, Judge Lamberth rejected the government's suggestion that "Taylor's lack of

remorse increases the likelihood that Taylor will engage in unlawful activity again.  . . [A]

statement of remorse could be used against Taylor in his criminal trial as evidence of guilt." *Id.*

at 13.  Further, the Court noted Taylor's lack of criminal history and family and community ties.

*Id.* at 14.

Fourth, the government argued that, unlike the defendant released in the D.C. Circuit's decision in *Munchel*, Taylor was a leader and organizer. *Id.* at 16. Judge Lamberth rejected this argument because "the government has proffered no facts suggesting that *during the past seven months* [since January 6], Taylor has engaged in 'organization' or other activity indicative of his dangerousness." *Id.*

Finally, the Court noted that the government failed to "point to the existence of a particularized threat." *Id.* at 17. That contrasts with the facts in the D.C. Circuit's decision in *United States v. Hale-Cusanelli*, 3 F.4th 449, 456 (D.C. Cir. 2021), the Court found, where the district court's forward-looking and particularized dangerousness determination was based on the defendant's knowledge of a confidential source's identity, his statements about committing violence against those he feels are pitted against him, his extensive history of statements condoning violence, and his willingness to put violent thoughts into action in the past. Exh. 1, p. 16. In short, in *Taylor*, the government failed to identify a specific "future threat by clear and convincing evidence." *Id.* at 17. Thus, one of the "leaders" of the "Three Percenters' conspiracy" was permitted to remain released on conditions.

Dated: August 11, 2021                                    Respectfully submitted,


                                                         /s/ David B. Smith
                                                         David B. Smith, D.C. Bar No. 403068
                                                         David B. Smith, PLLC
                                                         108 North Alfred Street, 1st FL
                                                         Alexandria, Virginia 22314
                                                         (703) 548-8911 / Fax (703) 548-8935
                                                         dbs@davidbsmithpllc.com


                                                         Nicholas D. Smith, D.C. Bar No. 1029802
                                                         David B. Smith, PLLC

3

7 East 20th Street, Suite 4R
New York, NY 10003
(917) 722-1096
nds@davidbsmithpllc.com
*Counsel to Ethan Nordean*

**<u>Certificate of Service</u>**

I hereby certify that on the 11h day of August, 2021, I filed the foregoing notice with the

Clerk of Court using the CM/ECF system, which will send a notification of such filing (NEF) to

the following CM/ECF user(s):

Jim Nelson
Assistant United States Attorney
555 4th Street, N.W., Room 4408
Washington, D.C. 20530
(202) 252-6986

And I hereby certify that I have mailed the document by United States mail, first class

postage prepaid, to the following non-CM/ECF participant(s), addressed as follows: [none].

/s/ David B. Smith
David B. Smith, D.C. Bar No. 403068
David B. Smith, PLLC
108 North Alfred Street, 1st FL
Alexandria, Virginia 22314
(703) 548-8911 / Fax (703) 548-8935
dbs@davidbsmithpllc.com