# United States Court of Appeals
#### FOR THE DISTRICT OF COLUMBIA CIRCUIT

_____

**No. 21-3021**  September Term, 2020

1:21-cr-00175-TJK-1
1:21-cr-00175-TJK-2

**Filed On:** June 25, 2021

United States of America,

    Appellee

    v.

Joseph Randall Biggs,

    Appellant

------------------------------

Consolidated with 21-3022

**ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

    **BEFORE:** Pillard, Wilkins, and Rao, Circuit Judges

## J U D G M E N T

    This appeal was considered on the record from the United States District Court for the District of Columbia and on the memoranda of law and fact filed by the parties. The court has determined that the issues presented occasion no need for an opinion. See D.C. Cir. Rule 36.  It is

    **ORDERED AND ADJUDGED** that the district court's pretrial detention orders entered on April 20, 2021 be affirmed.  Appellants have not shown that the district court clearly erred in finding that no condition or combination of conditions of release would reasonably assure the safety of the community.  See United States v. Munchel, 991 F.3d 1273, 1282 (D.C. Cir. 2021).  As we explained in Munchel, "those who actually assaulted police officers and broke through windows, doors, and barricades, and those who aided, conspired with, planned, or coordinated such actions, are in a different category of dangerousness than those who cheered on the violence or entered the Capitol after others cleared the way."  Id. at 1284.  In contrast to the defendants in Munchel, the district court here found that appellants provided leadership and planning for the Proud Boys in connection with the events at the Capitol on January 6, 2021,

# United States Court of Appeals
### FOR THE DISTRICT OF COLUMBIA CIRCUIT
_____

**No. 21-3021**                                              **September Term, 2020**

coordinating a large group of people and facilitating unlawful conduct. Appellants have not shown this finding was clearly erroneous, nor have they shown that the district court failed to consider conditions of release that could reasonably assure the safety of the community or that it failed to hold the government to its burden of proof. See id. at 1280.

To the extent that appellants argue that any information obtained after the district court's ruling independently warrants pretrial release, they should present such arguments to the district court in the first instance. See id. at 1281–82 ("Appellants did not raise [this] argument below, so we decline to pass on it in the first instance without the benefit of full briefing."); see also 18 U.S.C. § 3142(f) (providing that the district court may reopen detention hearing based on new information).

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after the resolution of any timely petition for rehearing or petition for rehearing en banc. See Red. R. App. P. 41(b); D.C. Cir. Rule 41.

**Per Curiam**

                                        **FOR THE COURT:**
                                        Mark J. Langer, Clerk

                              BY:       /s/
                                        Daniel J. Reidy
                                        Deputy Clerk