

U.S. Department of Justice

Channing D. Phillips
Acting United States Attorney

*District of Columbia*

---

*Judiciary Center*
*555 Fourth St., N.W.*
*Washington, D.C. 20530*

September 17, 2021

***Via Email***

Lisa Costner
Federal Public Defender MDNC
251 N. Main St. Suite 849
Winston-Salem NC 27101

J. Daniel Hull
Hull McGuire PC
888 Seventeenth Street, NW
Suite 1200
Washington, DC 20006

Jonathon A. Moseley
5765-F Burke Center Parkway #337
Burke, VA 22015

Nicholas Smith
7 East 20th Street
Suite 4R
New York, NY 10003

    Re: <u>United States v. Ethan Nordean et al.</u>, Cr. No.:  21-cr-175 (TJK)

Dear Counsel:

  We write to provide information regarding the above-captioned case in advance of next week's hearing, which is scheduled for 11:00 a.m. on Tuesday, September 21, 2021.  As you are aware, the Court is set to hear argument at that hearing on defendant Ethan Nordean's Motion to Dismiss (ECF 94), which was joined by defendant Joseph Biggs, who submitted briefing (ECF 105), and defendant Charles Donohoe (ECF 128).

In his motion, defendant Nordean sought dismissal of the conspiracy and substantive charges in the First Superseding Indictment based on 18 U.S.C. § 231(a)(3) (civil disorder), which makes it a crime to "commit[] or attempt[] to commit any act to obstruct, impede, or interfere with any fireman or law enforcement officer lawfully engaged in the lawful performance of his official duties incident to and during the commission of a civil disorder which in any way or degree obstructs, delays, or adversely affects commerce or the movement of any article or commodity in commerce or the conduct or performance of any federally protected function." *See* ECF 94 at 36-45.

Defendant Nordean argued that that charges based on 18 U.S.C. § 231(a)(3) should be dismissed because 18 U.S.C. § 231(a)(3) exceeded Congress's authority under the Commerce Clause. *Id.* at 36-42. In its opposition, the government noted (ECF 106 at 27-28) that defendant Nordean's Commerce Clause argument was misplaced, because the First Superseding Indictment did not allege jurisdiction under the provision in that statute related to commerce—that is, the prohibition of certain conduct "which in any way or degree obstructs, delays, or adversely affects commerce or the movement of any article or commodity in commerce." 18 U.S.C. § 231(a)(3) (the "commerce" provision).[1] Instead, as the government noted, the charges in the First Superseding Indictment were based on allegations regarding acts or attempted acts adversely affecting "the conduct or performance of any federally protected function" (the "federally protected function" provision). ECF 106 at 27-28.

The government hereby notifies defendants that the government reserves the right to allege in any subsequent superseding indictment that the jurisdictional bases for alleged violations based on 18 U.S.C. § 231(a)(3) include not only the "federally protected function" provision of the statute, but also the "commerce" provision. Under 18 U.S.C. § 231(a)(3), "commerce" means "commerce (A) between any State or the District of Columbia and any place outside thereof; (B) between points within any State or the District of Columbia, but through any place outside thereof; or (C) wholly within the District of Columbia." *See* 18 U.S.C. § 232.

The government is providing this information to the parties—and will also alert the Court through a filing—to ensure the government's position on this issue is clear and so that the parties may address the issue as necessary at the upcoming hearing. It remains the government's position that the defendants' motions to dismiss charges set forth in the First Superseding Indictment, including arguments regarding the "federally protected function" provision, are ripe for oral argument.

---

[1] The government explained in a footnote in its opposition why defendant Nordean's Commerce Clause argument lacked merit. ECF 106 at 27 n.6.

        Sincerely yours,

        CHANNING D. PHILLIPS
        ACTING UNITED STATES ATTORNEY

By:  */s/ Luke M. Jones*
        LUKE M. JONES
        JASON B.A. MCCULLOUGH
        Assistant United States Attorneys
        555 4th Street, N.W.
        Washington, D.C. 20530
        (202) 252-7066
        Luke.Jones@usdoj.gov