UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | Case No. 21-CR-175 (TJK) |
| | : | |
| ETHAN NORDEAN, et al. | : | |
| | : | |
| Defendants. | : | |

### UNITED STATES' CONSENT TO CONTINUE TRIAL

Based on the record before the Court, this case should not proceed to trial on August 8, 2022. The government joins all defendants in urging this Court to continue the trial. Moving the trial is necessary to avoid the potential Constitutional and due process issues that have been presented in the parties' filings. For the reasons described herein and as may be articulated at a hearing on this matter, the government proposes that the Court allow the parties one week to propose a pretrial motions and filing schedule that would allow for jury selection to commence on December 12, 2022.

### Defendants' Positions

Defendants Biggs and Pezzola assert that a continuance until December 12, 2022, is in the "best interest of the defendant [] in several respects." ECF 403 at 1. Biggs and Pezzola cite as a basis for continuance the need to review deposition and interview transcripts from the House Select Committee ("the Committee") "before trial—not during or after." *Id*. at 2. Biggs and Pezzola seek to start trial "after the midterms are over and some 'dust has settled' with respect to public opinion." *Id.*

For his part, Nordean agrees that the "continuance motion must be granted to protect the Defendants' rights which would otherwise be irreparably harmed." ECF 409 at 2. Tarrio moved to "adopt" Nordean's motion. ECF 410. Nordean and Tarrio assert that, among other "compelling

reasons," a trial continuance would allow "unprecedented levels of negative publicity[1] [] to abate, enabl[e] the Defendants to receive effective assistance of counsel, and permit[] the Defendants to receive the committee's interview transcripts." ECF 409 at 3. Nordean concludes that the trial "must be delayed," but he objects to an "indefinite continuance."[2]

Likewise, Rehl, who also joined Nordean's Response (ECF 411 and 412)[3], argues that a "continuance of the trial date in light of the unduly prejudicial pretrial publicity is warranted under binding case law." ECF 411 at 1. Rehl asserts that the "inflammatory and unfairly prejudicial publicity that is attending this case so close to trial is reaching a pervasive 'carnival atmosphere' that persuaded the Supreme Court to overturn [a] murder conviction." *Id.* at 6 (citing *Sheppard v. Maxwell*, 384 U.S. 333 (1966)). Counsel for Rehl has also repeatedly referenced the size and scope of the government's

---

[1] To the extent that Defendants again suggest that the government has coordinated the timing of its prosecution with the Committee and its hearing schedule, the government again rejects the suggestion and firmly denies that its charging decisions have been influenced by or coordinated with the Committee.

[2] Defendant Nordean also introduces various arguments concerning pretrial detention and severance. The government's position on Nordean's arguments is unchanged—Defendant Nordean should remain detained pending trial and this group of defendants should proceed to trial together. *See* ECF 17, 134 and 314. The Court should not engage in a barter and trade system with Nordean on these points when considering the motion to continue this trial. To the extent Nordean wishes to file a motion to reconsider detention and/or a motion to sever, the government will file a response to any such motion. Nordean raises these arguments for the first time in a response to a motion to continue filed by co-defendants. Should Nordean wish to address his incarceration status or severance affirmatively, he should file a motion seeking those reliefs, and the government will respond accordingly.

[3] Defendant Rehl requests until June 24, 2022, to determine whether he will "join Biggs' motion to continue." ECF 411 at 1. In light of the assertions that Defendant Rehl has made in his filings, including that counsel finds it "difficult to see" how the current posture will not "result in violating his constitutional rights" (*id.* at 7), the government submits that this Court can rule on this motion without further delay. Any additional relief, such as reconsideration of Rehl's pre-trial detention, can be addressed through motion practice and should not be bound to the decision to continue the trial.

discovery when describing the challenges that defense counsel have had in preparing for trial. *See e.g.* June 16, 2022 Hearing, 21-CR-175 (TJK).

