UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA | * |
| | * |
| v. | *   CASE NO: 1:21-cr-0175-3 (TJK) |
| | * |
| ZACHARY REHL, | * |
| Defendant | * |

\*\*\*\*\*\*\*\*

## ZACHARY REHL'S MOTION TO DISMISS INDICTMENT
## ON FIRST AMENDMENT GROUNDS

Mr. Rehl, through undersigned counsel, respectfully moves to dismiss the Third Superseding Indictment ("Indictment") on the grounds that the charges that have been filed against him are an unconstitutional burden on free speech and associational rights in violation of the First Amendment.

The Indictment violates the First Amendment because it rests solely on Mr. Rehl's political views and First-Amendment protected statements. The Indictment does not allege that Mr. Rehl committed a single act that is criminal.[1] He is not alleged to have injured or assaulted anyone or battled law enforcement. He is not alleged to have destroyed any property or removed any police barricades. He is not alleged to have used force in any fashion. He did not toss water bottles at anyone. He did not wrest any police shields from officers. He did not use a weapon or deploy irritants. When he allegedly entered the Capitol at 2:53 p.m., the proceedings had been suspended for nearly 40 minutes. He did not force his way into the building. He entered at the same time as hundreds or thousands of other Americans, none of whom have been charged with multiple felonies, including seditious conspiracy. According to discovery produced by the government, at the time Mr. Rehl entered the Capitol his ground had learned that the Vice President had left the Capitol. The

---

[1] Buying a handful of radios for ease of communications and raising travel funds are not illegal under any federal law.

express reason for entering the Capitol was to see what had taken place, not to force anyone to do anything or to intimidate any one or obstruct any proceeding. No allegation in the Indictment supports any contrary inference.

Even the seditious conspiracy charges brought against a number of members of the Oath Keepers were only brought against the members who are alleged to have brought firearms, including in some instances AR-15 to a hotel in Northern Virginia allegedly for use as a "quick reaction force." *See, e.g., United States v. Rhodes,* No. 22-cr-15 (APM). In this case, there is no allegation that any weapons or firearms were brought to DC by Mr. Rehl or any of the named codefendants.

In sum, Mr. Rehl made a few isolated statements over a period of months about the political events of the day, the type of speech which is at the heart of the protections afforded by the First Amendment. Many of the alleged statements preceded the dates of the alleged conspiracy. None of the statements presented a clear and present danger. More importantly, there is no allegation in the Indictment that Mr. Rehl's statements met the clear and present danger standard.

The entirety of the allegations against Mr. Rehl involve statements made by him, none of which created a clear and present danger as would be required to punish his statements. *See, e.g., Hess v. Indiana,* 414 U.S. 105 (1973) (reversing conviction of anti-war protester who was charged with disorderly conduct for stating "We'll take the fu**ng street later (or again),"); *Brandenburg v. Ohio,* 395 U.S. 444 (1969) (state may not forbid speech advocating the use of force or unlawful conduct unless this advocacy is directed to inciting or producing **imminent** lawless action and is likely to incite or produce such action); *Schenck v. United States*, 249 U.S. 47 (1919).

> The freedom of speech and of the press guaranteed by the Constitution embraces at the least the liberty to discuss publicly and truthfully all matters of public concern without previous restraint or fear of subsequent punishment." The First Amendment "was fashioned to assure unfettered interchange of ideas for the bringing about of political and social changes desired by the people."

*Meyer v. Grant*, 486 U.S. 414, 421 (1988) (internal citations omitted).

Nothing that Mr. Rehl is alleged to have said or done even comes close to the clear and present danger requirement. As *Bradenburg* held, two conditions must be met to impose criminal liability for speech that incites others to illegal actions. First, the government must show that the speech will produce imminent harm. Second, there must be a likelihood that the incited illegal action will occur, and an intent by the speaker to cause imminent illegal actions. The *Brandenburg* precedent remains the principal standard in this area of First Amendment law. Nothing Mr. Rehl is alleged to have said even comes close to meeting the *Brandenburg* standard.

WHEREFORE, Mr. Rehl respectfully requests that the Court dismiss the Indictment against him on the grounds that the charges violate Mr. Rehl's rights under the First Amendment and Due Process Clause of the Constitution.

Respectfully submitted,

/s/
**Carmen D. Hernandez**
Bar No. MD03366
7166 Mink Hollow Road
Highland, MD 20777
(240) 472-3391

## CERTIFICATE OF SERVICE

    I HEREBY CERTIFY that a copy of the foregoing was served via ECF on all counsel of record this 19th day of August, 2022.

                                            /s/ *Carmen D. Hernandez*
                                            **Carmen D. Hernandez**