UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA,

        v.                                    Case No. 1:21-cr-175-2-TJK

JOSEPH R. BIGGS, et al.,

        Defendants.

### BIGGS'S MOTION FOR 3-DAY EXTENSION OF 10/14/2022 SUBMISSIONS DEADLINE DUE TO DEPARTMENT OF VETERANS AFFAIRS BENEFITS DISPUTE AND OTHER SURPRISES DELAYING TRIAL PREPARATION

    Defendant Joseph Biggs moves for an extension of time of three (3) days -- from October 14 until October 17 -- to meet today's filing deadlines under the current Scheduling Order (ECF No. 426). The undersigned has just started the written work to meet these deadlines. The reasons for that and for the extension requested are detailed below. Granting Biggs's request would change the motions filing cycle for Biggs's filings only in this way: <u>October 14th to 17th (filings), October 21st to 24th (responses), and November 4th to 7th (replies if any)</u>. On October 13, the undersigned discussed with government counsel the possibility of obtaining consent for this motion and has not heard back; however, the extension requested, and corresponding briefing cycle changes proposed initially were for 2 days rather than 3. To save time, Biggs files this unconsented-to motion now, and hopes that the government does not oppose it

REASONS FOR THIS MOTION

**1. Department of Veterans Affairs Benefits Hearing on October 27, 2022.** Biggs is taking steps to enjoin or stay a hearing which last week was unilaterally and quite unexpectedly scheduled by the Department of Veterans Affairs (DVA). Biggs is veteran of the U.S. Army who receives a monthly pension which, though not large, is a significant source of support and health care for his daughter, age 5, who recently started kindergarten in Florida. Biggs has been jailed

on a pretrial detention basis since April 22, 2021. Five weeks after the return of the government's third superseding indictment on June 6, 2022 charging Biggs and his codefendants with a novel rendering of seditious conspiracy under 18 U.S.C. section 2384, defendant Biggs's family in Florida received a letter from the DVA saying that the new charge had triggered an automatic suspension of his benefits on September 1 unless he requested a hearing on the matter. Biggs and his undersigned counsel did timely request a hearing and the benefits were continued. After numerous discussions with DVA in Minnesota, Biggs tried to schedule the hearing by making arrangements with both the U.S. Marshals Service (USMS) and Alexandria Detention Center (ADC), where Biggs is now held under a contract with USMS. The idea was to hold the hearing at a DVA benefits center in northern Virginia or, failing that, by video at the ADC. After weeks of delay by USMS and ADC, both said "no" to allowing Biggs to participate in any hearing anywhere, live or by video. The DVA and the undersigned then discussed the initially well-received idea of postponing the hearing until after the jury trial of this matter in 21-cr-175. However, last week the DVA apparently changed its mind and scheduled a benefits hearing on October 27th which it knows Biggs cannot attend. Loss of the benefits while Biggs is jailed would be needlessly detrimental and demoralizing to the Biggs family and to Biggs. This matter will continue to be time-consuming to Biggs and his undersigned counsel. Biggs is exploring formal and informal ways to stop it on due process and fundamental fairness grounds.

    **2. Other impediments and distractions: Book-Gate and Tarrio-Gate.** In the former, Biggs and his counsel for more a month were denied face-to-face contact meetings and other jail privileges due to Biggs receiving brand new soft-bound or paperback copies of *The New Testament*, Orwell's *1984* and *Jurassic Park*. This was done in inadvertent violation of ADC jail

rules, which seem to change frequently and without notice. In the latter, Biggs and counsel especially spent unexpected significant amounts of time participating in a needed, fairly-raised conflicts investigation arising from the undersigned's representation of co-defendant Henry Tarrio in several January 6-related civil matters. Those engagements began over a year before Tarrio was indicted in 21-cr-175. Both of the above matters have impeded trial preparation, including getting Biggs through 16 terabytes of government January 6 discovery, and meeting deadlines.  While both matters are undersigned counsel's fault and responsibility alone -- not Biggs's -- neither should compromise Biggs's ability to prepare for trial.

    **3. Some Economics on Biggs's Defense.** Undersigned counsel has represented Biggs since January 19, 2021. Two more experienced lawyers have since joined Biggs's defense team. All three lawyers are retained. All three will be at the 6-week trial. However, these energetic advocates (aged, respectively, 69, 67 and 31) work in effect at this point *pro bono* for the time being. Only one lawyer lives and works full-time in Washington, D.C. Only one can even properly type. None of the three are professional not fundraisers -- nor wish to be -- but all three have tried their hand at it in 21-cr-175. Only one, the youngest, the one who can properly type, has been paid <u>any</u> legal fees in the year 2022: that amount is $1,000. Anything else received has been used to pay down debt or expenses. In total, Biggs' "retained" defense team since January 19, 2021 (a 20-month period) has been paid about <u>$75,000</u>. Roughly <u>$30,0000</u> of that was devoted to monthly Biggs-related overhead and expenses.

    **4. The Give-Send-Go Heist of Over $26,000.00** Finally, and significantly, over <u>$26,000</u> raised by Biggs supporters this year for legal defense in a public crowdsourcing account in late 2021 and early 2022 <u>stolen</u> from the account by a once-trusted Florida-based "Biggs supporter"

and ex-friend of Biggs who managed the account. This man deposited the over $26,000 in GSG funds in his own bank account and simply kept the funds. A new public account and a private "safe" "anonymous" "smart" account were established after the former funds manager disappeared into the periphery of the Orlando subtopics along with the $26,000. However, neither new account has fared well. The thief is still at large.

* * *

In short, the Biggs defense effort has recently experienced some challenges and distractions. The above represents a modest sampling of such issues. Again, all are undersigned counsel's fault alone. This Motion is designed to be modest and reasonable. If it is granted, any filings done on the 17th will be short and succinct.

Accordingly, and for good cause shown, defendant Joseph Biggs requests an additional three (3) days or until Monday, October 17 to meet to filing obligations for October 14.

Respectfully submitted,

COUNSEL FOR JOSEPH RANDALL BIGGS


Dated: October 14, 2022

By: /s/ *J. Daniel Hull*
JOHN DANIEL HULL
DC Bar No. 323006/CA Bar No. 222862
HULL MCGUIRE PC
1420 N Street, N.W.
Washington, D.C.  20005
(202) 429-6520 office
(619) 895-8336 cell
jdhull@hullmcguire.com

## CERTIFICATE OF SERVICE

The undersigned certifies that on October 14, 2022, he served a true and correct copy of the foregoing Motion for a 3-Day Extension upon all counsel of record via the Electronic Case Filing (ECF) system.

> By: /s/ *J. Daniel Hull*
> JOHN DANIEL HULL
> DC Bar No. 323006/CA Bar No. 222862
> HULL MCGUIRE PC
> 1420 N Street, N.W.
> Washington, D.C.  20005
> (202) 429-6520 office
> (619) 895-8336 cell
> jdhull@hullmcguire.com