UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA | * |
| | * |
| v. | *   CASE NO: 1:21-cr-0175-3 (TJK) |
| | * |
| ZACHARY REHL, | * |
| Defendant | * |

********

### ZACHARY REHL'S MOTION IN LIMINE TO PRECLUDE GOVERNMENT'S USE AGAINST HIM OF STATEMENTS PROTECTED BY THE FIRST AMENDMENT

Mr. Rehl, through undersigned counsel, respectfully moves to preclude the government from using against him statements protected by the First Amendment.

The Third Superseding Indictment includes a number of statements allegedly made by Mr. Rehl which express opinions about various political, public, religious and other issues of a public nature. Similarly, in other filings the government has asserted that it intends to use against Mr. Rehl in the prosecution of this case other statements allegedly made by him that express his opinion on various political, public, religious or other issues of a public nature. Such statements are protected by the First Amendment to the United States Constitution and may not be used against him in this fashion.

Statements that express opinions on political, public, religious or other issues of a public nature that do not create a clear and present danger may be used to prosecute Mr. Rehl. *See, e.g., Hess v. Indiana,* 414 U.S. 105 (1973) (reversing conviction of anti-war protester who was charged with disorderly conduct for stating "We'll take the fu**ng street later (or again),"); *Brandenburg v. Ohio,* 395 U.S. 444 (1969) (state may not forbid speech advocating the use of force or unlawful conduct unless this advocacy is directed to inciting or producing **imminent** lawless action and is

likely to incite or produce such action); *Schenck v. United States*, 249 U.S. 47 (1919) (The question in every case is whether the words used are used in such circumstances and are of such a nature as to create a clear and present danger that they will bring about the substantive evils that Congress has a right to prevent).

> The freedom of speech and of the press guaranteed by the Constitution embraces at the least the liberty to discuss publicly and truthfully all matters of public concern without previous restraint or fear of subsequent punishment." The First Amendment "was fashioned to assure unfettered interchange of ideas for the bringing about of political and social changes desired by the people."

*Meyer v. Grant*, 486 U.S. 414, 421 (1988) (internal citations omitted).

Nothing that Mr. Rehl is alleged to have said even comes close to the clear and present danger requirement. As *Bradenburg* held, two conditions must be met to impose criminal liability for speech that incites others to illegal actions. First, the government must show that the speech will produce imminent harm. Second, there must be a likelihood that the incited illegal action will occur, and an intent by the speaker to cause imminent illegal actions. The *Brandenburg* precedent remains the principal standard in this area of First Amendment law. Nothing Mr. Rehl is alleged to have said even comes close to meeting the *Brandenburg* standard.

Accordingly, none of the statements allegedly made by Mr. Rehl expressing an opinion on political, public, religious or other issues of a public nature may be used to impose criminal liability on him.

WHEREFORE, Mr. Rehl respectfully requests that this Honorable Court preclude the government from using any statements allegedly made by him expressing an opinion on political, public, religious or other issues of a public nature to impose criminal liability on him.

Respectfully submitted,

/s/ _____
**Carmen D. Hernandez**
Bar No. MD03366
7166 Mink Hollow Road
Highland, MD 20777
(240) 472-3391

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing was served via ECF on all counsel of record this 14th day of October, 2022.

/s/ *Carmen D. Hernandez*
**Carmen D. Hernandez**