**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

**UNITED STATES OF AMERICA,**

        **v.**                            **Case No. 1:21-cr-175-2-TJK**

**JOSEPH R. BIGGS, et al.,**

        **Defendants.**

**AMENDED JOSEPH BIGGS'S MOTION FOR 3-DAY EXTENSION OF 10/14/2022**
**SUBMISSIONS DEADLINE DUE TO DEPARTMENT OF VETERANS AFFAIRS**
**BENEFITS DISPUTE AND OTHER SURPRISES DELAYING TRIAL PREPARATION**

Defendant Joseph Biggs moves for an extension of time of three (3) days -- from October

14 until October 17 -- to meet October 14 deadlines under the current Scheduling Order (ECF

No. 426). The undersigned has just started the written work to meet these deadlines. The reasons

for that and for the extension requested are detailed below. Granting Biggs's request would change

the motions filing cycle for Biggs's filings only in this way: <u>October 14th to 17th (filings),  October</u>

<u>21st to 24th (responses), and November 4th to 7th (replies if any)</u>.  On October 13, the undersigned

discussed with government counsel the possibility of obtaining consent for this motion and has not

heard back; however, the extension requested, and corresponding briefing cycle changes proposed

initially were for 2 days rather than 3. To save time, Biggs files this unconsented-to motion now,

and assumes that the government will not oppose it

**REASONS FOR THIS MOTION**

**1. Department of Veterans Affairs Benefits Hearing on October 27, 2022.** Biggs is

taking steps to enjoin or stay a hearing which last week was unilaterally and quite unexpectedly

scheduled by the Department of Veterans Affairs (DVA). Biggs is veteran of the U.S. Army who

receives a monthly pension which, though not large, is a significant source of support and health

care for his daughter, age 5, who recently started kindergarten in Florida. Biggs has been jailed

on a pretrial detention basis since April 22, 2021. Five weeks after the return of the government's

third superseding indictment on June 6, 2022 charging Biggs and his codefendants with a novel

rendering of seditious conspiracy under 18 U.S.C. section 2384, defendant Biggs's family in

Florida received a letter from the DVA saying that the new charge had triggered an automatic

suspension of his benefits on September 1, 2022 unless he requested a hearing on the matter.

Biggs and undersigned counsel did timely request a hearing; the benefits were continued.

However, after numerous discussions with DVA in Minnesota, Biggs tried to schedule the

hearing by coordinating with the U.S. Marshals Service (USMS) and Alexandria Detention

Center (ADC), where Biggs is held under a contract with USMS. The idea was to hold the

hearing at a DVA benefits center in northern Virginia or, failing that, by video at the ADC. After

weeks of delay by USMS and ADC, both said "no" to allowing Biggs to participate in any

hearing anywhere, live or by video. The DVA and Biggs' counsel then discussed the initially

well-received idea of postponing the hearing until after the jury trial of this matter in 21-cr-175.

However, last week the DVA apparently changed its mind and scheduled a benefits hearing on

October 27th which it knows Biggs cannot attend. Loss of the benefits while Biggs is jailed

pending a trial which begins seven weeks from now -- and will go to the same if not exact

currently 'sedition' issues currently troubling the DVA -- would be needlessly detrimental and

demoralizing to the Biggs family and to Biggs. This matter will continue to be time-consuming

for Biggs and his undersigned counsel. Biggs is exploring formal and informal ways to stop it on

due process and fundamental fairness grounds. This is, unfortunately, a short-term priority.

    **2. Other impediments and distractions: Book-Gate and Tarrio-Gate.** In Book-Gate,

Biggs and his counsel for more than a month were denied face-to-face contact meetings and

-2-

other jail privileges due to Biggs receiving from undersigned counsel brand new soft-bound or paperback copies of *The New Testament,* Orwell's *1984* and *Jurassic Park*. This was done in inadvertent violation of ADC jail rules, which seem to change frequently and without notice, or be openly waived outright, depending on the mood, personalities, and idiosyncrasies of ADC jail employees on duty that day. In Tarrio-Gate, Biggs and counsel especially spent unexpected significant amounts of time participating in a needed, fairly raised conflicts investigation arising from the undersigned's representation of co-defendant Henry Tarrio in several January 6-related civil matters. Those engagements began over a year before Tarrio was indicted in 21-cr-175.

