IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>ETHAN NORDEAN, et al.,<br><br>Defendants. | Case No. 21-cr-175-TJK |

### THE PRESS COALITION'S MOTION FOR ACCESS TO CERTAIN
### SEALED RECORDS AND A TRANSCRIPT OF THE SEALED MOTIONS HEARING

Pursuant to Local Criminal Rule 57.6, Cable News Network, Inc., American Broadcasting Companies, Inc. d/b/a ABC News, The Associated Press, Buzzfeed, Inc. d/b/a BuzzFeed News, CBS Broadcasting Inc. o/b/o CBS News, Court TV, Dow Jones & Company, Inc., publisher of The Wall Street Journal, The E.W. Scripps Company, Gannett Co., Inc., Gray Media Group, Inc., TheHuffingtonPost.com, Inc. d/b/a HuffPost, Los Angeles Times Communications LLC, publisher of The Los Angeles Times, National Public Radio, Inc., NBCUniversal Media, LLC d/b/a NBC News, The New York Times Company, Newsy, POLITICO LLC, Pro Publica, Inc., Tegna, Inc., Vox Media, LLC, and WP Company LLC, d/b/a the Washington Post (together, the "Press Coalition") respectfully move the Court for access to (1) a transcript of the hearing held under seal on November 14, 2022 in *United States v. Nordean*, Case No. 21-cr-175-TJK; and (2) unredacted copies of all the filings – including motions, responses, and replies – upon which the Court heard argument at that sealed hearing,[1] as well as any exhibits introduced or shown to the Court during the sealed hearing. The Press

---

[1] Based on a review of the docket in this matter, these filings include ECF Nos. 533 (available on the public docket with extensive redactions), 534 (not available on the public docket), 537 (not available on the public docket), and 538 (not available on the public docket).

Coalition also respectfully moves the Court to provide advance notice and an opportunity to be heard before sealing the courtroom for any future proceedings in this case.

The Press Coalition's interest in this matter, a statement of the relevant facts, and a specific prayer for relief are each set forth in the accompanying Memorandum of Points and Authorities.

Dated:  November 15, 2022    Respectfully submitted,

BALLARD SPAHR LLP

/s/ *Charles D. Tobin*
Charles D. Tobin (#455593)
Maxwell S. Mishkin (#1031356)
Lauren Russell (#1697195)
1909 K Street NW, 12th Floor
Washington, DC 20006
Telephone: (202) 661-2200
Fax: (202) 661-2299
tobinc@ballardspahr.com
mishkinm@ballardspahr.com
russelll@ballardspahr.com

*Counsel for the Press Coalition*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>ETHAN NORDEAN, et al.,<br><br>       Defendants. | Case No. 21-cr-175-TJK |

## MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF THE PRESS COALITION'S MOTION FOR ACCESS TO CERTAIN SEALED RECORDS AND A TRANSCRIPT OF THE SEALED MOTIONS HEARING

BALLARD SPAHR LLP

Charles D. Tobin (#455593)
Maxwell S. Mishkin (#1031356)
Lauren Russell (#1697195)
1909 K Street NW, 12th Floor
Washington, DC 20006
Telephone: (202) 661-2200
Fax: (202) 661-2299
tobinc@ballardspahr.com
mishkinm@ballardspahr.com
russelll@ballarspahr.com

*Counsel for the Press Coalition*

**PRELIMINARY STATEMENT**

Yesterday, Monday, November 14, 2022, this Court excluded the press and public – over the objection of several reporters who were present in the courtroom – from a pretrial hearing (the "Sealed Hearing") on various motions filed by the defendants in *United States v. Nordean et al.*, Case No. 21-cr-175-TJK, who are charged with seditious conspiracy and other offenses for their alleged role in the January 6, 2021 attack on the United States Capitol.  Movants, the Press Coalition,[1] now respectfully move, pursuant to the First Amendment to the U.S. Constitution and the common law, for access to (1) a transcript of that Sealed Hearing and (2) all of the records, including motions, responses, replies, and exhibits, that were presented, addressed, or argued at the Sealed Hearing.  The Press Coalition also respectfully requests that, going forward, the Court provide for the public and the press to have ample advance notice and an opportunity to be heard before ordering the sealing of the courtroom in these proceedings.

