**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>       v.<br><br>ETHAN NORDEAN et al.,<br><br>       *Defendants*. | Criminal Action No. 21-175 (TJK) |

## <u>MEMORANDUM ORDER</u>

Before the Court is Defendants' joint motion to dismiss the Third Superseding Indictment's three conspiracy counts—Counts One, Two, and Four—for improper venue.  ECF No. 518.  They argue that the Sixth Amendment's Vicinage Clause precludes venue in this District because the indictment alleges Defendants formed the conspiratorial agreements outside the District of Columbia.  As explained below, the Court will deny the motion.

\*      \*      \*

The Court assumes familiarity with this case, as reflected in several of its opinions. Defendants are alleged—among other things—to have engaged in a seditious conspiracy under 18 U.S.C. § 2384; conspired to obstruct Congress's certification of the Electoral College vote under 18 U.S.C. § 1512(k); and conspired to prevent federal officers from discharging their duties under 18 U.S.C. § 372.  *See* ECF No. 380 at ¶¶ 25–26, 109–110, 113–14 (Counts One, Two, and Four).

Defendants moved to dismiss these three conspiracy charges, arguing venue is improper in the District of Columbia.[1]  They contend that the indictment "implies, but does not specifically

---

[1] Defendants also argued, in the alternative, that the arguments set out in this motion offered more reasons for the Court to grant their then-pending motion to transfer venue.  ECF No. 518 at 1; *see*

allege, that the Defendants' 'conspiratorial agreement' was reached before the Defendants arrived in Washington, D.C., to protest the 2020 presidential election."  ECF No. 518 at 2.  And because "all three conspiracy offenses [here] . . . lack an overt-act requirement," proceeding with trial in this District would violate the Sixth Amendment's and Federal Rule of Criminal Procedure 18's requirement that an offense be tried where it is alleged to have been committed.  *See id.* at 6; *see also* U.S. Const. amend. VI; Fed. R. Crim. P. 18.

*     *     *

"Proper venue in criminal proceedings was a matter of concern to the Nation's founders." *United States. v. Cabrales*, 524 U.S. 1, 6 (1998).  To that end, the Constitution twice guarantees that a criminal defendant will only stand trial in the State and district where he committed the alleged crime.  *See* U.S. Const. art. III, § 2, cl. 3 ("Trial of all Crimes . . . shall be held in the State where the said Crimes shall have been committed"); U.S. Const. amend VI (requiring trial "by an impartial jury of the State and district wherein the crime shall have been committed").  The Federal Rules of Criminal Procedure reiterate that constitutional requirement, providing that "[u]nless a statute or the[] rules permit otherwise, the government must prosecute an offense in a district where the offense was committed."  Fed. R. Crim. P. 18.

The Supreme Court has instructed that, where a statute does not specify venue, "the *locus delicti* of the charged offense must be determined from the nature of the crime alleged and the location of the act or acts constituting it."  *United States v. Rodriguez-Moreno*, 526 U.S. 275, 279 (1999) (cleaned up).  "In performing this inquiry, a court must initially identify the conduct constituting the offense . . . and then discern the location of the commission of the criminal acts."

---

*also* ECF No. 349.  The Court has since denied that motion.  ECF No. 531.  And for the reasons discussed, this motion offers no basis for the Court to revisit that ruling.

2

*Id.* Put another way, venue depends on where a defendant commits an offense's "essential conduct elements." *Id.* at 280. It is the government's burden to prove venue by a preponderance of the evidence. *United States v. Morgan*, 393 F.3d 192, 195 (D.C. Cir. 2004).

