UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | **No. 1:21-cr-175 (TJK)** |
| **v.** | : | |
| | : | |
| **JOSEPH R. BIGGS and** | : | |
| **ZACHARY REHL,** | : | |
| **Defendants.** | : | |

**GOVERNMENT'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS**

By motion dated April 8. 2023, defendant Zachary Rehl moved this Court to dismiss the charges brought against him pursuant to 18 U.S.C. § 1512, Counts Two and Three of the Third Superseding Indictment ("TSI") (ECF No. 743). Count Two charges a conspiracy to obstruct an official proceeding in violation of 18 U.S.C. § 1512(k). TSI at 24. Count Three charges obstruction of an official proceeding, in violation of 18 U.S.C. § 1512(c)(2). *Id*. at 25. Defendant Joseph Biggs moved to join Rehl's motion on April 9, 2023. ECF No. 744.

As defendant Rehl correctly notes, this Court has previously denied a similar motion to dismiss the First Superseding Indictment. *See* Memorandum Opinion (ECF No. 263). The Court denied a second motion to dismiss (ECF No. 442) the Third Superseding Indictment that was based, in part, on Judge Nichols' later dismissal of § 1512 offenses in *United States v. Miller*, 589 F. Supp. 3d 60 (D. D.C. 2022). *See* Order (ECF No. 585) and Opinion (ECF No. 586). Rehl moved this Court for reconsideration (ECF No. 587), which motion the Court denied by Minute Order on December 28, 2022.

A motion for reconsideration is available only "as justice requires." *See United States v. Hemingway*, 930 F. Supp. 2d 11, 12 (D.D.C. 2013). And a court should grant a motion to reconsider only if it "finds that there is an intervening change of controlling law, the availability

of new evidence, or the need to correct a clear error or prevent manifest injustice." *Firestone v. Firestone*, 76 F.3d 1205, 1208 (D.C. Cir. 1996); *see also Cruz v. Fed. Election Comm'n*, No. 19-cv-908 (NJR) (APM) (TJK), 2020 WL 7699951, at *1 (D.D.C. Apr. 24, 2020) (articulating similar "as justice requires" standard for a motion to reconsider: "(1) an intervening change in the law; (2) the discovery of new evidence not previously available; or (3) a clear error in the first order") (internal quotation marks and citation omitted).

Rehl's fourth motion to dismiss is premised on the recent decision in *United States v. Fischer*, No. 22-3038, __ F.4th __, 2023 WL 2817988 (D.C. Cir. Apr. 7, 2023), where the D.C. Circuit held that 18 U.S.C. § 1512(c)(2) "encompasses all forms of obstructive conduct, including . . . efforts to stop Congress from certifying the results of the 2020 presidential election." *Id*. at *3. The court explained that "the meaning of the statute is unambiguous . . . § 1512(c)(2) applies to all forms of corrupt obstruction of an official proceeding, other than the conduct that is already covered by § 1512(c)(1)." *Id*. at *4. This "broad interpretation of the statute — encompassing all forms of obstructive acts — is unambiguous and natural, as confirmed by the 'ordinary, contemporary, common meaning' of the provision's text and structure." *Id.* at *5 (quoting *Perrin v. United States*, 444 U.S. 37, 42 (1979)). This portion of the opinion was authored by Judge Pan and joined by Judge Walker, and thus constitutes *Fischer's* binding holding.

Fischer's holding regarding the type of obstructive acts that may satisfy § 1512(c)(2) does not resolve the scope of that statute's separate *mens rea* requirement—specifically, the meaning of the word "corruptly" as it is used in § 1512(c). That issue is pending before the D.C. Circuit in a different case, *United States v. Robertson*, No. 22-3062, which is scheduled to be argued on May 11, 2023.

As explained in both the majority and dissenting opinions in *Fischer*, the definition of "corruptly" was not squarely presented in that case and therefore was not resolved. *See* 2023 WL 2817988, at *7 (opinion of Pan, J.) ("expressing [no] preference for any particular definition of 'corruptly'" because "the allegations against appellees appear to be sufficient to meet any proposed definition of 'corrupt' intent); *id*. at *8 (noting that the dissent also "declines to settle on a precise meaning of 'corruptly' at this time" and thus "share[s] much common ground" with Judge Pan's opinion "on the issue of *mens rea*"); *Id*. at *42-*43 (Katsas, J., dissenting) (surveying possible definitions of "corruptly" but declining to adopt any particular one). Although Judge Walker would have determined that "corruptly" means "a criminal intent to procure an unlawful benefit," *id*. at *22 (Walker, J., concurring), the resolution of that *mens rea* issue was not necessary to the court's holding concerning the actus reus of the offense—which Judge Walker joined—and his views on the meaning of "corruptly" were not adopted by the other judges on the panel.

Nonetheless, defendants Biggs and Rehl move this Court to take the position that, because Judge Walker's narrow reading of "corruptly" was a "necessary" condition to his vote "to join the lead opinion's proposed holding," he should instead be construed to have joined the dissenting opinion. ECF No. 473 at 6 (citing *Fisher,* 2023 WL 2817988, at *27 n.10 (Walker, J., concurring)). Put more succinctly, Rehl's view is that "the only opinion that garnered two votes is the dissent by Judge Katsas." *Id.*

The Court should decline to engage in any such absurd logic games. As explained above, and in the government's separate submission in response to the Court's April 8, 2023 Minute Order (ECF No. 750), Judge Walker ***concurred*** in the judgment of the Court, and in so doing issued a non-binding concurring opinion regarding the definition of "corruptly." This Court

simply has no basis to conclude that Judge Walker in fact joined the dissenting opinion such that Judge Katsas's opinion that §1512(c)(2) was intended to reach only conduct that impairs the integrity or availability of evidence is controlling. Judge Walker's expressed preference for a specific definition of "corruptly" does not justify the absurd conclusion that he has somehow joined the dissent.

Because Judge Walker concurred in the judgment of the D.C. Circuit, there has been no change in the law, and the Court should deny the defendants' motion to dismiss.

Respectfully Submitted,
MATTHEW M. GRAVES
United States Attorney
D.C. Bar No. 481052

By: /s/ Jocelyn Ballantine
JOCELYN BALLANTINE, CA Bar No, 208267
Chief, Complex Conspiracy Unit
Capitol Siege Section

/s/ Conor Mulroe
CONOR MULROE, NY Bar No. 5289640
Trial Attorney
U.S. Department of Justice, Criminal Division
1301 New York Ave. NW, Suite 700
Washington, D.C. 20530
(202) 330-1788
Conor.Mulroe@usdoj.gov

/s/ Jason B.A. McCullough
JASON B.A. MCCULLOUGH
NY Bar No. 4544953
ERIK M. KENERSON, OH Bar No. 82960
NADIA E. MOORE, NY Bar No. 4826566
On Detail to the District of Columbia
Assistant United States Attorneys
601 D Street NW
Washington, D.C. 20530