Leave to file GRANTED

TIMOTHY J. KELLY          DATE   5/31/23
United States District Judge

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

United States of America,

v.

Ethan Nordean, *et al.*,

Defendants.

Criminal Action No. 21-00175 (TJK)

Honorable Timothy J. Kelly

## APPLICATION FOR ACCESS TO TRIAL EXHIBITS

Pursuant to Local Criminal Rule 57.6 and Standing Order No. 21-28, applicants Conrad Smith, Danny McElroy, Byron Evans, Governor Latson, Melissa Marshall, Michael Fortune, Jason DeRoche, and Reginald Cleveland ("Applicants") seek access to all trial exhibits in this criminal case. Applicants are United States Capitol Police officers harmed during the January 6, 2021 attack on the U.S. Capitol (the "Attack"). The exhibits that Applicants seek are relevant to Applicants' civil action against the Defendants in this case, among others, for harming Applicants in the course of the Attack. *See Smith v. Trump*, No. 21-cv-2265 (D.D.C.). Additionally, the Defendants in this case allegedly were members of the Proud Boys organization, which also is a defendant in Applicants' civil action.

For the reasons stated herein, Applicants respectfully request that the Court order the Government to allow Applicants to access and download all exhibits from the trial in the above-captioned matter (the "Trial Exhibits"), including downloadable documentary, photographic, and videographic exhibits. Applicants request access to the Trial Exhibits via the electronic "drop box" solution outlined in Standing Order No. 21-28, which governs public access to video exhibits in criminal cases arising from the Attack.

1

Discovery in Applicants' pending civil case has commenced, and the Trial Exhibits are relevant to establishing Applicants' claims in that case. Applicants' claims include, *inter alia*, conspiracy to interfere with Congress and U.S. Capitol Police officers by force, intimidation or threats (42 U.S.C. § 1985(1)); assault; and battery, all based on Defendants' conduct related to the Attack. On May 4, 2023, the trial jury in this case found all Defendants guilty of Conspiracy to Prevent Members of Congress or Federal Officers from Discharging Their Duties, among other charges, *see* Dkt. 804 at 3-4, and it found Defendants Nordean, Biggs, Rehl, and Tarrio guilty of Seditious Conspiracy and Conspiracy to Obstruct an Official Proceeding. *See* Dkt. 804 at 1-3. Like the Applicants' Section 1985(1) claim against the Defendants in this case, these criminal charges centered on Defendants' alleged use or conspiracy to use force, intimidation, or threat to prevent Congress and Capital Police officers from performing their duties respecting the congressional certification of the 2020 presidential election results. *See* Dkt. 380 at 8-26.

Most, if not all, of the Trial Exhibits remain unavailable on the Court's Case Management/Electronic Case Filing (CM/ECF) system. As members of the public, Applicants have a right to access documents submitted at trial, and the exhibits in this case appear to have been made available to the press via the electronic "drop box" solution outlined in Standing Order No. 21-28. *See* Dkt. 591 at 3 ("[T]he admitting party shall make available to the media at the end of each trial day a copy of any admitted exhibit that has been published to the jury and not restricted by the Court for dissemination."); *see also* May 23, 2022 Minute Order granting The Press Coalition's 362 Motion to Access Video Exhibits (pre-trial exhibits). Accordingly, Applicants request that the Court order the Government to allow Applicants to access and download the Trial Exhibits via an electronic drop box.

In further support of this application, Applicants state as follows.

**LEGAL STANDARD**

1.      Local Criminal Rule 57.6 of the United States District Court for the District of Columbia provides that any interested person (other than a party or a subpoenaed witness) "who seeks relief relating to any aspect of proceedings in a criminal case . . . shall file an application for such relief with the Court." The application must include "a statement of the applicant's interest in the matter as to which relief is sought, a statement of facts, and a specific prayer for relief." *Id.*

2.      Standing Order No. 21-28 (the "Standing Order") provides that, to obtain access to video exhibits in a criminal case "arising from the January 6, 2021 violent breach of the United States Capitol (the 'Capitol Cases')," a non-party must file an application under Local Criminal Rule 57.6. Standing Order at 5; *see also In re Press Coal.'s Motion for Access to Video Exhibits & to Set Aside Standing Ord. No. 21-28*, No. MC 21-87 (BAH), 2021 WL 2894647, at *8 (D.D.C. July 2, 2021) (noting the Standing Order "provides mechanisms for public and media access to video exhibits for this Court"). If the application is granted, the Government must make the video exhibits available using a "drop box." Standing Order at 5-6. The judge may further order that the Government permit the non-party to download the video exhibits. *Id.* at 6.

**STATEMENT OF INTEREST**

3.      Applicants seek to access and download the Trial Exhibits, which are relevant to their claims in the pending civil case *Smith v. Trump*, No. 21-cv-2265 (D.D.C.).

