**Kenerson, Erik (USADC)**

| | |
|---|---|
| **From:** | Norm Pattis |
| **Sent:** | Saturday, April 22, 2023 6:15 PM |
| **To:** | Kenerson, Erik (USADC) |
| **Cc:** | Kelly Chambers; Nicholas Smith; John Daniel Hull; chernan ; hassan Sabino Jauregui; metcal rroots McCullough, Jason (USADC); Moore, Nadia (USADC); Mulroe, Conor (CRM) |
| **Subject:** | [EXTERNAL] Re: Proposed Statements Instruction |

Biggs joins.

Sent from my iPhone

> On Apr 22, 2023, at 5:07 PM, Kenerson, Erik (USADC) <Erik.Kenerson@usdoj.gov> wrote:
>
> Good Evening:
>
> Per the Court's Minute Order from yesterday, below is the proposed statements instruction. Counsel for Rehl and Tarrio have agreed. We do not yet have explicit positions from Biggs, Nordean, or Pezzola.
>
> Please let the parties know if the Court has any questions.
>
> Erik
>
> You have heard evidence about statements made to and by some defendants and other individuals, including social media posts, podcasts, text and Telegram messages. In some instances, I provided you with specific instructions about how you could consider a statement at the time it was introduced. If I did not provide you with a specific instruction, you may consider other statements as follows:
>
> You may consider statements admitted at trial in order to show that the speaker had a certain motive, intent, knowledge, or state of mind. Or, if you find that a defendant saw or heard a statement from a person, you may consider a defendant's reaction or lack of a reaction to the statement. You may use this type of evidence as proof that a conspiracy existed if you find that it is relevant to your consideration of whether a conspiracy existed. However, you may not attribute a statement to a defendant simply because the speaker was a member of the same organization or part of the same chat groups.
>
> The First Amendment of the United States Constitution protects an individual's right to free speech where that free speech does not pose an

1

imminent risk of violence and is not likely to produce such violence. You may not find that a defendant committed a crime or that a conspiracy existed simply because you find that a defendant or other individuals engaged in speech that you may find to be vile, hateful or offensive.