UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA

v.

ETHAN NORDEAN et al.,

*Defendants*.

Criminal Action No. 21-175 (TJK)

### MEMORANDUM ORDER

After the defendants in this case were convicted by a jury of serious crimes relating to the attack on the U.S. Capitol on January 6, 2021—most but not all were convicted of seditious conspiracy—the Court sentenced them to substantial terms of imprisonment followed by supervised release. On January 20, 2025, President Trump commuted most of their sentences to time served, alongside pardoning many others convicted of January 6-related offenses, and they were released from incarceration. Three defendants whose sentences were commuted—Joe Biggs, Zach Rehl and Dominic Pezzola—now move to dismiss the terms of their supervised release. ECF No. 1055. The United States has not weighed in on their request, but it filed a motion seeking similar relief in another case before Judge Mehta. *See United States v. Rhodes III et al.*, No. 22-cr-15, ECF No. 941 (Jan. 24, 2025). For the same reasons explained by Judge Mehta in that case, the Court will also deny these defendants' motion to the extent it seeks "dismissal" of those terms, because their original sentences remain intact despite the commutation. 2025 WL 309111, at *4 (D.D.C. Jan. 27, 2025). Still, as Judge Mehta also clarified, because the Executive Branch has reasonably interpreted the non-custodial portion of their sentences to have been commuted and so will not enforce them, the Court recognizes that these defendants are effectively no longer subject to the court-imposed conditions of supervised release. *Id.* at *3.

Article II of the Constitution gives the President "broad power" to grant federal pardons and commute federal sentences to reduce those punishments. *Schick v. Reed*, 419 U.S. 256, 266 (1974). The President may "commute sentences in whole or in part," *Dennis v. Terris*, 927 F.3d 955, 957–58 (6th Cir. 2019), and thereby "lesse[n] punishment" for the crime of conviction, *Schick*, 419 U.S. at 265 (*Ex parte Wells*, 59 U.S. 307, 315 (1855)). Unless "the commutation itself violates the Constitution," courts may not interfere with it. *Dennis*, 927 F.3d at 959; *see Schick*, 419 U.S. at 264, 266–67. A commutation, despite its effect, not only "leaves the conviction in place," *Rosemond v. Hudgins*, 92 F.4th 518, 525 n.5 (4th Cir. 2024), but it also keeps "intact" the "original judicial sentence," and the defendant "continues to be bound" by it. *Dennis*, 927 F.3d at 958, 960. As Judge Mehta explained in *Rhodes*, a "commutation does not . . . create an 'executive sentence.'" 2025 WL 309111, at *2 (quoting *Andrews v. Warden*, 958 F.3d 1072, 1077 (11th Cir. 2020)). Rather, it merely "abridges the enforcement" of the judicially imposed sentence. *United States v. Benz*, 282 U.S. 304, 311 (1931). So the Court agrees with Judge Mehta that, whatever the effect of President Trump's commutation, the defendants' original sentences, including their terms of supervised release and attendant conditions, "'remain[] intact,'" and thus "'dismiss[ing]' their supervised release terms . . . is not appropriate." *Rhodes*, 2025 WL 309111, at *3.

Still, the question remains whether President Trump's commutation reaches the terms of these defendants' supervised release and thereby "abridges [their] enforcement." *Benz*, 282 U.S. at 311. Again, the Court agrees with Judge Mehta that the Eleventh Circuit's decision in *Andrews* provides a useful analytical template. And applied here, it backs up these defendants' point, also advanced by the United States in *Rhodes*, that the Executive Branch's interpretation of the Proclamation issued by President Trump as extending to the terms of supervised release is reasonable.

The Proclamation states that President Trump "commute[s] the sentences" of these defendants to "time served."[1]  And a "sentence" refers "not only to the term of imprisonment" but "to all sanctions imposed for a crime," including "supervised release." *Andrews*, 958 F.3d at 1080; *see United States v. Haymond*, 588 U.S. 634, 648 (2019) ("[A] term of supervised release . . . constitutes a part of the final sentence[.]").  Unlike "recent clemency" orders, which "have been explicit" about "commut[ing] only the custodial portion of a sentence," President Trump's Proclamation places no such limits on the commutation of the defendants' sentences. *Rhodes*, 2025 WL 309111, at *3.  The "unconditional quality of President Trump's Proclamation thus can reasonably be read to extinguish enforcement of [the defendants'] terms of supervised release." *Id*.

Thus, it is hereby **ORDERED** that the defendants' motion to dismiss the terms of their supervised release, ECF No. 1055, is **DENIED**.  Even so, the Court recognizes that the conditions of supervised release imposed on these defendants will not be enforced because President Trump commutated their sentences, including their terms of supervised release.

                                           /s/ Timothy J. Kelly
                                           TIMOTHY J. KELLY
                                           United States District Judge

Date: January 28, 2025

---

[1] Granting Pardons And Commutation Of Sentences For Certain Offenses Relating To The Events At Or Near The United States Capitol On January 6, 2021 (Jan. 20, 2025), https://www.whitehouse.gov/presidential-actions/2025/01/granting-pardons-and-commutation-of-sentences-for-certain-offenses-relating-to-the-events-at-or-near-the-united-states-capitol-on-january-6-2021/ (last visited Jan. 28, 2025).