**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| **v.** | : | **Case No. 21-CR-175 (TJK)** |
| | : | |
| **JOSEPH BIGGS,** | : | |
| **ZACHARY REHL, and** | : | |
| **DOMINIC PEZZOLA,** | : | |
| | : | |
| **Defendants.** | : | |

<u>**GOVERNMENT'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS CASE**</u>
<u>**DUE TO PROSECUTORIAL AND OUTRAGEOUS GOVERNMENT MISCONDUCT**</u>

The United States respectfully submits this opposition to defendants' motions to dismiss their cases with prejudice on the grounds of "outrageous government misconduct and extreme prosecutorial misconduct." ECF 1066 at 1. Defendants' motion is premised on a misunderstanding of the posture of these cases before the court of appeals. The President of the United States did not pardon these three defendants; he merely commuted their sentences. The President did pardon codefendant Enrique Tarrio, and the court of appeals therefore returned the mandate to the District Court in Tarrio's case – and Tarrio's case alone – and directed the District Court to dismiss Tarrio's case as moot. Because this Court does not have jurisdiction over Defendant Biggs, Rehl, and Pezzola's cases, their motion should be denied as moot.

Defendants Biggs, Rehl, Pezzola were charged by Indictment,[1] along with several alleged co-conspirators, with offenses related to their role in a conspiracy with other members and

---

[1] Defendant Biggs was originally charged by complaint on January 19, 2021. ECF No. 1. Defendant Biggs and Rehl were first indicted on March 10, 2021. ECF No. 26. Defendant Pezzola was initially charged by complaint as reflected in Criminal Case 21-cr-52 (TJK), ECF 1. All three

affiliates of the Proud Boys to breach the United States Capitol and stop Congress from certifying the 2020 presidential election on January 6, 2021. Specifically, on June 6, 2022, the defendants and their co-defendants were charged by indictment with Count One, seditious conspiracy in violation of 18 U.S.C. § 2384; Count Two, conspiracy to obstruct an official proceeding, in violation of 18 U.S.C. § 1512(k); Count Three, obstruction of an official proceeding, in violation of 18 U.S.C. 1512(c)(2); Count Four, conspiracy to use force, intimidation, or threats to prevent officers of the United States from discharging their duties, in violation of 18 U.S.C. § 371; Count Five, interference with law enforcement officers during a civil disorder, in violation of 18 U.S.C. § 231(a)(3); Counts Six and Seven, destruction of federal property, in violation of 18 U.S.C. § 1361; and Count Nine, assaulting federal officers, in violation of 18 U.S.C. § 111(a)(1). ECF No. 380. Defendant Pezzola was also charged with Count 10, robbery of personal property of the United States, in violation of 18 U.S.C. § 2112. *Id.*

Trial in this case commenced on December 19, 2022, and concluded on May 4, 2023. Defendants Nordean, Biggs, Rehl, and Tarrio were convicted of Counts 1, 2, 3, 4, 5, and 6. Defendant Pezzola was convicted of Counts 3, 4, 5, 6, 7, 9, and 10. Defendant Biggs was sentenced on August 31, 2023, to 17 years of incarceration and 36 months of supervised release. Defendant Rehl was sentenced on August 31, 2023, to 15 years of incarceration and 36 months of supervised release. Defendant Pezzola was sentenced on September 1, 2023, to 10 years of incarceration and 36 months of supervised release.   Defendant Nordean was sentenced on September 1, 2023, to 18 years of incarceration and 36 months of supervised release.   And defendant Tarrio was sentenced on September 5, 2023, to 22 years of incarceration and 36 months of supervised release.

---

defendants were indicted on March 7, 2022. ECF No. 305. That indictment was superseded on June 6, 2022, as described below.

Thereafter, each defendant noticed an appeal. *See* ECF 890, 892, 895, 896, and 900. Defendants' cases were promptly transmitted to the court of appeals, where they were docketed as Case Nos. 23-3159 (Nordean), 23-3160 (Pezzola), 23-3161 (Biggs), 23-3162 (Rehl), and 21-3165 (Tarrio). These five appeals were consolidated by the court of appeals under Case No. 23-3159 (Nordean). The government noticed a cross appeal on October 16, 2023, which was docketed by the court of appeals as 23-3192 through 23-3196. On October 19, 2023, the court of appeals also consolidated the government's cross appeals under Case No. 23-3159. A joint briefing schedule was set by the court of appeals on December 18, 2024.