### **Argument**

As previously disclosed to the Court and counsel, on April 20, 2022, and again on June 15, 2022, the government requested by letter that the Committee provide the Department of Justice with copies of the transcripts of its witness interviews, which public reporting estimates to number at least 1,000. Tarrio, Nordean, Biggs, and Pezzola have highlighted the need to review the Committee's deposition and interview transcripts before trial—not during or after. *See* ECF 403 at 1; ECF 409 at 3. The government agrees with this position.  The release of these transcripts after jeopardy has attached in this case would be detrimental to all parties and to the public interest. Given the prominence of the Proud Boys in the Committee's publicly televised hearings and the appearance of several Proud Boys members in publicly aired videotape depositions (*e.g.*, Tarrio), it is reasonably foreseeable that information relevant to the defendants' guilt (or innocence) could soon be released to the parties and the public. The parties' inability to prepare their respective cases to account for such additional information is potentially prejudicial—to all parties. The parties' inability to incorporate this information into their respective cases provides a strong basis to continue the trial until both sides are given a reasonable opportunity to review the information.

Moreover, as identifiable leaders of the Proud Boys organization, the defendants in this case have been uniquely featured in the hearings of the Committee. The defendants in this case were prominently introduced and described—by name—in the Committee's first primetime hearing, which took place on June 9, 2022. Representatives of the Committee have indicated that the relationship between the Trump Administration and the Proud Boys and other groups will be the subject of a future hearing. ECF 411 at 5. Were the trial in this case not continued, the parties in this case could find themselves in the unprecedented position of litigating a criminal trial simultaneous to the release of a Congressional report that is likely to include robust descriptions of the criminal conduct of the

3

defendants. Thus, this situation poses an even more acute problem than that considered by the First Circuit in *Delaney v. U.S.* 199 F.2d 107 (1st Cir. 1952) (Delaney went to trial within three months of congressional committee hearings that featured his misconduct.).

Finally, the defendants have repeatedly raised the need for rigorous *voir dire* to identify and assess any bias held by the potential jurors. The timing of the release of such information would make it difficult, if not impossible, to conduct meaningful *voir dire* given that investigative materials and the Committee's conclusions remain unknown to both the parties and this Court. The timing and prominence of the Committee's hearings and conclusions, and its focus on the conduct of the Proud Boys, including specific descriptions of the defendants in this case, heighten the need for a rigorous *voir dire* process. A continuance of the trial would provide adequate time for a jury questionnaire to be thoughtfully prepared and administered.

## Conclusion

WHEREFORE, the government moves this Court to continue the trial until December 12, 2022, when the Court may commence with *voir dire* and selection of a jury. The government proposes that jury selection can be completed prior to the week of December 26, 2022, which would allow opening statements to begin during the week of January 2, 2023. The government further moves this Court to order the parties to meet and confer and propose to the Court no later than June 29, 2022, a pretrial motions and filing schedule that would address the issues that have been raised by the parties in recent filings.

Respectfully submitted,

MATTHEW M. GRAVES
United States Attorney
DC Bar No. 481052

By:  /s/ Jason McCullough
JASON B.A. MCCULLOUGH

                D.C. Bar No. 998006; NY Bar No. 4544953
                ERIK M. KENERSON
                Ohio Bar No. 82960
                NADIA E. MOORE, NY Bar No. 4826566
                    On Detail to the District of Columbia
                Assistant United States Attorneys
                601 D Street, N.W.
                Washington, D.C. 20530
                (202) 252-7233 //
                jason.mccullough2@usdoj.gov

By:      /s/ Conor Mulroe
                CONOR MULROE, NY Bar No. 5289640
                Trial Attorney
                U.S. Department of Justice, Criminal Division
                1301 New York Ave. NW, Suite 700
                Washington, D.C. 20530
                (202) 330-1788
                Conor.Mulroe@usdoj.gov