Both above matters have impeded trial preparation, including getting Biggs through 16 terabytes of government January 6 discovery, and meeting deadlines.  Moreover, Tarrio-Gate has also clouded and put on hiatus the status of the undersigned's very representation of Biggs in 21-cr-175. While both matters are undersigned counsel's fault and responsibility alone -- not Biggs's -- neither should compromise Biggs's ability to prepare for trial. Biggs is committed to starting this trial on the scheduled date of Monday, December 12, 2022.

**3. Some Economics on Biggs's Defense.** Undersigned counsel has represented Biggs since January 19, 2021. Two more experienced lawyers have since joined Biggs's defense team. All three lawyers are retained. All three will be at the 6-week trial. However, these energetic advocates (aged, respectively, 69, 67 and 31) work in effect at this point *pro bono* for the time being. Only one lawyer lives and works full-time in Washington, D.C. Only one can even properly type. None of the three are professional fundraisers -- nor wish to be -- but all three have tried their hand at it in 21-cr-175. Only one, the youngest, the one who can properly type, has been paid <u>any</u> legal fees in the year 2022: that amount is $1,000. Anything else received has

been used to pay down debt or expenses. In total, Biggs' "retained" defense team since January 19, 2021 (a 20-month period) has been paid about $75,000. Roughly $30,0000 of that was devoted to monthly Biggs-related overhead and expenses. All three Biggs lawyers -- Dan Hull, Norm Pattis and the third (whose family would prefer he not publicly display his name or involvement in 21-cr-175 by entering an appearance on the docket) also now need to spend some time doing billable, paying work in non-January 6 engagements to keep their practices (and the Biggs defense) afloat.

   **4. The Give-Send-Go Heist of Over $26,000.00** Finally, and significantly, over **$26,000** raised by Biggs supporters in for his legal defense in a public crowdsourcing account during late 2021 through mid-2022 was stolen from the account by a once-trusted Florida-based "Biggs supporter" and ex-friend of Biggs who managed the account. This occurred in late July. The man deposited the over $26,000 in GSG funds in his own bank account and simply kept the funds. A new public account and a private "safe" "anonymous" "smart" account were established after the former funds manager disappeared into the periphery of the Orlando subtopics along with the $26,000. However, neither new account has fared well. The thief is still at large.

   In short, the Biggs defense effort has recently experienced some challenges and distractions. The above represents a modest sampling of such issues. Again, all are undersigned counsel's fault and responsibility alone. This Motion is designed to be modest and reasonable. If it is granted, any filings done on the 17th will be short and succinct.

   Accordingly, and for good cause shown, defendant Joseph Biggs respectfully requests an additional three (3) days or until Monday, October 17 to meet to filing obligations in the Scheduling Order for October 14.

Respectfully submitted,


COUNSEL FOR JOSEPH RANDALL BIGGS


Dated: October 15, 2022                    By: /s/ *J. Daniel Hull*
                                           JOHN DANIEL HULL
                                           DC Bar No. 323006/CA Bar No. 222862
                                           HULL MCGUIRE PC
                                           1420 N Street, N.W.
                                           Washington, D.C.  20005
                                           (202) 429-6520 office
                                           (619) 895-8336 cell
                                           jdhull@hullmcguire.com


-5-

**CERTIFICATE OF SERVICE**

The undersigned certifies that on October 15, 2022, he served a true and correct copy of the

foregoing Amended Motion for a 3-Day Extension upon all counsel of record via the Electronic

Case Filing (ECF) system.

By: /s/ *J. Daniel Hull*
JOHN DANIEL HULL
DC Bar No. 323006/CA Bar No. 222862
HULL MCGUIRE PC
1420 N Street, N.W.
Washington, D.C.  20005
(202) 429-6520 office
(619) 895-8336 cell
jdhull@hullmcguire.com