**BACKGROUND**

**I.     The Capitol Riot**

On January 6, 2021, thousands of rioters stormed the U.S. Capitol in a "blatant and appalling disregard for our institutions of government and the orderly administration of the democratic process."  *See Director Wray's Statement on Violent Activity at the U.S. Capitol Building*, FBI (Jan. 7, 2021), https://www.fbi.gov/news/pressrel/press-releases/director-wrays-

---

[1] The "Press Coalition" consists of: Cable News Network, Inc., American Broadcasting Companies, Inc. d/b/a ABC News, The Associated Press, Buzzfeed, Inc. d/b/a BuzzFeed News, CBS Broadcasting Inc. o/b/o CBS News, Court TV, Dow Jones & Company, Inc., publisher of The Wall Street Journal, The E.W. Scripps Company, Gannett Co., Inc., Gray Media Group, Inc., TheHuffingtonPost.com, Inc. d/b/a HuffPost, Los Angeles Times Communications LLC, publisher of The Los Angeles Times, National Public Radio, Inc., NBCUniversal Media, LLC d/b/a NBC News, The New York Times Company, Newsy, POLITICO LLC, Pro Publica, Inc., Tegna, Inc., Vox Media, LLC, and WP Company LLC, d/b/a the Washington Post.

statement-on-violent-activity-at-the-us-capitol-building-010721.  In response, federal law enforcement agencies "deployed [their] full investigative resources . . . to aggressively pursue those involved in criminal activity." *Id.*  The Government has since charged more than 700 defendants, including the defendants in this matter, with crimes related to the Capitol riot.  *See Capitol Breach Cases*, Dep't of Justice, https://www.justice.gov/usao-dc/capitol-breach-cases.

## II.     Defendants Nordean, Biggs, Rehl, Tarrio, and Pezzola

As this Court has noted, "Defendants Ethan Nordean, Joseph R. Biggs, [and] Zachary Rehl . . . are alleged, among other things, to have conspired to stop, delay, or hinder Congress's certification of the Electoral College vote on January 6, 2021, and to obstruct and interfere with law enforcement officers engaged in their official duties that day." *United States v. Nordean*, 579 F. Supp. 3d 28, 36 (D.D.C. 2021).  These defendants "allegedly held leadership positions or planning roles with the 'Proud Boys' organization." *Id.* at 37.  Likewise, Defendant Enrique Tarrio "was the national chairman of the Proud Boys" at the time of the Capitol riot.  *United States v. Tarrio*, 2022 WL 1718985, at *3 (D.D.C. May 27, 2022).  Defendant Dominic Pezzola, for his part, was "a member of the Proud Boys, . . . the tip of a spear that pierced the United States Capitol." *United States v. Pezzola*, 531 F. Supp. 3d 139, 142 (D.D.C. 2021).  Journalists, including members of the Press Coalition, have regularly reported on these defendants as they have awaited trial.[2]

---

[2] *See, e.g.*, Alan Feuer & Adam Goldman, *F.B.I. Had Informants in Proud Boys, Court Papers Suggest*, The New York Times (Nov. 14, 2022), https://www.nytimes.com/2022/11/14/us/politics/fbi-informants-proud-boys-jan-6.html; Michael Kunzelman, *Proud Boys riot trial delayed due to committee hearings*, AP (June 22, 2022), https://apnews.com/article/capitol-siege-biden-electoral-college-timothy-kelly-congress-bdbf61b7159f2c1bf6748b4e33b83992; Hannah Rabinowitz & Holmes Lybrand, *Proud Boys member is first to plead guilty to seditious conspiracy*, CNN (Oct. 6, 2022), https://www.cnn.com/2022/10/06/politics/proud-boys-bertino-seditious-conspiracy-guilty-plea.

### III. The November 14, 2022 Sealed Hearing And Related Records

The Court's July 6, 2022 Scheduling Order provided that "[a]n in-person hearing" on "any motion in limine to exclude, limit or modify the government's proposed exhibits" would be held on November 14, 2022. *See* Dkt. 426 at 2. On November 10, 2022, Rehl filed a motion to dismiss the charges against him and to sanction the Government for alleged *Brady* violations. *See* Dkt. 533. The docket does not reflect that Rehl moved for leave to file any portion of that motion under seal, or that the Court granted such sealing, but the copy of the motion available on the public docket is heavily redacted. *See generally id.* That same day, the Court directed the parties to "be prepared to address the issues raised [therein] at the hearing scheduled for Monday, November 14, 2022." *See* Nov. 10, 2022 Minute Order. Nordean, Biggs, and Tarrio subsequently filed their own motions for dismissal and sanctions and moved to join Rehl's motion as well. *See* Dkts. 535 (Nordean), 536 (Tarrio), and 540 (Biggs).