In some cases, venue may be proper in more than one jurisdiction. A crime is a "continuing offense" if it was "begun in one district and completed in another, or committed in more than one district." *See* 18 U.S.C. § 3237(a). Congress has authorized the Government to prosecute such offenses "in any district in which [it] was begun, continued, or completed." *Id.*

\*     \*     \*

Despite Defendants' insistence otherwise, the District of Columbia is a constitutionally appropriate venue to try Counts One, Two, and Four of the Third Superseding Indictment. To begin, the Court notes that the motion is untimely under the operative Scheduling Order. *See* ECF No. 426, as modified by Minute Order dated October 3, 2022. But even if the Court were to find good cause for the delay, *see* ECF No. 518 at 7 n.1, the motion lacks merit.

Defendants argue that "no element of [Counts One, Two, or Four] was committed in this district," so applying the Supreme Court's *locus delicti* analysis, venue cannot lie here. *See* ECF No. 518 at 6. To be sure, Defendants do not contest that the Third Superseding Indictment alleges they took overt acts in furtherance of the charged conspiracies within the District of Columbia. *See generally* ECF No. 518; *see also* ECF No. 380 ¶¶ 61–104 (listing overt acts). But they argue that overt acts cannot determine venue for a conspiracy charge unless the underlying statute contains an overt-act *element*. *See* ECF No. 518 at 6.

Defendants are incorrect. Conspiracies are continuing offenses, and the Supreme Court "has long held that venue is proper in any district in which an overt act in furtherance of the conspiracy was committed, *even where an overt act is not a required element of the conspiracy*

3

*offense*." *Whitfield v. United States*, 543 U.S. 209, 218 (2005) (emphasis added); *see also United States v. Socony-Vacuum Oil Co.*, 310 U.S. 150, 252 (1940) (finding venue proper for a Sherman Act prosecution in a district where "there was ample evidence of [] overt acts," even though "[c]onspiracies under the Sherman Act are . . . not dependent on the 'doing of any act other than the act of conspiring' as a condition of liability"). So too, the D.C. Circuit has said that "venue is proper in any jurisdiction where any co-conspirator committed an overt act in furtherance of the conspiracy," irrespective of whether the conspiracy statute contained an overt-act element. *United States v. Watson*, 717 F.3d 196, 198 (D.C. Cir. 2013) (applying this rule in a drug-conspiracy case under 18 U.S.C. § 846); *see also United States v. Baugham*, 449 F.3d 167, 171 (D.C. Cir. 2006) ("The drug conspiracy statute, 21 U.S.C. § 846, dispenses with the usual requirement of an overt act and requires only an agreement to commit any offense[s] defined in the subchapter.").

As the Government points out in its opposition, Defendants never mention *Whitfield*, *Watson*, or any other contrary precedent. *See* ECF No. 541 at 4–5. Instead, they lean on an older case, *Hyde & Schneider v. United States*, 225 U.S. 347 (1912). Their reliance is misplaced. True enough, in that case, the Supreme Court found venue proper in a district in which the defendants committed overt acts in furtherance of the conspiracy, and committing an overt act was an element of the charged offense. *Id.* at 359. But Defendants' reading of *Hyde & Schneider* proves too much. There, the Court held only that an overt-act element in a conspiracy statute is enough to find venue where the defendants committed such acts—not that it is necessary. So *Hyde & Schneider* is consistent with the Court's later decisions, including *Whitfield* and *Socony-Vacuum Oil Co*.

Thus, under 18 U.S.C. § 3237(a) and consistent with Supreme Court and D.C. Circuit precedent, venue is proper anywhere the Defendants are alleged to have formed the charged conspiracies or undertaken overt acts in furtherance of the conspiracies. The Third Superseding

Indictment charges the Defendants with taking overt acts within the District of Columbia in support of the charged conspiracies.  Thus, the Court finds that venue is proper here.

*          *          *

For these reasons, it is hereby **ORDERED** that Defendants' Joint Motion to Dismiss Counts One, Two, and Four of the Third Superseding Indictment, ECF No. 518, is **DENIED**.

**SO ORDERED.**

/s/ Timothy J. Kelly
TIMOTHY J. KELLY
United States District Judge

Date: November 28, 2022