4.      Applicants are eight United States Capitol Police officers who defended the Capitol from attackers on January 6, 2021. They are plaintiffs in *Smith*, a lawsuit alleging, *inter alia*, that several defendants, including the Defendants tried in this case, conspired to use force, intimidation, and threats to prevent Congress from certifying the 2020 presidential election results and aided

and abetted others in assaulting and battering plaintiffs. *See* Am. Compl. ¶¶ 1–10, 199-210, *Smith*, No. 21-cv-2265 (D.D.C. Dec. 3, 2021), Dkt. 89 (hereinafter "*Smith Am. Compl.*").

5.     On January 26, 2023, the court in *Smith* granted in part and denied in part motions to dismiss by various defendants, permitting the case to proceed to discovery. *See generally* Mem. Op. & Order, *Smith*, No. 21-cv-2265 (Jan. 26, 2023), Dkt. 179. Applicants' claims for conspiracy under 42 U.S.C. § 1985, assault, and battery, survived that motion against all the Defendants in this case and the Proud Boys organization. *See id.*

6.     The Trial Exhibits are relevant to Applicants' claims in *Smith*. *See, e.g.*, *Tarquinii v. Del Toro*, No. CV 21-1567, 2023 WL 2424618, at *2 (D.D.C. Mar. 9, 2023) ("Relevance is 'construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on any party's claim or defense.'" (citations omitted)). Applicants' Section 1985 claim requires proof of certain agreements between co-conspirators, *see Thompson v. Trump*, 590 F. Supp. 3d 46, 96-97 (D.D.C. 2022) (describing principles of civil conspiracy relevant to Section 1985 claim), which was a fundamental requirement of proving the criminal charges in this case. Indeed, the Third Superseding Indictment in this case charged all five Defendants with Conspiracy to Prevent an Officer from Discharging Any Duties under 18 U.S.C. § 372, the criminal corollary to Section 1985, which contains almost identical language. *See* Dkt. 380 at 26. All Defendants were found guilty on that count. *See* Dkt. 804 at 3-4. The Third Superseding Indictment also charged all Defendants with two other conspiracy counts: Seditious Conspiracy under 18 U.S.C. § 2384, *see* Dkt. 380 at 8-23, and Conspiracy to Obstruct an Official Proceeding under 18 U.S.C. § 1512(k), *see* Dkt. 380 at 24, of which Defendants Nordean, Biggs, Rehl, and Tarrio were found guilty, *see* Dkt. 804 at 1-3. The Trial Exhibits are likely to bear on the

Defendants' and others' roles in planning, coordinating, and executing the Attack, all of which are relevant to Applicants' Section 1985 claim.

7.      Additionally, the evidence in this criminal case is relevant to Applicants' assault and battery claims, which is based in part on aiding-and-abetting liability. *See Smith*, No. 21-CV-02265 (APM), 2023 WL 417952, at *9 (D.D.C. Jan. 26, 2023) (sustaining aiding-and-abetting assault and battery claims against individual defendants). Aiding-and-abetting liability may involve "acts of assistance as well as words of encouragement" that occur at or prior to the time of the tort. *Halberstam v. Welch*, 705 F.2d 472, 482 (D.C. Cir. 1983). As with the Section 1985 claim, the Trial Exhibits are likely relevant to showing Defendants' roles in planning, coordinating, and executing the Attack, all of which goes to whether Defendants provided "acts of assistance" or "words of encouragement." *Halberstam*, 705 F.2d at 484. They also may show how Applicants were attacked, the intensity of the Attack, and how the attackers cooperated and were aided and abetted by others present during the Attack, all of which may help substantiate Applicants' claims and inform the discovery strategy in their civil action. *See Collier v. District of Columbia*, 46 F. Supp. 3d 6, 14 (D.D.C. 2014) (assault requires showing "apprehension of harmful or offensive contact and that a reasonable person in his position would have experienced such apprehension"); *District of Columbia v. Chinn*, 839 A.2d 701, 705 (D.C. 2003) (battery requires "proving an 'intentional act that causes harmful or offensive bodily contact'").

8.      Accordingly, the Trial Exhibits are relevant to Applicants' claims in *Smith*.

## STATEMENT OF FACTS

9.      On May 4, 2023, the jury found all Defendants guilty on Count Four of the Third Superseding Indictment, which charged Conspiracy to Prevent Members of Congress or Federal Officers from Discharging Their Duties. Dkt. 804 at 3-4. Specifically, Count Four charged that all

five Defendants knowingly agreed to prevent by force, intimidation, and threat, Members of Congress and law enforcement officers from discharging their duties and to induce them by like means to leave the places where their duties were to be performed. Dkt. 380 at 26.