On January 20, 2025, the President issued the Executive Order entitled, "Granting Pardons and Commutation of Sentences for Certain Offenses Relating to the Events at Or Near the United States Capitol on January 6, 2021." By that Order, the President commuted the sentences of the defendants Nordean, Biggs, Rehl, and Pezzola to time served as of January 20, 2025. By contrast, Enrique Tarrio was granted a full, complete, and unconditional pardon for his convictions related to events that occurred at or near the United States Capitol on January 6, 2021.

Thereafter, the government moved on January 23, 2025, to vacate defendant Tarrio's convictions and to remand the case to the district court for dismissal under Federal Rule of Criminal Procedure 48(a). On February 4, 2025, the court of appeals vacated the judgement of the district court in Case No. 23-3165 and remanded the case to the district court with orders to dismiss it as moot. The court of appeals further ordered the consolidation of Tarrio's appeal with the appeals of his codefendants be terminated as moot.[2]

---

[2] On January 23, 2025, the government also moved to dismiss the government's cross appeals; this motion was granted by the court of appeals on January 28, 2025.

Thereafter, the mandate for Tarrio's case was returned to the district court. On February 7, 2025, Judge Kelly dismissed the case against Enrique Tarrio as moot. The court properly did not dismiss the remaining cases against defendants Nordean, Biggs, Rehl, and Pezzola.

On March 6, 2025, Attorney Roger Roots filed notices to appear on behalf of defendants Biggs and Rehl (Attorney Roots represented Dominic Pezzola beginning in January 2023, together with Attorney Steven Metcalf). ECF Nos. 638, 1064, and 1065. On that same day, he filed the Motion to Dismiss Case with Prejudice Due to Prosecutorial Misconduct and Outrageous Government Conduct. ECF 1066.

This Court lacks jurisdiction to consider this motion. "The filing of a notice of appeal is an event of jurisdictional significance -- it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982); *see, e.g., United States v. Hallford*, 816 F.3d 850, 855 n.4 (D.C. Cir. 2016) (quoting same). "The district court does not regain jurisdiction over those issues until the court of appeals issues its mandate." *United States v. DeFries*, 129 F.3d 1293, 1302 (D.C. Cir. 1997). Here, the court of appeals has issued a mandate returning jurisdiction to the district court only with respect to Tarrio. Because this Court lacks jurisdiction with respect to Defendants Biggs, Rehl, and Pezzola, this motion must be denied. *See DeFries*, 129 F.3d at 1303 ("Because 'jurisdiction is the power to act,' it is essential that well-defined, predictable rules identify which court has that power at any given time.") (*quoting Kusay v. United States*, 62 F.3d 192, 194 (7th Cir. 1995)); *see also United States v. Anderson*, 545 F.3d

4

1072, 1080 n.8 (D.C. Cir. 2008) (vacating order reducing defendant's sentence entered after defendant noticed an appeal).[3]

 For the reasons set forth above, the government asks this Court to deny defendants' motion to dismiss as moot because this Court lacks jurisdiction to consider it.

     Respectfully Submitted,


     EDWARD R. MARTIN, JR.
     United States Attorney
     D.C. Bar No. 481866

By:  */s/ Jocelyn Ballantine*
     JOCELYN BALLANTINE, CA Bar No. 208267
     Assistant United States Attorney
     601 D Street NW
     Washington, D.C. 20530
     (202) 252-7252
     Jocelyn.Ballantine2@usdoj.gov

---

[3] Defendants argue that their cases should be dismissed due to "prosecutorial misconduct, fundamental injustice, and actual innocence." ECF 1066 at 2. Defendants further claim that their cases were marred by "egregious government conduct, violating fundamental fairness and due process." *Id.* None of the claims raised by in this motion are new (*see, e.g.* ECF Nos. 648, 660, 673, 686, 734, and 748). Indeed, over the course of five months of trial, spanning approximately 20,000 transcript pages, all of the issues raised in defendants' motion to dismiss were extensively litigated before -- and denied by -- this honorable Court. Those rulings can be challenged by these defendants on appeal if they so choose. The government denies, as it did at trial, the allegations raised in this motion.