The public docket does not reflect that the Government filed any opposition to these motions, but according to Biggs, "Starting with Rehl's motion on November 10 for *Brady* violations, the parties, including the Government, have filed various related pleadings. Some are sealed, some are partially sealed, some are on the open record." *See* Dkt. 540 at 1. Nordean's reply brief likewise states that the Government filed an "under-seal opposition" to the motion(s) to dismiss. *See* Dkt. 539 at 1.

According to public reporting, yesterday morning, November 14, 2022, the Court sealed the motions hearing and expelled journalists from the courtroom. *See* Kyle Cheney, Twitter (Nov. 14, 2022, 9:47 AM), https://twitter.com/kyledcheney/status/1592167401810006016. The expelled journalists protested the closure, and the Court informed them that they must file a motion to lodge their objections. *See* Kyle Cheney, Twitter (Nov. 14, 2022, 9:49 AM),

3

https://twitter.com/kyledcheney/status/1592167938542694401. The Court subsequently heard argument on six motions of the Defendants, two of which (Dkts. 534 and 537) do not appear on the public docket. *See* Nov. 14, 2022 Minute Order. The docket does not reflect which party or parties moved to close the Sealed Hearing, or that, as the First Amendment requires, the Court made "specific, on the record findings . . . demonstrating that 'closure is essential to preserve higher values and is narrowly tailored to serve that interest.'" *Press-Enterprise II*, 478 U.S. at 13-14 (quoting *Press-Enter. Co. v. Super. Ct.*, 464 U.S. 501, 510 (1984) ("*Press-Enterprise I*")).

## ARGUMENT

### I. The Court Should Promptly Provide Access To A Transcript Of The Sealed Hearing

It is well settled that "[w]hat transpires in the court room is public property." *Craig v. Harney*, 331 U.S. 367, 374 (1947). Indeed, as the Supreme Court observed in *Richmond Newspapers, Inc. v. Virginia*, "[t]o work effectively, it is important that society's criminal process satisfy the appearance of justice, and the appearance of justice can best be provided by allowing people to observe it." 448 U.S. 555, 571-72 (1980) (internal marks omitted). Thus, "the right to attend criminal trials is implicit in the guarantees of the First Amendment." *Id.* at 580. Chief Justice Burger emphasized the practical value of this constitutional right, noting that "[p]eople in an open society do not demand infallibility from their institutions, but it is difficult for them to accept what they are prohibited from observing." *Id.* at 572.

In *Press-Enterprise II*, the Supreme Court expressly held that this First Amendment right of access to criminal trials extends to pretrial hearings in criminal cases as well and concluded that the trial court had erred in initially refusing to produce a transcript of such a hearing to the press. As the Court explained, from "the celebrated trial of Aaron Burr for treason" through "the present day, the near uniform practice of state and federal courts has been to conduct preliminary

4

hearings in open court. . . . Open preliminary hearings, therefore, have been accorded 'the favorable judgment of experience.'" *Press-Enterprise II*, 478 U.S. at 10-11 (quoting *Globe Newspaper Co. v. Super. Ct.*, 457 U.S. 596, 605 (1982)). Moreover, "the absence of a jury, long recognized as 'an inestimable safeguard against the corrupt or overzealous prosecutor and against the complaint, biased, or eccentric judge,' makes the importance of public access to a preliminary hearing even more significant." *Id.* at 12-13 (quoting *Duncan v. Louisiana*, 391 U.S. 145, 156 (1968)). The Court therefore "conclude[d] that the qualified First Amendment right of access to criminal proceedings applies to preliminary hearings." *Id.* at 13.

Because "a qualified First Amendment right of access attaches to preliminary hearings," those proceedings "cannot be closed unless specific, on the record findings are made demonstrating that 'closure is essential to preserve higher values and is narrowly tailored to serve that interest.'" *Id.* at 13-14 (quoting *Press-Enterprise I*, 464 U.S. at 510). As the Supreme Court has further observed, for such "a case-by-case approach to be meaningful, representatives of the press and general public must be given an opportunity to be heard on the question of their exclusion." *Globe Newspaper Co.*, 457 U.S. at 609 n.25.