10.     Applicants' Amended Complaint in their civil action alleges the same conduct by these same Defendants. *See Smith Am. Compl.* at 67, ¶ 168.

11.     The jury further found Defendants Nordean, Biggs, Rehl, and Tarrio guilty of Seditious Conspiracy and Conspiracy to Obstruct an Official Proceeding. *See* Dkt. 804 at 1-3.

12.     Defendants Nordean, Tarrio, Biggs, Rehl, and Pezzola are, respectively, the same Nordean, Tarrio, Biggs, Rehl, and Pezzola who are defendants in *Smith*.

### PRAYER FOR RELIEF

13.     Applicants are entitled to access the Trial Exhibits under both common law and the First Amendment. "The public's right of access to judicial records derives from two independent sources: the common law and the First Amendment." *In re Press Coal.'s Motion for Access to Video Exhibits & to Set Aside Standing Ord. No. 21-28*, No. MC 21-87 (BAH), 2021 WL 2894647, at *4 (D.D.C. July 2, 2021) (citation omitted). Indeed, "[c]rime victims, just like members of the public, have a general, qualified right to inspect and copy public records and documents, including judicial records and documents." *United States v. Moussaoui*, 483 F.3d 220, 234 n.10 (4th Cir. 2007) (quotation omitted).

14.     There is a "strong presumption in favor of public access to judicial proceedings, including judicial records," under common law. *In re Leopold to Unseal Certain Elec. Surveillance Applications & Ords.*, 964 F.3d 1121, 1127 (D.C. Cir. 2020); *see also, e.g.*, *In re Press & Pub. Access to Video Exhibits in Capitol Riot Cases*, No. MC 21-46 (BAH), 2021 WL 1946378, at *4 (D.D.C. May 14, 2021) (video exhibits in Capitol Cases "are undoubtedly judicial records to which

the presumption of public access attaches"). Likewise, "public access to criminal trials forms the core" of the First Amendment right to a public trial in all criminal prosecutions. *In re Press Coal.'s Motion for Access to Video Exhibits & to Set Aside Standing Ord. No. 21-28*, 2021 WL 2894647, at *5 (citation omitted).

15.     That presumption is incontestable where, as here, the requested judicial records were submitted at trial. *See, e.g., Craig v. Harney*, 331 U.S. 367, 374 (1947) ("A trial is a public event. What transpires in the court room is public property."); *In re Time Inc.*, 182 F.3d 270, 271 (4th Cir. 1999) ("A First Amendment right of access applies to a criminal trial, including documents submitted in the course of a trial.").

16.     The public interest in the Trial Exhibits is even greater in this case, which concerns the Attack. Indeed, the Standing Order recognizes the "significant public . . . interest" in the Capitol Cases. Standing Order at 2. The Trial Exhibits "are not just important evidence in individual criminal proceedings but are vital evidence of what happened on January 6 when rioters stormed the U.S. Capitol grounds and building." *In re Press Coal.'s Motion for Access to Video Exhibits & to Set Aside Standing Ord. No. 21-28*, 2021 WL 2894647, at *7.

17.     Thus, this Court has granted non-parties the ability to access and download exhibits in several Capitol Cases. *See* May 23, 2022 Minute Order granting The Press Coalition's 362 Motion to Access Video Exhibits; Minute Order, *United States v. Cua*, No. 21-cr-107 (D.D.C. May 15, 2023) (granting these Applicants' request for trial exhibits); Minute Order granting The Press Coalition's 415 Motion to Access Trial Exhibits, *United States v. Rhodes*, No. 22-cr-00015 (D.D.C. Dec. 12, 2022).

18.     Indeed, the Court in this case already has permitted non-parties to access and download Trial Exhibits that were not restricted by the Court for dissemination, including non-

7

video exhibits. *See* Dkt. 591 at 3 ("[T]he admitting party shall make available to the media at the end of each trial day a copy of any admitted exhibit that has been published to the jury and not restricted by the Court for dissemination").

19.     Accordingly, the requested Trial Exhibits are a matter of public record and should be made readily available to Applicants.

## CONCLUSION

For the foregoing reasons, Applicants request that the Court order the Government to allow Applicants to access and download the Trial Exhibits through an electronic drop box. On May 9, 2023, undersigned counsel contacted counsel for each of the parties in this matter to inquire as to their position on this motion. No party has responded to indicate a position.

Dated: May 23, 2023                    Respectfully submitted,

                                       */s/ Edward G. Caspar*
                                       Edward G. Caspar, D.C. Bar No. 1644168
                                       Lawyers' Committee for Civil Rights Under Law
                                       1500 K St. NW, Suite 900
                                       Washington, DC 20005
                                       (202) 662-8390
                                       ecaspar@lawyerscommittee.org

                                       *Counsel for Applicants*