The Supreme Court more recently explained that the First Amendment right of access is a right of meaningful access, and courts are therefore "obligated to take every *reasonable* measure to accommodate public attendance at criminal trials." *Presley v. Georgia*, 558 U.S. 209, 215 (2010) (per curiam) (emphasis added). Here, because the press and public were excluded from the Sealed Hearing on November 14, 2022, the First Amendment now obliges this Court to release a transcript of the Sealed Hearing, and to do so without redactions "unless specific, on the record findings are made demonstrating" that those withholdings are "essential to preserve higher values and [are] narrowly tailored to serve that interest.'" *Press-Enterprise II*, 478 U.S. at

5

13-14.  Moreover, because the First Amendment right of access is a right of *contemporaneous* access to judicial records and proceedings, the Court should release this transcript as expeditiously as possible.  *See Washington Post v. Robinson*, 935 F.2d 282, 287 (D.C. Cir. 1991) (recognizing "the critical importance of *contemporaneous* access to [court records] to the public's role as overseer of the criminal justice process") (emphasis added).

## II.     The Court Should Grant Access To The Records Addressed At The Sealed Hearing

In addition to providing access to a transcript of the Sealed Hearing itself, the Court also should release the records addressed at the Sealed Hearing, including the parties' briefing on any motions argued and any exhibits shown or introduced, pursuant to the common law right of access.  "Although [this] right is not absolute, there is a strong presumption in its favor, which courts must weigh against any competing interests."  *Metlife, Inc. v. Fin. Stability Oversight Council*, 865 F.3d 661, 663 (D.C. Cir. 2017) (Garland, J.).  Like the constitutional right of access, the common law right requires courts to conduct a two-stage analysis.  First, courts determine whether the records at issue are "judicial records" to which there is a "strong presumption" in favor of access.  *Id.* at 665-67.  If they are judicial records, courts then apply the six-factor test set out in *United States v. Hubbard* to determine whether the presumption of access has been rebutted.  650 F.2d 293, 317-21 (D.C. Cir. 1980).

Under controlling case law, these records are "judicial records" to which the public has a presumptive right of access under the common law.  In *Metlife*, the D.C. Circuit explained that documents filed with the court are judicial records, even when they are filed under seal, so long as they "were filed before the . . . court's decision and were intended to influence it."  865 F.3d at 668.  Here, the records at issue – including motions to dismiss and for sanctions, a response brief or briefs in opposition, and a reply brief or briefs in further support, as well as any exhibits

6

the parties may have introduced or shown the Court during the Sealed Hearing – clearly were intended to influence the Court in reaching a decision. *See, e.g.*, *United States v. Munchel*, 567 F. Supp. 3d 9, 13 (D.D.C. 2021) (noting that "[d]ocuments and other materials filed in court that are 'intended to influence the court,' are judicial records" and granting access to video exhibits addressed during pretrial detention hearing). The filings and any exhibits addressed at the Sealed Hearing are therefore "judicial records," and the "strong presumption" of public access applies.

Because the public has a presumptive right of access to the records addressed at the Sealed Hearing under the common law, the Court should release them unless the party seeking the sealing rebuts the strong presumption under *Hubbard* and *Metlife*. No party has done so on the record, and as a result the common law balancing test weighs in favor of granting access.

## **CONCLUSION**

For the foregoing reasons, the Press Coalition respectfully requests that the Court grant this motion and promptly place on the public docket a complete transcript of the motions hearing held in this matter on November 14, 2022 and unredacted copies of all the records the Court addressed or heard argument on or viewed as exhibits at that hearing.

The Press Coalition further respectfully requests that, because "representatives of the press and general public must be given an opportunity to be heard on the question of their exclusion," *see Globe Newspaper Co.*, 457 U.S. at 609 n.25, the Court provide for the press and public to have advance notice and an opportunity to object to closure at least 48 hours before any future proceeding in this case is sealed.

Dated: November 15, 2022

Respectfully submitted,

BALLARD SPAHR LLP

/s/ *Charles D. Tobin*
Charles D. Tobin (#455593)
Maxwell S. Mishkin (#1031356)
Lauren Russell (#1697195)
1909 K Street NW, 12th Floor
Washington, DC 20006
Telephone: (202) 661-2200
Fax: (202) 661-2299
tobinc@ballardspahr.com
mishkinm@ballardspahr.com
russelll@ballarspahr.com

*Counsel for the Press Coalition*